Raymond P. Hayden
John Eric Olson
Anthony J. Pruzinsky
Thomas E. Willoughby
Lauren E. Komsa
Hill Rivkins LLP
Attorneys for Claimants
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11.CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA", AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM LIMITATION OF LIABILITY<br><br>Plaintiffs, | Index No.:<br>12-Civ.-08892 (TPG)<br><br><br>FIRST AMENDED CLAIM AND ANSWER TO COMPLAINT |

The Claimants herein, RLI Corporation, Senator International Ocean LLC,  Plastic Omnium Automotive Exterior, Borbet,  Alcan Automotive LLC, IAC Spartanburg, Behr Industries, Mubea Inc., Carcoustics USA, Lear Corporation, Magna Exteriors and Interiors Proper Polymers, Excell USA Inc., TI Automotive, Draeklmaier Automotive America,  BMW Group Plan 2.7, BMW AG Werk 2.7, Gulbrandsen Chemicals Inc., Novozymes, Newport Tank Containers Inc., Huntsman Petrochemical LLC, Huntsman Holland B.V, Deltech Corporation, Deltech Europe Ltd., Nuco Logistics, Inc., Arr-Maz Custom Chemicals Inc., Triple F Logistics B.V., Cray Valley USA Inc., CJ Hendricks B.V., The Lubrizoil Corporation, Lubrizoil France SA, Bercen Inc.,  Sellukem AB, Trouw Nutrition USA LLC, Trouw International Hellas S.A., Chemtura Corporation,  Bulkhaul (USA) Inc., ADPO NV, Chemtura Italy S.R.L., Bulkhaul

Limited, National Union Fire Insurance Company of Pittsburgh, PA, Chartis Seguros Mexico,

S.A. de CV, , AMI Trading (USA), Inc., Jewometaal  Stainless Processing, Arubis AG,

Nonghyup Bank, Shandong Jinsheng Non-Ferrous Group Co., Ltd., Armstrong World Industries

Inc., Expeditors MCO, Armstrong World Industries Inc.,  Expeditors International (UK) Ltd.,

Atlas Van Lines International,  Oceanic Container Line, Inc.,  Oceanic Shipping & Transport

GmbH, Lager, Cooper Tire & Rubber Company, Cooper Tire & Rubber Company Europe Ltd.,

Panalpina Inc., Panalpina World Transport Ltd., Coty Geneva S.A., Coty US LLC, Cray Valley

USA LLC, Kinetsu World Express (USA) Inc., Environmental Express Inc., Metlab Supplies

Ltd., DHL Global Forwarding , Firestone Building Products Co., Weihag GmbH, Bridgewell

Resources LLC, Nippon Denko Company Ltd., Quiborax S.A., Special Metals Welding Products

Company, Precision Castparts, Equipos Nuclears SA, Magnelec S.A. de C.V., Veitsch Radex

GmbH & Co. OG,  Viscofan USA Inc., OOO Procasing, Taminco, Inc., United Transport Tank

Containers, United Transport Tank Containers B.V., 3M Belgium, N.V, Interbulk (Tank

Containers) Ltd., Nufarm UK Ltd., Butachimie, SKF de Mexico, S.A de C.V, SKF GMBH, UAB

NEO Group, Productora De Tereftalatos de Altamira S.A. De C.V, EPU Service Center, NEK,

Schlumberger Technology Corporation, Terza S.A de C.V., Galleon International Freight

Service, Stolt Tank Conatiners France SAS, Stolt Tank Containers BV, Stolt Nielsen USA, Inc.,

Stolt Tank Containers Germany GMBH, Groupement Ivorien D'Industrie ET, Total

Petrochemicals & Refining USA, Inc., AGCS Marine Insurance Company, Rockwood Holdings,

Inc., Rockwood Lithium, Inc., Bulkhaul (USA) Inc., Bulkhaul UK Ltd., Chemetall GmbH,

Volkswagen Group of America, Inc., Zenda Dienstleinstungen GmbH, Rudolph Logistik

Gruppe, GmbH, Volswagenwerk AG, Baillie Lumber Sales Co., Baillie Lumber Co., Trinseo

Materials Operating S.C.A, Styron, LLC, Styron Europe GmbH, Industrias John Deere SA de

C.V., Wayand GmbH, John Deere International GmbH, Dosecc Exploration Services, LLC,
Global Logistics Shipping Inc., Hydrobiological Institute-Ohrid, Rayonier, Inc., SE Tylose
GmbH & Co. KG, Vopak Agencies Rotterdam B.V., Dow Chemical Company, Dow Europe
GmbH, Bank of Boroda, BDP International NV, Angus Chemie GmbH, Amerchol Corporation,
Estee Lauder, Inoac Polytec de Mexico, Whitman Laboratories Ltd., Unitrans P.R.A. Company,
Inc., FT&T Consulting, Grand Medical Group, Dart Containers FCA Bahamas, Polymers
International Limited, Surrey Europe SARL, Red Square Corporation, Nomad Brands, Inc., LLC
"TLC", NCR Nederland, NCR SDC, NCR Global Solutions Ltd., Gaylord Chemical Co. LLC.,
IMCD Benelux N.V., IMCD Switzerland AG, ICC Chemical Corporation, Fleur de Lis
Worldwide, LLC, State Bank of India, MTS Logistics, Inc., OOO Pioneer Trade, Kotak
Mahindra Bank Ltd., Pioneer Polyleathers PVT Ltd., Parmar International PVT, Ltd.,
International Commodities Inc., Arubis Belgium NVSA, Tyco International Ltd., Ocean World
Lines Inc., OWL Belgium, Honeywell International Inc., E Rigas SA, Anheuser-Busch
International Inc., Anheuser-Busch Inbev NV, Arkema, Inc., Pfauth Logistiek Diensyverl,
Arkema Vlissingen BV, PJ Lumber Company, Lathams Limited, Ramsay Timber, Junkers
Industrier A/S, Danzer UK Ltd., Hardwood Dimensions Ltd., Timber Connections Ltd., Tzeng
Long USA, Inc., RockTenn CP, LLC, Cheng Loong Corporation, Indemnity Insurance Company
of North America, Ace European Group Ltd., Ace Seguros S.A,   Argus Limited, GrafTech
Swtizerland SA, Network America Lines, Graftech Mexico, Brokmak OU, Graftech Frances
SNC, Arcelomittal, SNF Holdings, Flomin, Inc., SNF Saint Avold, SNF SAS, Roam Global
Logistics LLC, Tetra Technologies Norge, Milliken & Co., Ahlers EDC, Eastman Chemical
Company, Steinweg-Handelsveem, CISC Ligget-Ducat, British American Tobacco PLC, LLC
PetroResurs, United Transport Tankcontainers BV, General Mills UK, Ayecue Internacional

S.L.U., C.H. Robinson International Inc., C.H. Robinson Poland S.P. ZO.O, Line X Acquisition LLC, Clariant Corporation, Panalpina, Inc., Potter Group, Ltd., Clariant Production UK Ltd., Panalpina World Transport Ltd., Ecolab, Inc., Nalco Company, Rauan Nalco LLC, Mexpack International Movers S.A. de C., Mueller Water Products, Inc., RIM Logistics, Ltd., VCK Rotterdam BV, Protim Solignum Ltd., GP Cellulose GmbH, GP Harmon Recycling LLC, Suttons International, Centre Point JB Nagar, Unicharm Corporation, The Procter & Gamble Company, Westerlund, Societe Industrielle De Papeterie, Farmeko, Liberty International Underwriters,  Huntsman Corporation, Johann Haltermann Ltd., Monument Chemical BVBA, Copperweld Bimetallics LLC, Red Electrica de Espana, The Continental Insurance Company, Toyo Cotton Co., Fiber Source International Corp., Asya Kagit Matbaa Gida Ve, Tekstil Santic AS, Stemaco USA Inc., State Bank of Hyderabad, SB Enterprises, JA LaCour Company, Giorgio Gori USA Inc., Danzer UK Ltd., CNA Metals Limited, Thai Nguyen Iron and Steel Joint Stock Corporation, Oceanic Logistics Inc., Axis Bank Ltd., ExxonMobil Chemical Company, Advanced Elastomer Systems Ltd., ExxonMobil Specialty Elastomers, ExxonMobil Petroleum & Chemical Holdings Inc., Mobil Chemical Products International, Esso Societe Anonyme Francaise, ExxonMobil Chemical Films, ExxonMobil Chemical Films Europe, Emeraude International SAS, XL Specialty Insurance Company, Cabot Corporation, Kansai Nerolac Ltd. Bilakhia House, Tokio Marine & Nichido Fire Insurance Co. Ltd.,  Shintech, Inc., Klockner Pentaplast, Mitsubishi Corporation, Agrinorte S.A., Itochu Plastics PTE Ltd., Unitcargo Container Line, Holzextroplast OOO, Aspen American Insurance Company, Inter-Trans Insurance, Raif Coskun Caglar, Rainier Overseas Movers Inc., Vinmar International Limited, Tricon Dry Chemicals LLC, MTS Logistics Inc.,  MTS Lojistik Ve Tasimacilik Hizmetleri TIC A.S., Elite House LLP, Taloox Group LLC, Ocean World Lines Inc., Trinity Industries Inc.,

Allseas Global Logistics, Hill & Smith Ltd., Oceanic Container Line Inc., Formosa Plastics Corporation, TCR Plastics, Apiexport S.A. De CV, Lamex Foods UK, Multienlaces De Transportes Internacionales SA De CV, Banks and Lloyd (Shipping) Ltd., Great American Insurance Company, Al Ahlia Insurance, NipponKoa Insurance (Europe), ProSight Specialty Insurance, Classic American Hardwoods, Carolina Ocean Lines, Timber Connection, Palmer Timber, Naddi Motors, Link Lines Logistics, Inc., GoLink Ltd., Hanna Motors, Society A-N Auto Import Export, JF Hillebrand Mexico SA, Bahrain Maritime & Mercantile International, Wisco Espanola SA, Ivan Luna Segura, Wisco Espanola SA, Carolinas Cotton Growers Coop., HSBC Bank, Starr Indemnity & Liability Company, American Hardwood Industries, LLC. Tradelanes, Inc., Caterpillar Inc., Caterpillar SARL, Eneria S.A.S., Zeppelin Power Systems GmbH, Zeppelin Baumaschinen GmbH, Pon Power AS, Finning (U.K.) Ltd., Cargo Partner AG, Caterpillar Marine Power (UK) Ltd., Esco Corporation, Kamin LLC, Omya AB, Schuite & Schuite Druckfarben GmbH, Omya GmbH, Kansai Altan Boya Sanayi Ve Ticaret AS, Prochem AG, OOO Omya Ural, Blagden Specialty Chemicals Ltd., Stanley Black & Decker Inc., Stanley Logistics Centre, Black & Decker Limited SARL, Expeditors International, DSV Air & Sea Inc., DSV Air & Sea Ltd., Weatherford International Inc., Sabic Innovative US, Sabic Innovative Plastics BV, Sabic Innovative Plastics India PVT Ltd., Sabic Innovative Plastics Mexico, Cummins Inc., Ceva Freight Management (Mexico), CWL Mexico S De RL, Ceva Freight (UK) Ltd., Crane Worldwide (UK) Ltd., by their attorneys, Hill Rivkins LLP, as and for its First Amended Claim and Answer to the Complaint of Conti 11. Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as Owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG, allege upon information and belief:

**FIRST:**        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**SECOND:**        At and during all times hereinafter mentioned, Claimants had and now have the legal status and principal offices and places of business stated in Attachments A- N hereto annexed and by this reference made a part hereof.  Claimants are the shippers, consignees, owners or insurers of certain cargoes lately laden aboard the captioned vessel, which may have been partially or totally damaged and who have been called upon by defendant vessel interests to guarantee salvage claims and General Average expenses which may be assessed if said cargoes have not been totally destroyed.

**THIRD:**        At and during all the times hereinafter mentioned, Plaintiff, Conti 11. Container Schiffahrts-GmbH & CO. KG  MS "MSC FLAMINIA" was and now is a foreign corporation duly organized and existing under the laws of Germany with a place of business c/o Conti Reederei Management GmbH & Co. Konzeptions KG, Paul Wasserman- Str. 5, 81829 Munich, Germany, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered or controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

**FOURTH:**        At and during all times hereinafter mentioned, Plaintiff NSB Niederelbe Schiffahrts Gesellschaft mbH & CO. KG, was and now is a corporation duly organized and existing under and by virtue of the laws of Germany with an office and place of business c/o NSB USA, 19059 Greeno Rd., Hwy. 98, Fairhope, Alabama 36532, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered or controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

**FIFTH:**     On or about the date and at the port of shipment stated in Attachments A-N , there was delivered to the vessel and Plaintiffs in good order and condition the shipments described in Attachments A- N, which the said vessel and Plaintiffs received, accepted and agreed to transport for certain consideration to the port of destination stated in Attachments A-N.

**SIXTH:**     Since then, the cargo has not been delivered in the same good order and condition in which it was received and Claimant have been called upon by Plaintiffs to guarantee salvage claims and alleged General Average expenses.

**SEVENTH:**   Plaintiffs, by reason of the premises, breached their duties to the Claimants as common carriers by water for hire and were otherwise at fault.

**EIGHTH:**     Claimants were the shippers, consignees, owners or insurers or otherwise had a proprietary interest of and in the cargoes as described in Attachments A - N , and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Claimants are entitled to maintain this action.

**NINTH:**     Claimants have duly performed all duties and obligations on their part to be performed.

**TENTH:**     By reason of the premises, Claimants have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $39,618,972.5, in addition to salvage and General Average expenses.

**W H E R E F O R E**, Claimants demand judgment against Plaintiffs and the "MSC FLAMINIA" as follows:

1. In the amount of Claimants' claims, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

2. Indemnity or contribution for any and all salvage, general average and/or other special charges which Claimants are or may become liable for, together with interest thereon and costs and disbursements, and

3. Granting such other and further relief as the Court seems just and proper.

## ANSWER OF CLAIMANTS

1.      Claimants admit the allegations in paragraphs 1, 2, 12, 13, 14 and 24 of the Complaint.

2.      Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 22, and 23 of the Complaint.

3.      To the extent that paragraphs 6, 15, 16, 25 and 26 of the Complaint assert legal argument, no response is required of Claimants.

4.      Claimants otherwise deny the allegations in paragraphs 6, 15, 16, 25 and 26 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, *inter alia*, such amount does not adequately reflect the value of the MSC FLAMINIA together with pending freight.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, *inter alia*, such amount is inadequate to secure the Plaintiffs' liabilities and obligations to Claimants herein and other Cargo Claimants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The carriage of Claimants' cargoes aboard the Plaintiff MSC FLAMINIA was subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The loss of and/or damage to Claimants' cargoes were caused in whole or in part by the Plaintiffs' negligent and/or willful breaches of the aforesaid contracts.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Prior to, and at all times referenced in the Complaint, Plaintiffs failed to exercise due diligence to make the MSC FLAMINIA seaworthy. The MSC FLAMINIA was at all relevant times not fit to undertake the service in which she was engaged. The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes were caused in whole or in part by the Plaintiffs' failure to exercise due diligence to make the MSC FLAMINIA seaworthy at the commencement of the voyage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes, as well as the casualty alleged in the Complaint and its *sequellae*, were caused in whole or in part by the fault, design or neglect, or want of care of the Plaintiffs, and/or the MSC FLAMINIA, and/or those in charge of the MSC FLAMINIA, and/or persons for whom Plaintiffs are responsible.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes, as well as the casualty alleged in the Complaint and its *sequellae*, resulted from causes within the privity and knowledge of Plaintiffs, and/or their officers, directors,

managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Plaintiffs.

WHEREFORE, Claimants respectfully request that the Court issue an Order:

1.      Dismissing the Complaint in all respects;

2.      Or in the alternative, directing Plaintiffs to post additional financial security to discharge and secure the Plaintiffs' liabilities and obligations to Claimants herein and other Cargo Claimants;

3.      Or in the further alternative, directing Plaintiffs to post additional financial security sufficient to reflect the actual value of the MSC FLAMINIA together with pending freight;

4.      And in any event, awarding Claimants the full amount of their loss together with the costs and disbursements of this action, and

5.      Granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 5, 2013

                                HILL RIVKINS LLP
                                Attorneys for Claimants


                                By: /s/ Thomas E. Willoughby
                                    Raymond P. Hayden
                                    John Eric Olson
                                    Anthony J. Pruzinsky
                                    Thomas E. Willoughby
                                    45 Broadway, Suite 1500
                                    New York, New York 10006
                                    Tel. (212) 669-0600
                                    Fax. (212) 669-0698

10

TO:    Eugene J. O'Connor
          Timothy Semenoro
          Robert O'Connor
          CHALOS O'CONNOR LLP
          Attorneys for Plaintiffs,
          Conti 11. Container Schiffahrts-GMBH & Co.
          KG MS "MSC FLAMINIA", as owner, and
          NSB Niederelbe Schiffahrtsgesellschaft MBH
          & CO. KG, as operator, of the vessel MSC FLAMINIA
          366 Main Street
          Port Washington, New York 11050
          Tel:  (516) 767-3600
          Fax: (516) 767-3605