Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
Robert E. O'Connor (RO 1789)
CHALOS O'CONNOR, LLP
366 Main Street
Port Washington, New York  11050
Phone: (516) 767-3600
Fax:    (516) 767-3605

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11. CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA," AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No.: 12 Civ. 8892 (TPG)  REPLY TO TROUW CLAIMANTS FIRST AMENDED CLAIM AND ANSWER TO COMPLAINT |

                       Plaintiffs.
------------------------------------------------------------------------X

Plaintiffs Conti 11 Container Schiffahrts GmbH & Co. KG MS "MSC FLAMINIA" (hereinafter "Conti") and NSB Neiderelbe Schiffahrtsgesellschaft mbH & Co. KG (hereinafter "NSB"), by their attorneys, Chalos O'Connor, LLP, for their Reply to Claimants RLI Corporation, Senator International Ocean LLC, Plastic Omnium Automotive Exterior, Borbet, Alcan Automotive LLC, IAC Spartanburg, Behr Industries, Mubea Inc., Carcoustics USA, Lear Corporation, Magna Exteriors and Interiors Proper Polymers, Excell USA Inc., TI Automotive, Draeklmaier Automotive America, BMW Group Plan 2.7, BMW AG Werk 2.7, Gulbrandsen Chemicals Inc., Novozymes, Newport Tank Containers Inc., Huntsman Petrochemical LLC, Huntsman Holland B.V, Deltech Corporation, Deltech Europe Ltd., Nuco Logistics, Inc., Arr-Maz Custom Chemicals Inc., Triple F Logistics B.V., Cray Valley USA Inc., CJ Hendricks B.V., The Lubrizoil Corporation, Lubrizoil France SA, Bercen Inc., Sellukem AB,

Trouw Nutrition USA LLC, Trouw International Hellas S.A., Chemtura Corporation, Bulkhaul (USA) Inc., ADPO NV, Chemtura Italy S.R.L., Bulkhaul Limited, National Union Fire Insurance Company of Pittsburgh, PA, Chartis Seguros Mexico, S.A. de CV, AMI Trading (USA), Inc., Jewometaal Stainless Processing, Arubis AG, Nonghyup Bank, Shandong Jinsheng Non-Ferrous Group Co., Ltd., Armstrong World Industries Inc., Expeditors MCO, Armstrong World Industries Inc., Expeditors International (UK) Ltd., Atlas Van Lines International, Oceanic Container Line, Inc., Oceanic Shipping & Transport GmbH, Lager, Cooper Tire & Rubber Company, Cooper Tire & Rubber Company Europe Ltd., Panalpina Inc., Panalpina World Transport Ltd., Coty Geneva S.A., Coty US LLC, Cray Valley USA LLC, Kinetsu World Express (USA) Inc., Environmental Express Inc., Metlab Supplies Ltd., DHL Global Forwarding , Firestone Building Products Co., Weihag GmbH, Bridgewell Resources LLC, Nippon Denko Company Ltd., Quiborax S.A., Special Metals Welding Products Company, Precision Castparts, Equipos Nuclears SA, Magnelec S.A. de C.V., Veitsch Radex GmbH & Co. OG, Viscofan USA Inc., OOO Procasing, Taminco, Inc., United Transport Tank Containers, United Transport Tank Containers B.V., 3M Belgium, N.V, Interbulk (Tank Containers) Ltd., Nufarm UK Ltd., Butachimie, SKF de Mexico, S.A de C.V, SKF GMBH, UAB NEO Group, Productora De Tereftalatos de Altamira S.A. De C.V, EPU Service Center, NEK, Schlumberger Technology Corporation, Terza S.A de C.V., Galleon International Freight Service, Stolt Tank Conatiners France SAS, Stolt Tank Containers BV, Stolt Nielsen USA, Inc., Stolt Tank Containers Germany GMBH, Groupement Ivorien D'Industrie ET, Total Petrochemicals & Refining USA, Inc., AGCS Marine Insurance Company, Rockwood Holdings, Inc., Rockwood Lithium, Inc., Bulkhaul (USA) Inc., Bulkhaul UK Ltd., Chemetall GmbH, Volkswagen Group of America, Inc., Zenda Dienstleinstungen GmbH, Rudolph Logistik Gruppe, GmbH, Volswagenwerk AG,

Baillie Lumber Sales Co., Baillie Lumber Co., Trinseo Materials Operating S.C.A, Styron, LLC, Styron Europe GmbH, Industrias John Deere SA de C.V., Wayand GmbH, John Deere International GmbH, Dosecc Exploration Services, LLC, Global Logistics Shipping Inc., Hydrobiological Institute-Ohrid, Rayonier, Inc., SE Tylose GmbH & Co. KG, Vopak Agencies Rotterdam B.V., Dow Chemical Company, Dow Europe GmbH, Bank of Boroda, BDP International NV, Angus Chemie GmbH, Amerchol Corporation, Estee Lauder, Inoac Polytec de Mexico, Whitman Laboratories Ltd., Unitrans P.R.A. Company, Inc., FT&T Consulting, Grand Medical Group, Dart Containers FCA Bahamas, Polymers International Limited, Surrey Europe SARL, Red Square Corporation, Nomad Brands, Inc., LLC "TLC", NCR Nederland, NCR SDC, NCR Global Solutions Ltd., Gaylord Chemical Co. LLC., IMCD Benelux N.V., IMCD Switzerland AG, ICC Chemical Corporation, Fleur de Lis Worldwide, LLC, State Bank of India, MTS Logistics, Inc., OOO Pioneer Trade, Kotak Mahindra Bank Ltd., Pioneer Polyleathers PVT Ltd., Parmar International PVT, Ltd., International Commodities Inc., Arubis Belgium NVSA, Tyco International Ltd., Ocean World Lines Inc., OWL Belgium, Honeywell International Inc., E Rigas SA, Anheuser-Busch International Inc., Anheuser-Busch Inbev NV, Arkema, Inc., Pfauth Logistiek Diensyverl, Arkema Vlissingen BV, PJ Lumber Company, Lathams Limited, Ramsay Timber, Junkers Industrier A/S, Danzer UK Ltd., Hardwood Dimensions Ltd., Timber Connections Ltd., Tzeng Long USA, Inc., RockTenn CP, LLC, Cheng Loong Corporation, Indemnity Insurance Company of North America, Ace European Group Ltd., Ace Seguros S.A, Argus Limited, GrafTech Swtizerland SA, Network America Lines, Graftech Mexico, Brokmak OU, Graftech Frances SNC, Arcelomittal, SNF Holdings, Flomin, Inc., SNF Saint Avold, SNF SAS, Roam Global Logistics LLC, Tetra Technologies Norge, Milliken & Co., Ahlers EDC, Eastman Chemical Company, Steinweg-Handelsveem, CISC Ligget-Ducat, British American

Tobacco PLC, LLC PetroResurs, United Transport Tankcontainers BV, General Mills UK, Ayecue Internacional S.L.U., C.H. Robinson International Inc., C.H. Robinson Poland S.P. ZO.O, Line X Acquisition LLC, Clariant Corporation, Panalpina, Inc., Potter Group, Ltd., Clariant Production UK Ltd., Panalpina World Transport Ltd., Ecolab, Inc., Nalco Company, Rauan Nalco LLC, Mexpack International Movers S.A. de C., Mueller Water Products, Inc., RIM Logistics, Ltd., VCK Rotterdam BV, Protim Solignum Ltd., GP Cellulose GmbH, GP Harmon Recycling LLC, Suttons International, Centre Point JB Nagar, Unicharm Corporation, The Procter & Gamble Company, Westerlund, Societe Industrielle De Papeterie, Farmeko, Liberty International Underwriters, Huntsman Corporation, Johann Haltermann Ltd., Monument Chemical BVBA, Copperweld Bimetallics LLC, Red Electrica de Espana, The Continental Insurance Company, Toyo Cotton Co., Fiber Source International Corp., Asya Kagit Matbaa Gida Ve, Tekstil Santic AS, Stemaco USA Inc., State Bank of Hyderabad, SB Enterprises, JA LaCour Company, Giorgio Gori USA Inc., Danzer UK Ltd., CNA Metals Limited, Thai Nguyen Iron and Steel Joint Stock Corporation, Oceanic Logistics Inc., Axis Bank Ltd., ExxonMobil Chemical Company, Advanced Elastomer Systems Ltd., ExxonMobil Specialty Elastomers, ExxonMobil Petroleum & Chemical Holdings Inc., Mobil Chemical Products International, Esso Societe Anonyme Francaise, ExxonMobil Chemical Films, ExxonMobil Chemical Films Europe, Emeraude International SAS, XL Specialty Insurance Company, Cabot Corporation, Kansai Nerolac Ltd. Bilakhia House, Tokio Marine & Nichido Fire Insurance Co. Ltd., Shintech, Inc., Klockner Pentaplast, Mitsubishi Corporation, Agrinorte S.A., Itochu Plastics PTE Ltd., Unitcargo Container Line, Holzextroplast OOO, Aspen American Insurance Company, Inter-Trans Insurance, Raif Coskun Caglar, Rainier Overseas Movers Inc., Vinmar International Limited, Tricon Dry Chemicals LLC, MTS Logistics Inc., MTS Lojistik Ve Tasimacilik

Hizmetleri TIC A.S., Elite House LLP, Taloox Group LLC, Ocean World Lines Inc., Trinity Industries Inc., Allseas Global Logistics, Hill & Smith Ltd., Oceanic Container Line Inc., Formosa Plastics Corporation, TCR Plastics, Apiexport S.A. De CV, Lamex Foods UK, Multienlaces De Transportes Internacionales SA De CV, Banks and Lloyd (Shipping) Ltd., Great American Insurance Company, Al Ahlia Insurance, NipponKoa Insurance (Europe), ProSight Specialty Insurance, Classic American Hardwoods, Carolina Ocean Lines, Timber Connection, Palmer Timber, Naddi Motors, Link Lines Logistics, Inc., GoLink Ltd., Hanna Motors, Society A-N Auto Import Export, JF Hillebrand Mexico SA, Bahrain Maritime & Mercantile International, Wisco Espanola SA, Ivan Luna Segura, Wisco Espanola SA, Carolinas Cotton Growers Coop., HSBC Bank, Starr Indemnity & Liability Company, American Hardwood Industries, LLC. Tradelanes, Inc., Caterpillar Inc., Caterpillar SARL, Eneria S.A.S., Zeppelin Power Systems GmbH, Zeppelin Baumaschinen GmbH, Pon Power AS, Finning (U.K.) Ltd., Cargo Partner AG, Caterpillar Marine Power (UK) Ltd., Esco Corporation, Kamin LLC, Omya AB, Schuite & Schuite Druckfarben GmbH, Omya GmbH, Kansai Altan Boya Sanayi Ve Ticaret AS, Prochem AG, OOO Omya Ural, Blagden Specialty Chemicals Ltd., Stanley Black & Decker Inc., Stanley Logistics Centre, Black & Decker Limited SARL, Expeditors International, DSV Air & Sea Inc., DSV Air & Sea Ltd., Weatherford International Inc., Sabic Innovative US, Sabic Innovative Plastics BV, Sabic Innovative Plastics India PVT Ltd., Sabic Innovative Plastics Mexico, Cummins Inc., Ceva Freight Management (Mexico), CWL Mexico S De RL, Ceva Freight (UK) Ltd., Crane Worldwide (UK) Ltd.'s (hereinafter, collectively the "Trouw Claimants") First Amended Claim and Answer to Complaint, allege upon information and belief as follows:

1. Admit the allegations contained in First Paragraph of the First Amended Claim and Answer to Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Second Paragraph of the First Amended Claim and Answer to Complaint.

3. Admit that Conti is a foreign business entity with a principal office located at Paul-Wassermann- Straße 5, 81829 Munich, Germany, and is the registered owner of the MSC FLAMINIA; and the MSC FLAMINIA previously operated in a regular liner service between ports in the United States and Europe; but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Third Paragraph of the First Amended Claim and Answer to Complaint.

4. Admit NSB is a foreign business entity with a principal office located at Harburger Straße 47-51, 21614 Buxtehude, Germany, and the operator of the MSC FLAMINIA; and the MSC FLAMINIA previously operated in a regular liner service between ports in the United States and Europe; but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Fourth Paragraph of the First Amended Claim and Answer to Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Fifth Paragraph of the First Amended Claim and Answer to Complaint.

6. Admit that a fire and explosion occurred aboard the MSC FLAMINIA on or about July 14, 2012 in the Atlantic Ocean, subsequently general average was declared and security was demanded pursuant to applicable contracts of carriage, but except as so specifically admitted

herein, deny each and every allegation contained in Sixth Paragraph of the First Amended Claim and Answer to Complaint.

7.Deny each and every allegation contained in Seventh Paragraph of the First Amended Claim and Answer to Complaint.

8.Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Eighth Paragraph of the First Amended Claim and Answer to Complaint.

9.Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Ninth Paragraph of the First Amended Claim and Answer to Complaint.

10.Deny each and every allegation contained in Tenth Paragraph of the First Amended Claim and Answer to Complaint.

## FIRST AFFIRMATIVE DEFENSE

11.Claimant(s) fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12.Claimant(s) lacks standing to assert its claim(s).

## THIRD AFFIRMATIVE DEFENSE

13.Claimant(s) is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

14.If the goods in suit sustained any loss or damage, which is denied, then the Claimant(s) is prohibited from alleging any claim arising in contract, bailment, tort, or otherwise against Defendants Conti and NSB, as "Subcontractors" of the "Carrier," by a covenant not to sue under the terms of the contract of carriage, e.g., Mediterranean Shipping Company, S.A., bill of lading terms and conditions clause 4.2.

**FIFTH AFFIRMATIVE DEFENSE**

15. This Honorable Court lacks subject matter jurisdiction by reason of the Claimants' failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including, but not limited to, the other shippers, load port stevedores, inland truckers and/or rail carriers, any warehousemen, etc.

**SIXTH AFFIRMATIVE DEFENSE**

16. If the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Claimant(s) and/or a third-party and/or their agents.

**SEVENTH AFFIRMATIVE DEFENSE**

17. If the goods in suit were lost and/or damaged, which is denied, Claimant(s) has failed to properly and fully mitigate its alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

18. That the said shipment as described in the First Amended Claim and Answer to Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound. If said shipment was transported on said vessel, then it was subject to the contractual terms and conditions of the aforesaid bills of lading and/or contracts of carriage. Any mis-delivery, non-delivery, non-conformance, shortage, loss and/or damage to the shipment in suit, which is specifically denied, was due to causes for which Plaintiffs Conti and NSB are not liable or responsible by virtue of the provision of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 note (formerly 46 U.S.C. §1300 *et seq.*), 46 U.S.C. §30706, the

U.S. Harter Act, 46 U.S.C. §30501, *et seq.*, the provisions of the said bills of lading, the U.S. general maritime law, applicable foreign law, charter party, and/or fixture agreement.

### NINTH AFFIRMATIVE DEFENSE

19. If the goods in suit were damaged, which is denied, the goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver / consignee as when received by the carrier because Claimant(s) failed to give timely written notice of loss or damage under the agreed provisions of the bill of lading, and under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 3(6) (formerly 46 U.S.C. §1303(6)) and/or the terms of the contract of carriage.

### TENTH AFFIRMATIVE DEFENSE

20. If the goods in suit were damaged, which is denied, then due diligence was exercised on the part of the Plaintiffs Conti and NSB to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of the subject shipment.  Moreover, Plaintiffs Conti and NSB and the vessel are not liable for any loss or damage arising from an act, neglect, or default of the master, mariners, pilots, or servants of the carrier in the navigation or management of the vessel under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(a) (formerly 46 U.S.C. §1304(2)(a)), 46 U.S.C. §30706(a), and/or the terms of the contract of carriage.

**ELEVENTH AFFIRMATIVE DEFENSE**

21.     If the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper or its agents or servants or owner of the goods for which the Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. § 30701 note at Sec. 4(2)(i) (formerly 46 U.S.C. §1304(2)(i)), 46 U.S.C. §30706(b)(7), and/or the terms of the contract of carriage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22.     If the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Defendants Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(m) (formerly 46 U.S.C. §1304(2)(m)), 46 U.S.C. §30706(b)(5), and/or the terms of the contract of carriage.

**FOURTEENTH AFFIRMATIVE DEFENSE**

23.     If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to insufficiency of packaging, or inadequacy of marks, for which Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(n) and (o) (formerly 46 U.S.C. §1304(2)(n) and (o)), 46 U.S.C. §30706(b)(6), and/or the terms of the contract of carriage.

**FIFTEENTH AFFIRMATIVE DEFENSE**

24.     If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to a latent defect of the subject cargo that could not be discovered despite due diligence and for which Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(p) (formerly 46 U.S.C. §1304(2)(p)), and/or the terms of the contract of carriage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

25.     If the goods in suit sustained any loss or damage, which is denied, then such loss or damage resulted from a cause arising without the fault or privity of Plaintiffs Conti and NSB and without the fault or neglect of the agents or servants of the Defendants Conti and NSB, and Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(q) (formerly 46 U.S.C. §1304(2)(q)) and/or the terms of the contract of carriage.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

26.     If the goods in suit sustained any loss or damage, which is denied, then the maximum liability of Plaintiffs Conti and NSB, if any, is $500 per package, or per customary freight unit, under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 4(5) (formerly 46 U.S.C. §1304(5)) and/or the terms of the contract of carriage.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

27.     If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by fire, and Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. § 30701 note at Sec. 4(2)(b) (formerly 46 U.S.C. §1304(2)(b)), the U.S. Fire Statute, 46 U.S.C. §30504, and/or the terms of the contract of carriage.

**NINETIETH AFFIRMATIVE DEFENSE**

28. If the goods in suit sustained any loss or damage, which is denied, then such loss or damage arose or resulted from the negligent manufacture of the goods, the manufacture of unreasonably dangerous goods, breach of implied warranties, negligent misrepresentations concerning the goods, contamination of the goods, and/or failure to properly warn others concerning the dangerous propensities of the goods.

**TWENTIETH AFFIRMATIVE DEFENSE**

29. If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused without privity or knowledge of Plaintiffs Conti and NSB, as "owner." Therefore, if the amount of damages claimed in the Claim(s) exceeds the amount or value of Plaintiffs Conti and NSB's interests, if any, in the MSC FLAMINIA, at the conclusion of the subject voyage, then by reason thereof Plaintiffs Conti and NSB invoke the benefit of the provisions of the U.S. Limitation Act, 46 U.S.C. §30501, *et seq.*, and should there be any liability whatsoever on the part of Plaintiffs Conti and NSB for the claims set forth in the Claims(s) herein, then neither the Claimant(s) nor any other party is entitled to recover damages in any sum in excess of the amount or value of Plaintiffs Conti and NSB's interest, if any, in the MSC FLAMINIA at the conclusion of the voyage upon which subject incident occurred plus any pending freight.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. Plaintiffs Conti and NSB reserve the right to amend their answer to include additional affirmative defenses.

**WHEREFORE**, Plaintiffs Conti and NSB pray:

A.	that judgment be entered in favor of Plaintiffs Conti and NSB against Plaintiff, dismissing the First Amended Claim and Answer to Complaint herein together with the costs and disbursements of this action;

B.	that judgment be entered in favor of Plaintiffs Conti and NSB for such other and further relief as this Court deems just and proper.

Dated:	Port Washington, New York
	February 6, 2013

>	CHALOS O'CONNOR, LLP,
>	Attorneys for Plaintiffs Conti and NSB
>
>	*/s/ Eugene J. O'Connor*
> By:	_____
>	Eugene J. O'Connor (EO 9925)
>	Timothy Semenoro (TS 6847)
>	Robert E. O'Connor (RO 1789)
>	366 Main Street
>	Port Washington, New York 11050
>	Phone: (516) 767-3600
>	Fax:    (516) 767-3605