UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE
COMPLAINT OF CONTI 11.
CONTAINER SCHIFFAHRTS-GMBH &
CO. KG MS "MSC FLAMINIA", AS
OWNER, AND NSB NIEDERELBE
SCHIFFAHRTSGESELLSCHAFT MBH
& CO. KG, AS OPERATOR, OF THE
MSC FLAMINIA FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY,

                    Plaintiffs.

Index No. 12 CIV 8892(TPG)

ANSWER TO
COMPLAINT AND
COUNTERCLAIMS

---

Claimants, BASF Corp., Barex World Trade Corp., Prime Lumber Company, Thiele Kaolin Co., Birdsong Corp., R E Rich Family Holding Company, Dexco Polymers, LP, Eagle Paper Int'l Inc. and KC Int'l herein, by their attorneys, Duane Morris, LLP, as and for their Answer to the Complaint of Conti 11. Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as Owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH &Co. KG, and Counterclaims, allege upon information and belief:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.   Claimants admit the allegations in paragraphs 1, 2, 12, 13, 14 and 24 of the Complaint.

3.   Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 22, and 23 of the Complaint.

4.   Paragraphs 6, 15, 16, 25 and 26 of the Complaint assert legal argument and no response is required of Claimants.

DM1\3743276.1

5. Claimants deny the allegations in paragraphs 6, 15, 16, 25 and 26 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, inter alia, such amount does not adequately reflect the value of the M/V FLAMINIA together with pending freight.

### SECOND AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, inter alia, such amount is inadequate to secure the Plaintiffs' liabilities and obligations to Claimant herein and other Cargo Claimants.

### THIRD AFFIRMATIVE DEFENSE

The carriage of Claimant's cargoes aboard the Plaintiff M/V FLAMINIA was subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The loss of and/or damage to Claimant's cargoes was caused in whole or in part by the Plaintiffs' negligent and/or willful breaches of the aforesaid contracts.

### FOURTH AFFIRMATIVE DEFENSE

Prior to, and at all times referenced in the Complaint, Plaintiffs failed to exercise due diligence to make the M/V FLAMINIA seaworthy. The M/V FLAMINIA was at all relevant times not fit to undertake the service in which it was engaged. The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes were caused in whole or in part by the Plaintiffs' failure to exercise due diligence to make the M/V FLAMINIA seaworthy at the commencement of the voyage.

DM1\3743276.1

## FIFTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes, as well as the casualty alleged in the Complaint and its sequellae, were caused in whole or in part by the fault, design or neglect, or want of care of the Plaintiffs, and/or the M/V FLAMINIA, and/or those in charge of the M/V FLAMINIA, and/or persons for whom Plaintiffs are responsible.

## SIXTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes, as well as the casualty alleged in the Complaint and its sequellae, resulted from causes within the privity and knowledge of Plaintiffs, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Plaintiffs.

## COUNTERCLAIMS

Claimants, by way of Counterclaim against Plaintiffs hereby alleges and says:

1. At and during all times hereinafter mentioned, Claimants had and now have the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof. Claimants are the owners of certain cargo carried aboard the captioned vessel, which was partially or totally damaged and who has been called upon by defendant vessel interests to guarantee salvage claims and General Average expenses for cargoes not totally destroyed.

2. At and during all the times hereinafter mentioned, Plaintiffs had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered or controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

3. On or about the dates in Schedule A, there was delivered to the vessel and Plaintiffs in good order and condition the Claimants' shipments, which the said vessel and Plaintiffs received, accepted and agreed to transport for certain consideration to the port of destination.

4. Since then, the cargo has not been delivered in the same good order and condition in which it was received and Claimant has been called upon by Plaintiffs to guarantee salvage claims and General Average expenses.

5. Plaintiffs, by reason of the premises, breached their duties to the Claimants as common carriers by water for hire and were otherwise at fault.

6. Claimants are the shippers, consignees or owners or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Claimants are entitled to maintain this action.

7. Claimants have duly performed all duties and obligations on its part to be performed.

8. By reason of the premises, Claimants have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amounts of set forth in Schedule A, in addition to salvage, General Average and other expenses.

**WHEREFORE**, Claimants respectfully request that the Court issue an Order:

1. Dismissing the Complaint in all respects;

2. or in the alternative, directing Plaintiffs to post additional financial security to discharge and secure the Plaintiffs' liabilities and obligations to Claimant herein and other Cargo Claimants;

DM1\3743276.1

3. or in the further alternative, directing Plaintiffs to post additional financial security sufficient to reflect the actual value of the M/V FLAMINIA together with pending freight;

4. Awarding Claimants' damages in the amount of Claimants' claims, as it may be proven, together with interest thereon and the costs and disbursements of this action;

5. Awarding Claimants' indemnity or contribution for any and all salvage, general average and/or other special charges and expenses which Claimants are or may become liable for, together with interest thereon;

6. Awarding Claimants the costs and disbursements of their action; and

7. granting such other and further relief as the Court deems just and proper.

Dated: February 26, 2013

DUANE MORRIS LLP

A Delaware Limited Liability Partnership

BY: _____
James W. Carbin, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102-3889
Tel. 973.424.2000
Fax (973) 424-2001
Attorneys for
Eagle Paper Int'l Inc., et al.

TO: Eugene J. O'Connor
Timothy Semenoro
Robert O'Connor
CHALOS O'CONNOR LLP
366 Main Street
Port Washington, New York 11050
Attorneys for Plaintiffs

| | |
|---|---|
| Raymond P. Hayden<br>John Eric Olson<br>Anthony J. Pruzinsky<br>Thomas E. Willoughby<br>Hill Rivkins LLP<br>Attorneys for Claimant,<br>Trouw Nutrition USA, LLC<br>45 Broadway, Suite 1500<br>New York, NY I 0006 | LYONS & FLOOD, LLP<br>65 West 361h Street, th Floor<br>New York, New York 10018<br>(212) 594-2400<br>Attorneys for Defendant<br>MSC MEDITERRANEAN SHIPPING<br>COMPANY S.A. |

## SCHEDULE A

### PLAINTIFFS' SCHEDULE

Plaintiff, Conti 11 Container Schiffahrts-GmbH & CO. KG MS "MSC FLAMINIA" was and now is a foreign corporation duly organized and existing under the laws of Germany with a place of business at c/o Conti Reederei Management GmbH & Co. Konzeptions KG, Paul WassermanStr., 5, 81829 Munich, Germany and doing business within the jurisdiction of this Court.

Plaintiff, NSB Niederelbe Schiffahrts Gesellschaft mbH & CO. KG, was and now is a corporation duly organized and existing under and by virtue of the laws of one of the United States with an office and place of business at c/o NSB USA, 19059 Greeno Rd., Hwy. 98, Fairhope, Alabama 36532 and doing business within the jurisdiction of this Court.

Plaintiff, Mediterranean Shipping Company S.A., was and now is a corporation duly organized and existing under the laws of Switzerland with a place of business at c/o Mediterranean Shipping Company (USA), Inc. 420 Fifth Avenue, New York, New York 10018.

### CLAIMANTS' SCHEDULE

Claimant, BASF Corp., is a corporation duly organized and existing under the laws of one of the United States with a place of business at 100 Campus Drive, Florham Park, NJ 07932 and have a cargo claim value as best as presently be ascertained of $3,532,828.43.

Claimant, Barex World Trade Corp., is a corporation duly organized and existing under the laws of one of the United States with a place of business at 800 Westchester Ave., Suite 330, Rye Brook, NY 10573 and have a cargo claim value as best as presently be ascertained of $986,236.98.

Claimant, Prime Lumber Company, is a corporation duly organized and existing under the laws of one of the United States with a place of business at 7600 East U.S. Hwy. 64, Thomasville, N.C. 27360, and have a cargo claim value as best as presently be ascertained of $24,000.00.

Claimant, Thiele Kaolin Co., is a corporation duly organized and existing under the laws of one of the United States with a place of business at P.O. Box 1056, Sandersville, Georgia 31082 and have a cargo claim value as best as presently be ascertained of $141,432.00.

Claimant, Birdsong Corp., is a corporation duly organized and existing under the laws of one of the United States with a place of business at P.O. BOX 1400, Suffolk, VA 23439 and have a cargo claim value as best as presently be ascertained of $97,936.00.

Claimant, R E Rich Family Holding Company, is a corporation duly organized and existing under the laws of one of the United States with a place of business at One Robert Rich Way, Buffalo, NY 14213 and have a cargo claim value as best as presently be ascertained of $81,087.22.

Claimant, Dexco Polymers, LP is a corporation duly organized and existing under the laws of one of the United States with a place of business at 12012 Wickchester, Suite 280, Houston, TX 77079 and have a cargo claim value as best as presently be ascertained of $613,670.99.

Respondent, Eagle Paper Int'l Inc., is a corporation duly organized and existing under the laws of one of the United States with a place of business at 4912 Rutherford Road, Virginia Beach, VA 23455 and have a cargo claim value as best as presently be ascertained of $20,925.52.

Respondent, KC Int'l, is a corporation duly organized and existing under the laws of one of the United States with a place of business at 1608 Route 88 W, Brick, NJ 08724 and have a cargo claim value as best as presently be ascertained of $17,059.46.