BROWN GAVALAS & FROMM LLP
Attorneys for Claimant
NACA LOGISTICS (USA) INC. d/b/a
VANGUARD LOGISTICS SERVICES d/b/a
DIRECT CONTAINER LINE
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In the Matter of the Complaint of:                Case No.: 12 Civ. 8892 (TPG)

CONTI 11. CONTAINER SCHIFFAHRTS-
GMBH & CO. KG MSC "FLAMINIA," AS
OWNER, AND NSB NIEDERELBE                  **ANSWER AND CLAIM OF**
SCHIFFAHRTSGESELLSCHAFT MBH &              **NACA LOGISTICS (USA) INC. d/b/a**
CO. KG, AS OPERATOR, OF THE MSC            **VANGUARD LOGISTICS SERVICES**
FLAMINIA FOR EXONERATION FROM              **d/b/a DIRECT CONTAINER LINE**
OR LIMITATION OF LIABILITY.
---------------------------------------------------------X

Claimant NACA Logistics (USA) Inc. d/b/a Vanguard Logistics Services d/b/a Direct Container Line ("NACA"), by and through its attorneys, Brown Gavalas & Fromm LLP, as and for its Answer to the Complaint for Exoneration from or Limitation of Liability (the "Complaint") of Conti 11. Container Schiffahrts-GmbH & CO. KG MSC "FLAMINIA" and NSB Niederelbe Schiffahrts-GmbH & CO. KG (together "Petitioners"), hereby states as follows:

1.      The allegations contained in paragraph "1" of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, NACA denies the allegations contained in paragraph "1".

2.      The allegations contained in paragraph "2" of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, NACA denies the allegations contained in paragraph "2".

3. NACA admits that Plaintiff Conti was the registered owner of the MSC FLAMINIA, but except as so admitted, NACA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "3" of the Complaint.

4. NACA admits that Plaintiff NSB was the operator of the MSC FLAMINIA, but except as so admitted, NACA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the Complaint.

5. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. NACA denies the allegations contained in paragraph "6" of the Complaint.

7. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. NACA admits that containers carried aboard the vessel were damaged and/or lost, but except as so admitted NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. NACA denies the allegations contained in paragraph "15" of the Complaint.

16. NACA denies the allegations contained in paragraph "16" of the Complaint.

17. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. The allegations contained in paragraph "23" of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NACA denies the allegations contained in paragraph "23".

24. NACA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. NACA denies the allegations contained in paragraph "25" of the Complaint.

26. NACA denies the allegations contained in paragraph "26" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Prior to and at all times relevant to the Complaint, Petitioners, as owner and/or operator of the Vessel, failed to exercise due diligence to maintain the Vessel in seaworthy condition in all respects; and the Vessel was not in fact tight, staunch, strong, and properly or competently manned, equipped, and supplied, and was not seaworthy and fit and proper for the service in which she was engaged.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Petitioners, as owner and/or operator of the Vessel, are not entitled to either exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, for any and all loss, damage, and/or injury caused by the alleged incident, or done, occasioned, or incurred on the relevant voyage on which the alleged incident occurred, because the unseaworthy condition of the Vessel was within the privity and knowledge of Petitioners.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The alleged occurrence, loss, damages, and/or injuries referred to in the Complaint were caused or contributed to by the negligence of Petitioners in their capacity as owner and/or operator of the Vessel, and/or as a result of Petitioners' violations of applicable federal safety and operating regulations and/or statutes.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The amount of security posted by the Petitioners or on their behalf in this limitation proceeding is neither sufficient nor adequate to properly discharge Petitioners' liabilities and obligations, nor does it reflect the correct values required by law.  This Court should, therefore, strike the Complaint, or failing that, order Petitioners to submit their interests in the Vessel and other property for re-evaluation and thereafter direct that Petitioners file security in an increased amount to cover the claims herein.

## ADDITIONAL AFFIRMATIVE DEFENSES

NACA reserves the right to assert any additional defenses that become apparent during the course of discovery.

## CLAIM

Claimant NACA Logistics (USA) Inc. d/b/a Vanguard Logistics Services d/b/a Direct Container Line ("NACA"), by and through its attorneys, Brown Gavalas & Fromm LLP, as and for its claim against petitioners Conti 11. Container Schiffahrts-GmbH & CO. KG MSC "FLAMINIA" ("Conti") and NSB Niederelbe Schiffahrts-GmbH & CO. KG ("NSB") (together, "Petitioners") of the MSC FLAMINIA (the "Vessel"), hereby alleges as follows:

1. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1333 because this is an admiralty or maritime dispute and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. NACA is a foreign corporation existing under and by virtue of the laws of the State of California with a principal place of business in California.

3. Upon information and belief, Conti is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

4. Upon information and belief, NSB is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

5. Upon information and belief, Conti was at all relevant times the owner and/or operator of the Vessel.

6. Upon information and belief, NSB was at all relevant times the owner and/or operator of the Vessel.

7. NACA is a non-vessel owning common carrier that issued bills of lading for various containers that were shipped aboard the Vessel.

8. Upon information and belief, on or about July 14, 2012, a fire and explosion occurred aboard the Vessel that caused damage to certain containers and cargo aboard the Vessel. As a result of this incident, the Vessel was delayed and re-routed and did not arrive at its intended destination.

9. As non-vessel operating common carrier, NACA issued a bill of lading to Easy Gardener Inc. for a container number MEDU8049740 said to contain 508 packages of Emerald Edge, that was carried aboard the Vessel, and the owner of this cargo may assert a claim against NACA for damage, non-delivery, and/or delay to this cargo. NACA may also be required to pay general average or salvage contributions with respect to the salvage of the container in which the cargo was shipped. At this time, the amount of the potential claim for which NACA may be entitled to indemnity or contribution, and/or will be liable for general average or salvage contributions is unknown, and NACA reserves the right to amend its claim as this information becomes available.

10. Therefore, notwithstanding the absence of any negligence or other wrongful conduct by NACA, parties may assert claims against NACA for property damage,

indemnification and/or contribution as a result of the foregoing.

11. If any loss, damages, and/or injuries resulted from the alleged incident, such loss, damages, and/or injuries were the result of the acts and/or omissions of Petitioners, their agents and/or employees, and/or others, and/or the Vessel, for whose conduct NACA is not responsible.

12. If any verdict or judgment is recovered against NACA for any loss, damages, and/or injuries alleged in the Complaint, such loss, damages, and/or injuries were not the result of any negligent act by NACA, but were instead caused in whole or in part by reason of the negligence, recklessness, breaches, and/or culpable conduct of Petitioners, their agents and/or employees and/or others, and NACA is therefore entitled to dismissal or reduction by contribution or otherwise of any recovery had by any party, in proportion to the culpable conduct attributable to Petitioners, their agents and/or employees and/or others.

13. By reason of the foregoing, if any verdict or judgment is recovered against NACA, then NACA demands contribution from Petitioners, and/or others, in an amount equal to their proportionate share of liability as will be adjudged by the trier of fact.

14. By reason of the foregoing, if any verdict or judgment is recovered against NACA, then NACA is entitled to be indemnified, contractually or otherwise, by Petitioners, their agents and/or employees, and/or others, for the entire amount of any such verdict or judgment recovered against NACA, as well as costs and attorneys' fees in defending the action on behalf of NACA.

**WHEREFORE,** NACA Logistics (USA) Inc. d/b/a Vanguard Logistics Services d/b/a Direct Container Line prays for judgment as follows:

A. Dismissing the Complaint for Exoneration from and Limitation of Liability, with prejudice;

B. Granting NACA's claim and entering judgment in favor of NACA and against Petitioners for any and all loss, damages, and/or injuries, if any, of NACA, as may be finally determined by this Court;

C. Granting NACA full indemnity, contractual or otherwise, from Petitioners for any and all verdicts, judgments, or settlements against NACA arising out of the alleged incident;

D. Granting NACA full contribution from Petitioners for any and all verdicts, judgments, or settlements against Claimants arising out of the alleged incident;

E. Granting NACA its costs, interest, and attorneys' fees; and

F. Granting NACA such further and different relief as the Court deems just and proper.

Dated: New York, New York
April 2, 2013

Respectfully submitted,

BROWN GAVALAS & FROMM LLP
Attorneys for Claimant
NACA LOGISTICS (USA) INC. d/b/a
VANGUARD LOGISTICS SERVICES
d/b/a DIRECT CONTAINER LINE

/s/ Peter Skoufalos
Peter Skoufalos (PS-0105)
Patrick R. O'Mea (PO-0424)
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946