Eugene J. O'Connor
Timothy Semenoro
Robert O'Connor
**CHALOS O'CONNOR LLP**
366 Main Street
Port Washington, New York 11050
Tel.    (516) 767-3600
Fax.    (516) 767-3605

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
IN THE MATTER OF THE COMPLAINT OF　　　　Civil Action No.:
CONTI 11. CONTAINER SCHIFFAHRTS-GMBH　　**12 Civ. 8892 (TPG)**
& CO. KG MS "MSC FLAMINIA,"
AS OWNER, AND NSB NIEDERELBE　　　　　　**CONTI'S**
SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG,　**COUNTERCLAIM**
AS OPERATOR, OF THE MSC FLAMINIA FOR　　**FOR GENERAL**
EXONERATION FROM OR LIMITATION OF　　　　**AVERAGE**
LIABILITY

　　　　　　　　　　　　　　Plaintiffs.

---------------------------------------------------------------- X

　　　　Plaintiffs CONTI 11. CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA" ("Conti"), as owner of the vessel MSC FLAMINIA, by their attorneys, CHALOS O'CONNOR LLP, counterclaims against certain cargo Claimants for their respective General Average contributions, and alleges upon information and belief as follows:

### JURISDICTION, THE PARTIES, AND VENUE

1) This is a case involving a federal statute and subject to the jurisdiction of this court pursuant to 28 U.S.C. § 1331.  This is also a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2) At all relevant times mentioned herein, Plaintiff Conti was and still is a corporation organized and existing under the laws of Germany with a place of business in Germany, and the registered owner of the MSC FLAMINIA.

3) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule A attached hereto and represented by the law firm of Hill Rivkins, LLP, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

4) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule B attached hereto and represented by the law firm of Duane Morris, LLP, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

5) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule C attached hereto and represented by the law firm of Casey & Barnett, LLC, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

6) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule D attached hereto and represented by the law firm of Badiak & Will, LLP, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

7) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule E attached hereto and represented by the law firm of Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

8) At all relevant times mentioned herein, certain cargo claimants, as identified in Schedule F attached hereto and represented by the law firm of Brown Gavalas & Fromm, LLP, were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or were the parties who bore the risk of freight payable in respect of the cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

9) Venue is proper and this Court has jurisdiction over the Claimants on the basis of their systematic and continuous business contacts and presence in the United States and this district, presence of an agent for service of process in this district, and the fact that they voluntarily filed suit against Plaintiff Conti with respect to the subject casualty in this pending action in this district.

## FACTS

10) On or about July 14, 2012, an explosion and fire occurred in the MSC FLAMINIA's number 4 cargo hold and, after attempting to fight an explosion and fire, the crew evacuated the vessel in the Atlantic Ocean approximately 1,000 nautical miles from Land's End, England (hereinafter the "casualty").

11) Several crew members were injured and, three crew members died from injuries sustained during the casualty.

12) Despite the firefighting efforts of the officers and crew, the MSC FLAMINIA suffered significant damage and many containers, were severely damaged and/or lost during the casualty.

13) On or about July 17, 2012, salvors reached the MSC FLAMINIA.

14) General Average was declared on or about August 8, 2012.

15) On or about September 9, 2012, the vessel arrived and was re-delivered by salvors to Plaintiff Conti at Wilhelmshaven, Germany, where certain cargo was discharged and the cause of the an explosion and fire is being investigated.

16) At present, the MSC FLAMINIA is in Romania awaiting further investigations, inspections and repairs.

17) The casualty, and the losses, damages, injuries, and destruction resulting therefrom were not caused or contributed to by any fault, neglect, or want of care or design on the part of the MSC FLAMINIA or those in charge of her, or by Plaintiff Conti, or anyone for whom the Plaintiff may be responsible.

18) The casualty, and the losses, damages, injuries, and destruction resulting therefrom for which claims have been or may be made against Plaintiff Conti and the MSC FLAMINIA, and all other damages in any manner arising out of said explosion and fire, were occasioned and incurred without the privity or knowledge of Plaintiff Conti, or any of their directors, officers, stockholders, or agents, and without the privity or knowledge of the Master of the MSC FLAMINIA, the superintendent, or managing agent of Plaintiff Conti at or prior to the commencement of the voyage.

## **CAUSE OF ACTION FOR GENERAL AVERAGE**

19) The various cargoes described in Schedules A, B, C, and D were transported aboard the MSC FLAMINIA pursuant to contracts of carriage evidenced by certain bills of lading.

20) Pursuant to these bills of lading, in the event of an accident, danger, damage or disaster that prevents the voyage from being completed, the various identified cargo Claimants are obligated to, joint and severally, contribute to the payment of any sacrifices, losses or expenses in General Average as determined by the appointed General Average Adjuster.

21) In addition, General Average is to be adjusted in London pursuant to the York-Antwerp Rules of 1974, as amended in 1990.

22) On or about July 14, 2012, the MSC FLAMINIA suffered an explosion and fire, the vessel was salvaged, and eventually arrived in Germany, where certain cargoes were discharged.

23) As a result of this casualty, the MSC FLAMINIA was heavily damaged and large sums of money were expended in the salvage of the vessel and her cargo.

24) Pursuant to the contracts of carriage and applicable general maritime law, General Average was declared and various parties, including the owners of certain cargoes, are now obligated to contribute in General Average.

25) By reason of the premises, Plaintiff Conti requests a declaration that it is entitled to General Average contributions from those cargo Claimants who are parties to this action and who will be identified in the General Average Adjustment to owe Conti in the amount to be specified by said Adjuster.

**WHEREFORE**, Plaintiff Conti prays that:

  A. judgment be entered in favor of Plaintiff Conti and against each and every cargo Claimant, who is identified in the General Average Adjustment to owe Conti in the amount to be specified by said Adjuster, for an award for damages to the Plaintiff Conti, herein together with the costs and disbursements of this action;

  B. that judgment be entered in favor of Plaintiff Conti for such other and further relief as this Court deems just and proper.

Dated: May 31, 2013
   Port Washington, NY

      **CHALOS O'CONNOR LLP**

      */s / Eugene J. O'Connor*
      _____
      Eugene J. O'Connor
      Timothy Semenoro
      Robert O'Connor
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600 / Fax: (516) 767-3605

      James E. Ryan
      DOUGHERTY, RYAN, GIUFFRA,
      ZAMBITO & HESSION
      250 Park Avenue, 7th Floor
      New York, New York 10177
      Tel: (212) 889-2300 / Fax: (646) 485-5630

      *Attorneys for CONTI 11. CONTAINER SCHIFFAHRTS-*
      *GMBH & CO. KG MS "MSC FLAMINIA"*