Raymond P. Hayden
John Eric Olson
Anthony J. Pruzinsky
Thomas E. Willoughby
Lauren E. Komsa
Hill Rivkins LLP
Attorneys for Claimants
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11.CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA", AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM LIMITATION OF LIABILITY<br><br>Plaintiffs, | Index No.:<br>12-Civ.-08892 (TPG)<br><br>CLAIM AND ANSWER NUNC PRO TUNC TO COMPLAINT |

The Claimants herein, AGCS Marine Insurance Company, ICC Chemical Corporation, Vinmar International Ltd., Anheuser-Busch International Inc., SIRL Interaktive Logistics GMBH, Arkema, Inc., Stannica Inc., Arkema Vlissingen BV, Arkema France, Evergreen Packaging, Adam Pack SAIC, Procter & Gamble International Operations SA, OOO "Ecotray", Suomen Energia Juomat Oy, ARK Trading LLC, Ascend, Kordsa Global Industriyel Iplik Ve Kord Bezi Sanayi Ve Ticaret A.S., BE Aerospace, Inc., Richard Murray, Trade Lanes, Air & Sea Stecher, Xchanging Claims Service, Lubrizoil Corporation, Sellari Enterprises, and OOO Pan Products, Handelsmaatschappij Mawipex B.V., by their attorneys, Hill Rivkins LLP, as and for its Claim and Answer NUNC PRO TUNC to the Complaint of Conti 11. Container

1

Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as Owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG, allege upon information and belief:

**FIRST:** This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**SECOND:** Claimants are the shippers, consignees, owners or insurers of certain cargoes lately laden aboard the captioned vessel, which may have been partially or totally damaged and who have been called upon by defendant vessel interests to guarantee salvage claims and General Average expenses which may be assessed if said cargoes have not been totally destroyed.

**THIRD:** At and during all the times hereinafter mentioned, Plaintiff, Conti 11. Container Schiffahrts-GmbH & CO. KG  MS "MSC FLAMINIA" was and now is a foreign corporation duly organized and existing under the laws of Germany with a place of business c/o Conti Reederei Management GmbH & Co. Konzeptions KG, Paul Wasserman- Str. 5, 81829 Munich, Germany, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered or controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

**FOURTH:** At and during all the times hereinafter mentioned, Plaintiff NSB Niederelbe Schiffahrts Gesellschaft mbH & CO. KG, was and now is a corporation duly organized and existing under and by virtue of the laws of Germany with an office and place of business c/o NSB USA, 19059 Greeno Rd., Hwy. 98, Fairhope, Alabama 36532, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered or controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

**FIFTH:** On or about the date and at the port of shipment stated in Attachment A, there was delivered to the vessel and Plaintiffs in good order and condition the shipments described in Attachment A, which the said vessel and Plaintiffs received, accepted and agreed to transport for certain consideration to the port of destination stated in Attachment A.

**SIXTH:** Since then, the cargo has not been delivered in the same good order and condition in which it was received and Claimants have been called upon by Plaintiffs to guarantee salvage claims and alleged General Average expenses.

**SEVENTH:** Plaintiffs, by reason of the premises, breached their duties to the Claimants as common carriers by water for hire and were otherwise at fault.

**EIGHTH:** Claimants were the shippers, consignees, owners or insurers or otherwise had a proprietary interest of and in the cargoes as described in Attachment A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Claimants are entitled to maintain this action.

**NINTH:** Claimants have duly performed all duties and obligations on their part to be performed.

**TENTH:** By reason of the premises, Claimants have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $     4,379,524.47 in addition to salvage and General Average expenses.

**W H E R E F O R E**, Claimants demand judgment against Plaintiffs and the "MSC FLAMINIA" as follows:

1. In the amount of Claimants' claims, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

2. Indemnity or contribution for any and all salvage, general average and/or other special charges which Claimants are or may become liable for, together with interest thereon and costs and disbursements, and

3. Granting such other and further relief as the Court seems just and proper.

## ANSWER OF CLAIMANTS

1. Claimants admit the allegations in paragraphs 1, 2, 12, 13, 14 and 24 of the Complaint.

2. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 22, and 23 of the Complaint.

3. To the extent that paragraphs 6, 15, 16, 25 and 26 of the Complaint assert legal argument, no response is required of Claimants.

4. Claimants otherwise deny the allegations in paragraphs 6, 15, 16, 25 and 26 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, *inter alia*, such amount does not adequately reflect the value of the MSC FLAMINIA together with pending freight.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The amount of security sought in the Complaint is insufficient and must be increased because, *inter alia*, such amount is inadequate to secure the Plaintiffs' liabilities and obligations to Claimants herein and other Cargo Claimants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The carriage of Claimants' cargoes aboard the MSC FLAMINIA was subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The loss of and/or damage to Claimants' cargoes were caused in whole or in part by the Plaintiffs' negligent and/or willful breaches of the aforesaid contracts.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Prior to, and at all times referenced in the Complaint, Plaintiffs failed to exercise due diligence to make the MSC FLAMINIA seaworthy. The MSC FLAMINIA was at all relevant times not fit to undertake the service in which she was engaged. The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes were caused in whole or in part by the Plaintiffs' failure to exercise due diligence to make the MSC FLAMINIA seaworthy at the commencement of the voyage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes, as well as the casualty alleged in the Complaint and its *sequellae*, were caused in whole or in part by the fault, design or neglect, or want of care of the Plaintiffs, and/or the MSC FLAMINIA, and/or those in charge of the MSC FLAMINIA, and/or persons for whom Plaintiffs are responsible.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to exoneration from or limitation of liability in any form by reason of the fact that such damages and losses, if any, were occasioned by various faults, breaches of contract, breaches of warranty, negligence, and unseaworthiness all within Plaintiffs'

privity and knowledge, and further that Plaintiff, NSB, is not a proper party entitled to exoneration from or limitation of liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes, as well as the casualty alleged in the Complaint and its *sequellae*, resulted from causes within the privity and knowledge of Plaintiffs, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Plaintiffs.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

As operator and manager of the Vessel, Plaintiff, NSB, is not entitled to exoneration from or limitation of liability pursuant to the Limitation Act, 46 U.S.C. § 30501, *et seq.*

WHEREFORE, Claimants respectfully request that the Court issue an Order:

1. Dismissing the Complaint in all respects;

2. Or in the alternative, denying Plaintiffs the right to exoneration from or limitation of liability pursuant to the Limitation Act, 46 U.S.C. § 30501, *et seq.*;

3. Or in the alternative, directing Plaintiffs to post additional financial security to discharge and secure the Plaintiffs' liabilities and obligations to Claimants herein and other Cargo Claimants;

4. Or in the further alternative, directing Plaintiffs to post additional financial security sufficient to reflect the actual value of the MSC FLAMINIA together with pending freight;

5. And in any event, awarding Claimants the full amount of their loss together with the costs and disbursements of this action, and

6. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 31, 2013

        HILL RIVKINS LLP
        Attorneys for Claimants

        By: /s/ Lauren E. Komsa
            Raymond P. Hayden
            John Eric Olson
            Anthony J. Pruzinsky
            Thomas E. Willoughby
            Lauren E. Komsa
            45 Broadway, Suite 1500
            New York, New York 10006
            Tel. (212) 669-0600
            Fax. (212) 669-0698