John A.V. Nicoletti, Esq.
NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Telephone:   (212) 220-3830
Facsimile:    (212) 220-3780
E-mail: jnicoletti@nicolettihornig.com
NH&S File No.: 28000040 JAVN

Stephen V. Rible, Esq.
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019-6829
Telephone:   (212) 261-8000
Facsimile:    (212) 261-8750
E-mail: stephen.rible@mendes.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------
| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11.CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA," AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | ECF CASE  12 CIV 8892 (AJN) |
| Plaintiffs. | § | |

------------------------------------------------------

**STOLT'S MEMORANDUM OF LAW IN OPPOSITION TO PANALPINA'S JOINDER (DKT. NOS. 240 AND 242) TO CARGO CLAIMANTS' MOTION TO DISMISS CROSSCLAIMS OF STOLT (DKT. NOS. 220, 222 AND 223) WHICH MOTION HAS BEEN AGREED TO BE WITHDRAWN BY CARGO CLAIMANTS PER STIPULATION TO BE FILED**

**PRELIMINARY STATEMENT**

Counterclaim and Cross Claim Defendant Stolt Tank Containers B.V., represented by the law firm of Nicoletti Hornig & Sweeney, and answering Defendants/Claimants Stolt Tank Containers B.V., Stolt Tank Containers France SAS, Stolt Nielsen USA, Inc., Stolt Tank Containers Germany GMBH, and National Union Fire Insurance Co. of Pittsburgh, PA, in its capacity as subrogree, as named plaintiffs in 1:13-CV-1610 and as answering defendants/claimants in 1:12-CV-8992, represented by the law firm of Mendes & Mount LLP, (collectively "Stolt"), respectfully submit this Memorandum of Law in opposition to the Joinder [Docket Nos. 240 and 242] by Panalpina Inc. and Panalpina World Transport Ltd. (the "Panalpina Companies") to the Motion to Dismiss Crossclaims of, *inter alia*, Stolt, filed by various cargo claimants [Docket Nos. 220, 222 and 223] which motion has been agreed to be withdrawn by cargo claimants per Stipulation to be filed.

Without any legal authority, the Panalpina Companies seek dismissal of Stolt's properly asserted crossclaims on the sole ground that the Panalpina Companies were included in these proceedings through the "innocent inadvertence" of its prior counsel.[1]  That is neither a valid, legal nor sufficient ground to dismiss a properly asserted crossclaim.  At the time Stolt asserted its crossclaims, Stolt and the Panalpina Companies were co-parties, thereby satisfying the requirements of Fed.R.Civ.P. 13(g).  Here, the Panalpina Companies (or at least one of the Panalpina Companies) acted as the freight forwarder and/or in some other capacity as will be more fully demonstrated and established during discovery, in respect of the cargo claimed to be the cause of the shipboard fire and/or explosion.  Accordingly, Stolt's crossclaims for indemnity and/or contribution arise out of the same transaction or occurrence that is the subject matter of

---

[1] *See* Notice of Joinder [Dkt. No. 242] at p. 2, paragraph (1).

2

the original action, and thus were properly and timely raised. The Panalpina Companies' motion to dismiss Stolt's crossclaims should therefore be denied.

## BACKGROUND FACTS

This action arises out of an alleged July 14, 2012 fire and/or explosion aboard the containership MSC FLAMINIA (hereinafter the "Vessel") while crossing the Atlantic Ocean. Vessel owners filed a Complaint for Exoneration from or Limitation of Liability [Docket No. 1] (hereinafter the "Limitation Action") in this Court on December 7, 2012. Thereafter, various parties including the Panalpina Companies and Stolt answered the Limitation Action and asserted claims therein via a First Amended Claim and Answer to Complaint [Docket No. 13] filed on February 5, 2013. A Second Amended Claim and Answer to Complaint on behalf of, *inter alia*, the Panalpina Companies and Stolt [Docket No. 58] was filed on April 2, 2013.

In a related action filed on March 11, 2013 bearing docket no. 1:13-CV-01610 (TPG), which has since been consolidated with the Limitation Action, various parties including the Panalpina Companies and Stolt claimed against the charterer of the Vessel, Mediterranean Shipping Company ("MSC") in connection with the events aboard the Vessel.

Thereafter, and solely on the basis of a highly suspect, non-conclusive report commissioned on an *ex-parte* basis by the Vessel owners and/or their insurer, the Vessel owners targeted a particular cargo that was manufactured by Deltech Corporation ("Deltech") and loaded into Stolt ISO Tank containers as a possible cause of the fire aboard the Vessel. On that basis, on May 29, 2013, Vessel owners filed counterclaims against Deltech and Stolt [Docket No. 127] alleging, *inter alia*, failure to warn (*see* First Counterclaim and Second Counterclaim), failure to inform and/or provide adequate information (Fourth Counterclaim), negligent misrepresentation

as to the designation and/or allowable stowage of the cargo (Fifth Counterclaim) and indemnity (Sixth Counterclaim).

Similarly, on May 29, 2013, the Vessel charterer, MSC, filed crossclaims against Stolt and Deltech in the Limitation Action [Docket No. 126] raising similar allegations of failure to warn, failure to inform and/or negligent misrepresentation.[2] (*See* Docket No. 126, Second Cause of Action and specifically ¶¶ 27-30, Third Cause of Action and specifically ¶¶ 37-39, Fourth Cause of Action and specifically ¶ 43(g), Fifth Cause of Action and specifically ¶ 50(g) and Seventh Cause of Action at ¶¶ 60-63).

Predictably, the remaining defendants/claimants in the Limitation Action asserted crossclaims against Stolt and Deltech mimicking those allegations made by Vessel owners and charterers. (*See* Docket Nos. 128, 129, 137, 154, 158, 160, 161, 168, 169 and 187). So did the estate of a deceased crewmember, Cezary Siuta (Docket No. 186).[3] Most significantly, one of

---

[2] MSC also filed counterclaims in the related matter 13 Civ. 1610 (TPG) that has been consolidated with the Limitation Action. (*See* Docket No. 125). MSC's counterclaims in that action are identical to its cross claims in the Limitation Action.

[3] In paragraph "22" of its cross claims [Docket No. 186], the Estate of Cezary Siuta alleged that Stolt and/or Deltech were negligent in:

> a. Failing to adequately notify and/or warn the owners and/or operators of the MSC FLAMINIA, and/or the Decedent CEZARY SIUTA, of the DVB's dangerous, polymerization, incendiary, and explosive qualities, which Cross-Defendants knew or should have known; and/or,
> b. Failing to provide accurate information and adequate warnings regarding the DVB Cargo, including but not limited to its relevant marks, labeling, number, quantity, explosive qualities, flammability and weight; and/or,
> c. Negligently, recklessly and/or intentionally misrepresenting information regarding the DVB Cargo, including but not limited to its dangerous, polymerization, incendiary, and explosive qualities, its relevant marks, labeling, number, quantity, weight, quality, flash point, flammability, propensities, stability, packing, packaging, chemical make-

the crossclaim pleadings, Docket No. 169, was filed on behalf of "Cross-Claimants, as set forth more fully in the attached schedules . . . ." (*See* Docket No. 169 at p. 1). Those attached schedules reference the Panalpina Companies on several occasions. (*See* Dkt. No. 169-3 at p. 2 of 5 and p. 3 of 5, Dkt. No. 169-6 at p. 3 of 3 and Dkt. No. 169-14 at p. 3 of 3). The crossclaims to which the Panalpina Companies were a part, and the other crossclaims, allege, *inter alia,* that Stolt failed to provide accurate information, failed to warn and/or misrepresented certain information concerning the cargo. (*See, e.g.,* Docket No. 169 at ¶¶ 19, 23, 28(g), 33(g) and 41).

Because the time to assert counter and/or crossclaims was, per stipulation, extended only to July 1, 2013, Stolt asserted counterclaims against Vessel owners [Docket No. 157] and crossclaims against those parties likely to have liability in connection with the fire including the charterer MSC, other cargo interests whose cargoes were in the vicinity where the fire was alleged to have originated, and the Panalpina Companies due to their involvement in having booked and documented the targeted Deltech cargo.[4] [Docket No. 165].

While they claim not to be cargo owners, the Panalpina Companies (or at least one of the Panalpina Companies) were part of the "booking chain" for the very Deltech cargo which has

---

        up, and dangers without due care to ascertain the truth or accuracy of such representations, in that Cross-Defendants represented to the public that the DVB Cargo was safe for shipment aboard an ocean-going vessel; and/or,

d.    Negligently making and failing to correct the aforementioned misrepresentations regarding the DVB Cargo when Cross-Defendants knew or should have known that others in the shipping industry would believe such representations to be true and would act in reliance thereupon; and/or,

[4] Per Stipulation to be fully executed and filed, Stolt has agreed to dismiss without prejudice its crossclaims as against the other cargo interests in order to more fully ascertain during discovery whether such other cargo interests may have caused or contributed to the fire with leave to assert crossclaims at a later date.

been targeted by owners, charterer and the other claimants in the Limitation Action.[5] As such, the Panalpina Companies may well bear liability for any failure to provide accurate information, failure to warn and/or misrepresentation as alleged in the numerous counter and crossclaims lodged against Stolt. Stolt's crossclaims against the Panalpina Companies [Docket No. 165] merely seek indemnification and/or contribution to the extent the Panalpina Companies were responsible, in whole or in part, for any alleged failure to provide accurate information, failure to warn and/or misrepresentation, as alleged by owners, charterer, other cargo interests and the Panalpina Companies themselves.

## LEGAL ANALYSIS

## POINT I

### STOLT'S CROSS CLAIMS AGAINST THE PANALPINA COMPANIES COMPLY WITH FED.R.CIV.P. 13(g)

Fed.R.Civ.P. 13(g) provides, in relevant part, as follows:

> Rule 13. Counterclaim and Crossclaim
>
> * * *
>
> **(g) Crossclaim Against a Coparty.** A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Here, there is no doubt that Stolt's crossclaims were asserted against a coparty. Stolt and the Panalpina Companies are, and at all relevant times have been, answering defendants as well as claimants in the Limitation Action. The Stolt crossclaims against the Panalpina Companies

---

[5] In its Joinder [Docket No. 242], the Panalpina Companies contend that they "acted as freight forwarders for certain containers aboard the vessel and were listed as such on bills of lading."

[Docket No. 165] and the crossclaims by the Panalpina Companies against Stolt [Docket No. 169] are between defendants/claimants in the same Limitation Action and are therefore between coparties.[6]  The Panalpina Companies' argument that it should not have been named as a claimant in the Limitation Action carries no weight.[7]  At the time Stolt raised its crossclaims, Stolt and the Panalpina Companies were (and remain) coparties.

Finally, it is also equally clear that Stolt's crossclaims arise out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim.  "In determining whether a cross-claim arises out of the same transaction or occurrence as the original claim, courts generally consider the '(1) identity of facts between original claim and [cross-claim]; (2) mutuality of proof; [and] (3) logical relationship between original claim and [cross-claim]' [Citation omitted]."  *Favors v. Cuomo*, 881 F.Supp.2d 356, 373 (E.D.N.Y. 2012).  The occurrence that is the subject matter of both the original action, the Limitation Action, and of owners' counterclaims, is the fire that occurred aboard the Vessel on or about July 14, 2012, and the resultant damage.  Stolt's crossclaims, seeking indemnity or contribution,[8] arise out of that fire as well.  That is all that Fed.R.Civ.P. 13(g) requires for a proper crossclaim.  "Rule 13(g) is to be construed liberally so as to 'avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps . . . in order to settle as many related claims as possible in a single action.' [Citations omitted]."  *Id.*

---

[6] Many courts have defined the term "co-party" broadly to include "any party that is not an opposing party."  *See Mauney v. Imperial Delivery Services, Inc.*, 865 F.Supp. 142, 153-54 (S.D.N.Y. 1994) (adopting *Earle M. Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 474 (E.D. Pa. 1991)); *see also Georgia Ports Authority v. Construzioni Meccaniche Industriali Genovesi, S.P.A.*, 119 F.R.D. 693 (S.D. Ga. 1988); *Luyster v. Textron, Inc.,* 266 F.R.D. 54 (S.D.N.Y. 2010).

[7] *See* Docket No. 242, p. 2 at ¶ (1).

[8] Fed.R.Civ.P. 13(g) expressly allows cross claims for indemnity or contribution providing, in relevant part that "[t]he crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Nevertheless, the Panalpina Companies contend that they should somehow not be subject to Stolt's crossclaims because the Panalpina Companies are not cargo claimants.[9] Again, this argument carries zero weight. As set forth above, the Panalpina Companies, or at least one of the Panalpina Companies, was directly part of the "booking chain" for the Deltech cargo which has been targeted by owners, charterer and the other claimants in the Limitation Action as the possible cause of the fire. Owners' counterclaims [Docket No. 127], as well as the crossclaims and counterclaims of charterer [Docket Nos. 125 and 126], and the crossclaim of other cargo interests (including the Panalpina Companies) [Docket Nos. 128, 129, 137, 154, 158, 160, 161, 168, 169, and 187] and of the estate of the deceased crewmember Cezary Siuta [Docket No. 186], all allege that the Vessel fire and resulting damage were due to, *inter alia*, Stolt's failure to warn, failure to inform and/or negligent misrepresentation. The Panalpina Companies were directly involved in the booking and documentation of the Deltech cargo and may well bear liability for any failure to provide accurate information, failure to warn and/or misrepresentation as alleged in the various claims against Stolt. Stolt's crossclaims against the Panalpina Companies [Docket No. 165] merely seek indemnification and/or contribution to the extent the Panalpina Companies were responsible, in whole or in part, for any alleged failure to provide accurate information, failure to warn and/or misrepresentation, as alleged by owners, charterer, other cargo interests and the Panalpina Companies themselves. The identity of facts, the mutuality of proof and the logical relationship between the various claims asserted against Stolt and Stolt's crossclaims for indemnity or contribution against the Panalpina Companies cannot be denied.

---

[9] *See* Docket No. 242, p. 2 at ¶ (2).

Accordingly, Stolt's crossclaims are *per se* proper under Fed.R.Civ.P. 13(g) and the Panalpina Companies' joinder to the agreed-to-be-withdrawn motion to dismiss should be denied in all respects. However, in the event the Court is inclined to grant the Panalpina Companies' motion to dismiss, such a dismissal should be without prejudice to allow Stolt to pursue third party practice against either or both of the Panalpina Companies as contemplated by the Panalpina Companies in the last paragraph of page 3 of its August 14, 2013 letter to the Court.[10]

## CONCLUSION

For the foregoing reasons, the Panalpina Companies' request (by way of joinder to an agreed to be withdrawn motion to dismiss) to dismiss the cross claims of Stolt as against the Panalpina Companies should be denied.

Dated: August 22, 2013
       New York, New York

<pre>
                    NICOLETTI HORNIG & SWEENEY
                    *Attorneys For*
                    *Stolt Tank Containers BV*

                    By: /s/  John A. V. Nicoletti
                        John A. V. Nicoletti
                        Wall Street Plaza
                        88 Pine Street, Seventh Floor
                        New York, New York 10005
                        Tel:   (212) 220-3830
                        Fax:   (212) 220-3780
                        E-mail: jnicoletti@nicolettihornig.com
                        NH&S File No.: 28000040 JAVN
</pre>

---

[10] Stolt respectfully contends that being required to bring either a separate action or a third party action against the Panalpina Companies would not serve the interest of judicial economy particularly since the Panalpina Companies are already present in this action, and a separate action could lead to inconsistent results which should be avoided whenever possible.

-and-

MENDES & MOUNT, LLP
*Attorneys For*
*Stolt Tank Containers BV's Subrogated Interests*

By: /s/  Stephen V. Rible
   Stephen V. Rible
   750 Seventh Avenue
   New York, New York 10019-6829
   Tel.:   (212) 261-8000
   Fax:   (212) 261-8750
   E-mail: stephen.rible@mendes.com

X:\Public Word Files\28\40\LEGAL\Stolt's MOL in Opp to Panalpina's Joinder re Motion to Dismiss Crossclaims of Stolt (08-21-13) mm.doc