Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
Robert E. O'Connor (RO 1789)
CHALOS O'CONNOR, LLP
366 Main Street
Port Washington, New York  11050
Phone: (516) 767-3600
Fax:    (516) 767-3605

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11. CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA," AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No.: 12 Civ. 8892 (TPG)  **REPLY TO THE NUNC PRO TUNC CLAIMANTS' CLAIM AND ANSWER TO COMPLAINT WITH COUNTERCLAIM** |

                                        Plaintiffs.
-------------------------------------------------------------------------X

      Plaintiffs Conti 11 Container Schiffahrts GmbH & Co. KG MS "MSC FLAMINIA" (hereinafter "Conti") and NSB Neiderelbe Schiffahrtsgesellschaft mbH & Co. KG (hereinafter "NSB"), by their attorneys, Chalos O'Connor, LLP, for their Reply to Claimants AGCS Marine Insurance Company, ICC Chemical Corporation, Vinmar International Ltd., Anheuser-Busch International Inc., SIRL Interaktive Logistics GMBH, Arkema, Inc., Stannica Inc., Arkema Vlissingen BV, Arkema France, Evergreen Packaging, Adam Pack SAIC, Procter & Gamble International Operations SA, OOO "Ecotray", Suomen Energia Juomat Oy, ARK Trading LLC, Ascend, Kordsa Global Industriyel Iplik Ve Kord Bezi Sanayi Ve Ticaret A.S., BE Aerospace, Inc., Richard Murray, Trade Lanes, Air & Sea Stecher, Xchanging Claims Service, Lubrizoil Corporation, Sellari Enterprises, and OOO Pan Products, Handelsmaatschappij Mawipex B.V.'s

(hereinafter, collectively "Nunc Pro Tunc Claimants") Claim and Answer NUNC PRO TUNC to Complaint with a Counterclaim, allege upon information and belief as follows:

1. Admit the First Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Second Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

3 Admit that Conti is a foreign business entity with a principal office located at Paul-Wassermann- Straße 5, 81829 Munich, Germany, and is the registered owner of the MSC FLAMINIA; and the MSC FLAMINIA previously operated in a regular liner service between ports in the United States and Europe; but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Third Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

4. Admit that NSB is a foreign business entity with a principal office located at Harburger Straße 47-51, 21614 Buxtehude, Germany, and the operator of the MSC FLAMINIA; and the MSC FLAMINIA previously operated in a regular liner service between ports in the United States and Europe; but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Fourth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Fifth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sixth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

7. Deny each and every allegation contained in Seventh Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Eighth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Ninth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

10. Deny each and every allegation contained in Tenth Paragraph of the Claim and Answer NUNC PRO TUNC to Complaint.

## FIRST AFFIRMATIVE DEFENSE

11. Nunc Pro Tunc Claimant(s) fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12. Nunc Pro Tunc Claimant(s) lack standing to assert its claim(s).

## THIRD AFFIRMATIVE DEFENSE

13. Nunc Pro Tunc Claimant(s) is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

14. If the goods in suit sustained any loss or damage, which is denied, then the Nunc Pro Tunc Claimant(s) is prohibited from alleging any claim arising in contract, bailment, tort, or otherwise against Plaintiffs Conti and NSB, as "Subcontractors" of the "Carrier," by a covenant not to sue under the terms of the contract of carriage, e.g., Mediterranean Shipping Company, S.A., bill of lading terms and conditions clause 4.2.

**FIFTH AFFIRMATIVE DEFENSE**

15. This Honorable Court lacks subject matter jurisdiction by reason of the Claimant's(s') failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including, but not limited to, the other shippers, load port stevedores, inland truckers and/or rail carriers, any warehousemen, etc.

**SIXTH AFFIRMATIVE DEFENSE**

16. If the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Nunc Pro Tunc Claimant(s) and/or a third-party and/or their agents.

**SEVENTH AFFIRMATIVE DEFENSE**

17. If the goods in suit were lost and/or damaged, which is denied, Nunc Pro Tunc Claimant(s) has failed to properly and fully mitigate its alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

18. That the said shipment(s) as described in the Claim and Answer NUNC PRO TUNC to Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound. If said shipment was transported on said vessel, then it was subject to the contractual terms and conditions of the aforesaid bills of lading and/or contracts of carriage. Any mis-delivery, non-delivery, non-conformance, shortage, loss and/or damage to the shipment in suit, which is specifically denied, was due to causes for which Plaintiffs Conti and NSB are not liable or responsible by virtue of the provision of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 note (formerly 46 U.S.C. §1300 *et seq.*), 46 U.S.C. §30706, the U.S. Harter Act, 46 U.S.C. §30501, *et seq.*, the provisions of the said bills of lading, the U.S. general maritime law, applicable foreign law, charter party, and/or fixture agreement.

**NINTH AFFIRMATIVE DEFENSE**

19. If the goods in suit were damaged, which is denied, the goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver / consignee as when received by the carrier because Nunc Pro Tunc Claimant(s) failed to give timely written notice of loss or damage under the agreed provisions of the bill of lading, and under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 3(6) (formerly 46 U.S.C. §1303(6)) and/or the terms of the contract of carriage.

**TENTH AFFIRMATIVE DEFENSE**

20. If the goods in suit were damaged, which is denied, then due diligence was exercised on the part of the Plaintiffs Conti and NSB to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of the subject shipment. Moreover, Plaintiffs Conti and NSB and the vessel are not liable for any loss or damage arising from an act, neglect, or default of the master, mariners, pilots, or servants of the carrier in the navigation or management of the vessel under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(a) (formerly 46 U.S.C. §1304(2)(a)), 46 U.S.C. §30706(a), and/or the terms of the contract of carriage.

**ELEVENTH AFFIRMATIVE DEFENSE**

21. If the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper or its agents or servants or owner of the goods for which the Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. § 30701 note at Sec. 4(2)(i) (formerly 46 U.S.C. §1304(2)(i)), 46 U.S.C. §30706(b)(7), and/or the terms of the contract of carriage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22. If the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(m) (formerly 46 U.S.C. §1304(2)(m)), 46 U.S.C. §30706(b)(5), and/or the terms of the contract of carriage.

**FOURTEENTH AFFIRMATIVE DEFENSE**

23. If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to insufficiency of packaging, or inadequacy of marks, for which Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(n) and (o) (formerly 46 U.S.C. §1304(2)(n) and (o)), 46 U.S.C. §30706(b)(6), and/or the terms of the contract of carriage.

**FIFTEENTH AFFIRMATIVE DEFENSE**

24. If the goods in suit were damaged, which is denied, the damage was proximately caused by or due to a latent defect of the subject cargo that could not be discovered despite due diligence and for which Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(p) (formerly 46 U.S.C. §1304(2)(p)), and/or the terms of the contract of carriage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

25. If the goods in suit sustained any loss or damage, which is denied, then such loss or damage resulted from a cause arising without the fault or privity of Plaintiffs Conti and NSB and without the fault or neglect of the agents or servants of the Plaintiffs Conti and NSB, and Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. §30701 note at Sec. 4(2)(q) (formerly 46 U.S.C. §1304(2)(q)) and/or the terms of the contract of carriage.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26.     If the goods in suit sustained any loss or damage, which is denied, then the maximum liability of Plaintiffs Conti and NSB, if any, is $500 per package, or per customary freight unit, under the provisions of COGSA, 46 U.S.C. §30701 note at Sec. 4(5) (formerly 46 U.S.C. §1304(5)) and/or the terms of the contract of carriage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27.     If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by fire, and Plaintiffs Conti and NSB are not liable under COGSA, 46 U.S.C. § 30701 note at Sec. 4(2)(b) (formerly 46 U.S.C. §1304(2)(b)), the U.S. Fire Statute, 46 U.S.C. §30504, and/or the terms of the contract of carriage.

## NINETIETH AFFIRMATIVE DEFENSE

28.     If the goods in suit sustained any loss or damage, which is denied, then such loss or damage arose or resulted from the negligent manufacture of the goods, the manufacture of unreasonably dangerous goods, breach of implied warranties, negligent misrepresentations concerning the goods, contamination of the goods, and/or failure to properly warn others concerning the dangerous propensities of the goods.

**TWENTIETH AFFIRMATIVE DEFENSE**

29. If the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused without privity or knowledge of Plaintiffs Conti and NSB, as "owner." Therefore, if the amount of damages claimed exceeds the amount or value of Plaintiffs Conti and NSB's interests, if any, in the MSC FLAMINIA, at the conclusion of the subject voyage, then by reason thereof Plaintiffs Conti and NSB invoke the benefit of the provisions of the U.S. Limitation Act, 46 U.S.C. §30501, *et seq.*, and should there be any liability whatsoever on the part of Plaintiffs Conti and NSB for the claims set forth in the Claims herein, then neither the Nunc Pro Tunc Claimant(s) nor any other party is entitled to recover damages in any sum in excess of the amount or value of Plaintiffs Conti and NSB's interest, if any, in the MSC FLAMINIA at the conclusion of the voyage upon which subject incident occurred plus any pending freight.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. Plaintiffs Conti and NSB reserve the right to amend their answer to include additional affirmative defenses.

**CONTI'S COUNTERCLAIM FOR GENERAL AVERAGE**

**CONTI'S COUNTERCLAIM - JURISDICTION, THE PARTIES, AND VENUE**

31. This is a case involving a federal statute and subject to the jurisdiction of this court pursuant to 28 U.S.C. § 1331. This is also a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

32. At all relevant times mentioned herein, Plaintiff Conti was and still is a corporation organized and existing under the laws of Germany with a place of business in Germany, and the registered owner of the MSC FLAMINIA.

33. At all relevant times mentioned herein, the Nunc Pro Tunc Claimants were the shippers, consignees, owners, insurers, or otherwise had a proprietary interest in their respective cargoes, or was the party who bore the risk of freight payable in respect of certain cargoes, that were allegedly aboard the MSC FLAMINIA on or about July 14, 2012.

34. Venue is proper and this Court has jurisdiction over the Nunc Pro Tunc Claimants on the basis of their systematic and continuous business contacts and presence in the United States and this district, presence of an agent for service of process in this district, and the fact that they voluntarily filed suit against Plaintiff Conti with respect to the subject casualty in this pending action in this district.

## CONTI'S COUNTERCLAIM - FACTS

35. On or about July 14, 2012, an explosion and fire occurred in the MSC FLAMINIA's number 4 cargo hold and, after attempting to fight an explosion and fire, the crew evacuated the vessel in the Atlantic Ocean approximately 1,000 nautical miles from Land's End, England (hereinafter the "casualty").

36. Several crew members were injured and three crew members died from injuries sustained during the casualty.

37. Despite the firefighting efforts of the officers and crew, the MSC FLAMINIA suffered significant damage and many containers, were severely damaged and/or lost during the casualty.

38. On or about July 17, 2012, salvors reached the MSC FLAMINIA.

39. General Average was declared on or about August 8, 2012.

40. On or about September 9, 2012, the vessel arrived and was re-delivered by salvors to Plaintiff Conti at Wilhelmshaven, Germany, where certain cargo was discharged and the cause of the an explosion and fire is being investigated.

41. At present, the MSC FLAMINIA is in Romania awaiting further investigations, inspections and repairs.

42. The casualty, and the losses, damages, injuries, and destruction resulting therefrom were not caused or contributed to by any fault, neglect, or want of care or design on the part of the MSC FLAMINIA or those in charge of her, or by Plaintiff Conti, or anyone for whom the Plaintiff may be responsible.

43. The casualty, and the losses, damages, injuries, and destruction resulting therefrom for which claims have been or may be made against Plaintiff Conti and the MSC FLAMINIA, and all other damages in any manner arising out of said explosion and fire, were occasioned and incurred without the privity or knowledge of Plaintiff Conti, or any of their directors, officers, stockholders, or agents, and without the privity or knowledge of the Master of the MSC FLAMINIA, the superintendent, or managing agent of Plaintiff Conti at or prior to the commencement of the voyage.

**CONTI'S COUNTERCLAIM - CAUSE OF ACTION FOR GENERAL AVERAGE**

44. Various cargoes were transported aboard the MSC FLAMINIA pursuant to contracts of carriage evidenced by certain bills of lading.

45. Pursuant to these bills of lading, in the event of an accident, danger, damage or disaster that prevents the voyage from being completed, the various identified Nunc Pro Tunc

11

Claimants are obligated to, joint and severally, contribute to the payment of any sacrifices, losses or expenses in General Average as determined by the appointed General Average Adjuster.

46. In addition, General Average is to be adjusted in London pursuant to the York-Antwerp Rules of 1974, as amended in 1990.

47. On or about July 14, 2012, the MSC FLAMINIA suffered an explosion and fire, the vessel was salvaged, and eventually arrived in Germany, where certain cargoes were discharged.

48. As a result of this casualty, the MSC FLAMINIA was heavily damaged and large sums of money were expended in the salvage of the vessel and her cargo.

49. Pursuant to the contracts of carriage and applicable general maritime law, General Average was declared and various parties, including the owners of certain cargoes, are now obligated to contribute in General Average.

50. By reason of the premises, Plaintiff Conti requests a declaration that it is entitled to General Average contributions from those Nunc Pro Tunc Claimants who are parties to this action and who will be identified in the General Average Adjustment to owe Conti in the amount to be specified by said Adjuster.

**WHEREFORE**, Plaintiffs Conti and NSB pray:

A. that judgment be entered in favor of Plaintiffs Conti and NSB against the Nunc Pro Tunc Claimants, dismissing the claims and allegations in the Claim and Answer NUNC PRO TUNC to Complaint herein together with the costs and disbursements of this action;

B. judgment be entered in favor of Plaintiff Conti and against the Nunc Pro Tunc Claimants, who may be identified in the General Average Adjustment to owe Conti in the amount to be specified by said Adjuster, for an award for damages to the Plaintiff Conti, herein together with the costs and disbursements of this action;

C. that judgment be entered in favor of Plaintiffs Conti and NSB for such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
       August 22, 2013

                         CHALOS O'CONNOR, LLP,
                         Attorneys for Plaintiffs Conti and NSB

                         */s/ Eugene J. O'Connor*

By:   _____
                         Eugene J. O'Connor (EO 9925)
                         Timothy Semenoro (TS 6847)
                         Robert E. O'Connor (RO 1789)
                         366 Main Street
                         Port Washington, New York 11050
                         Phone: (516) 767-3600
                         Fax:    (516) 767-3605

                         DOUGHERTY, RYAN, GIUFFRA,
                         ZAMBITO & HESSION
                         James E. Ryan (JR 4671)
                         250 Park Avenue, 7th Floor
                         New York, New York 10177
                         Tel: (212) 889-2300
                         Fax: (646) 485-5630