William R. Bennett, III
Thomas H. Belknap, Jr.
BLANK ROME LLP
Attorneys for Deltech Corporation
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
T:     (212) 885-5000
F:     (212) 885-5002
wbennett@blankrome.com
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IN THE MATTER OF THE COMPLAINT OF           Civil Action No.:
CONTI 11. CONTAINER SCHIFFAHRTS-GMBH       12 Civ. 8892 (TPG)
& CO. KG MS "MSC FLAMINIA,"
AS OWNER, AND NSB NIEDERELBE
SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG,       ANSWER TO THE AMENDED CROSS
AS OPERATOR, OF THE MSC FLAMINIA FOR        CLAIMS OF NACA LOGISTICS (USA)
EXONERATION FROM OR LIMITATION OF           INC.
LIABILITY

                           Plaintiffs.
------------------------------------------------------------- X

Deltech Corporation ("Deltech"), by its attorneys Blank Rome LLP, as and for its answer to the cross claims of NACA Logistics (USA) D/BA Vanguard Logistics Services D/B/A Direct Container Line, Conterm Consolidated Services, and Brennan International Transport (collectively referred to herein as "NACA") states upon information and belief as follows:

1. Admits.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the cross claims of NACA.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the cross claims of NACA.

4. Deltech admits that at all relevant times was business entity organized and existing under laws of the United States with an office and principal place of business in Baton Rouge Louisiana and was the manufacture of DVB that was carried aboard the M/VMSC Flaminia.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the cross claims of NACA.

### AS IN FOR THE ANSWER TO THE FIRST CAUSE OF ACTION

6. Deltech repeats and realleges all matters set forth in the preceeding paragraphs of the within pleading with the same force and effect as if set forth at length herein.

7. Admits.

8. Admits that Deltech was the manufacturer of the DVB tendered to the vessel and/or MSC for carriage to Antwerp on the subject voyage.

9. Admits, upon information and belief, that Stolt acted as a non-vessel operating common carrier with respect to the DVB cargo when it booked shipments with MSC.

10. Admits, upon information and belief, that Stolt owned, leased and/or controlled the tank containers in which the DVB was loaded for the subject voyage.

11. Admits that Deltech loaded DVB into the tank containers.

12. Admits, upon information and belief, that Stolt and or its agents arranged for inland storage and transportation of the subject shipments of DVB prior to DVB being loaded aboard the vessel.

13. Admits, upon information and belief, that Stolt issued its own bill of lading to Deltech.

14. Denies each and every allegation contained in paragraph 14 of NACA's cross claim as they relate to Deltech.

2

15. Denies each and every allegation contained in paragraph 15 of NACA's cross claim as they relate to Deltech.

16. Denies each and every allegation contained in paragraph 16 of NACA's cross claim as they relate to Deltech.

17. Denies each and every allegation contained in paragraph 17 of NACA's cross claim as they related to Deltech.

18. Denies each and every allegation contained in paragraph 18 of NACA's cross claim as they relate to Deltech.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

19. Deltech repeats and realleges all matters set forth in the proceeding paragraphs of the within pleading with the same force and effect as if set forth at length herein.

20. Denies each and every allegation contained in paragraph 20 of NACA's cross claim as they relate to Deltech.

21. Denies each and every allegation contained in paragraph 21 of NACA's cross claim as they relate to Deltech.

22. Denies each and every allegation contained in paragraph 22 of NACA's cross claim as they relate to Deltech.

23. Denies each and every allegation contained in paragraph 23 of NACA's cross claim as they relate to Deltech.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

24. Deltech repeats and realleges all matters set forth in the proceeding paragraphs of the within pleading with the same force and effect as if set forth at length herein.

25. Denies each and every allegation contained in paragraph 25 of NACA's cross claim as they relate to Deltech.

141267.00601/7290654v.1

26. Denies each and every allegation contained in paragraph 26 of NACA's cross claim as they relate to Deltech.

27. Denies each and every allegation contained in paragraph 27 of NACA's cross claim as they relate to Deltech.

28. Denies each and every allegations contained in paragraph 28 of NACA's cross claim as they relate to Deltech.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

29. Deltech repeats and realleges all matters set forth in the proceeding paragraphs of the within pleading with the same force and effect as if set forth at length herein.

30. All issues of law are referred to the Court for determination including what duties are owed between the parties; notwithstanding same, Deltech denies each and every allegation contained in paragraph 30 of NACA's cross claim as they relate to Deltech

31. Denies each and every allegation contained in paragraph 31 of NACA's cross claim as they relate to Deltech.

32. Denies each and every allegation contained in paragraph 32 of NACA's cross claim as they relate to Deltech.

33. Denies each and every allegation contained in paragraph 33 of NACA's cross claim as they relate to Deltech.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

34. Deltech repeats and realleges all matters set forth in the proceeding paragraph of the within pleading with the same force and effect as if set forth at length herein.

35. Denies each and every allegation contained in paragraph 34 of NACA's cross claim as they relate to Deltech.

141267.00601/7290654v.1

36. Denies each and every allegation contained in paragraph 35 of NACA's cross claim as they relate to Deltech.

37. Denies each and every allegation contained in paragraph 36 of NACA's cross claim as they relate to Deltech.

38. Denies each and every allegation contained in paragraph 37 of NACA's cross claim Suttons' counterclaim as it relates to Deltech.

39. Denies each and every allegation contained in paragraph 38 of NACA's cross claim as it relates to Deltech.

## FIRST AFFIRMATIVE DEFENSE

1. The Claimant is not the real party in interest and therefore, is not entitled to pursue these claims under Rule 17 of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

2. The Cross-Claim fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. If any losses or damages were sustained by the Claimant as referred to in the Cross-Claim, which is denied, such losses or damages were caused by or contributed to by third parties, and not by Deltech.

## FOURTH AFFIRMATIVE DEFENSE

4. The cargoes which are the subject of this Cross-Claim were carried pursuant to the terms and conditions of certain bills of lading, service contracts, tariffs and/or other contracts of carriage by which the Claimant, the shippers, owners, consignees, and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods by Sea

Act ("COGSA"), 46 U.S.C. § 30701, *et seq.*, and/or the Harter Act, 46 U.S.C. § 30701, *et seq.* and Deltech claims the benefits of all rights, immunities, defenses, exonerations, and limitations contained therein.

### FIFTH AFFIRMATIVE DEFENSE

5. Due diligence was not exercised to make the carrying vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipments were carried safe and fit for its reception, in accordance with COGSA, the Harter Act, and the subject bills of lading. Accordingly, if the shipments sustained any loss or damage due to any unseaworthiness of the vessel, owners and MSC are liable for said loss or damage, Deltech.

### SIXTH AFFIRMATIVE DEFENSE

6. The Claimant has failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

7. Claimants Conterm Consolidated Services and Brennan International Transport were not identified in the original cross claim and, thus, their claims are improperly asserted in an amended pleading.

**WHEREFORE,** Deltech respectfully requests that:

1. The court grants judgment in favor of Deltech and dismiss all cross claims asserted by NACA against Deltech;

2. The court awards Deltech all costs, attorneys' fees, and disbursements incurred by Deltech to defend this matter; and

3.  The court grants Deltech such other and further relief as it deems just and proper in Deltech's favor.

Dated: New York, New York
       October 7, 2013

                                              BLANK ROME LLP

                                      By: */s/ William R. Bennett, III*
                                                William R. Bennett, III
                                                Thomas H. Belknap, Jr.
                                                The Chrysler Building
                                                405 Lexington Avenue
                                                New York, NY  10174-0208
                                                T: (212) 885-5000
                                                F: (917) 332-5002
                                                *Attorneys for Deltech Corporation*