BROWN GAVALAS & FROMM LLP
Attorneys for Claimants
BULKHAUL LTD. and
BULKHAUL (USA) INC.
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE M/V MSC FLAMINIA | : | MASTER FILE: 12 Civ. 8892 (AJN) |
| | : | |
| | : | |
| | : | **BULKHAUL'S ANSWER** |
| THIS DOCUMENT RELATES TO: | : | **TO COUNTERCLAIMS** |
| ALL ACTIONS. | : | **OF CONTI AND NSB** |
| | : | |

Claimants Bulkhaul Ltd. and Bulkhaul (USA) Inc. (together "Bulkhaul"), by and through their attorneys, Brown Gavalas & Fromm LLP, as and for their Answer to the Counterclaims of plaintiffs Conti 11. Container Schiffarhrts-GmbH & Co. KG MS "MSC FLAMINIA" and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG (together "Plaintiffs"), hereby allege as follows:

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**JURISDICTION, THE PARTIES, AND VENUE**

1. The allegations contained in paragraph "1" of the Counterclaims consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Bulkhaul denies the allegations contained in paragraph "1" of the Counterclaims.

2. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Counterclaims.

3. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Counterclaims.

4. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Counterclaims.

5. Bulkhaul denies the allegations contained paragraph "5" of the Counterclaims, except admits that it is a Delaware corporation with a place of business in Cranford, New Jersey.

6. Bulkhaul denies the allegations contained paragraph "6" of the Counterclaims, except admits that it is a corporation organized under the laws of a foreign country with a place business in Middlesbrough, United Kingdom.

7. The allegations contained in paragraph "7" of the Counterclaims consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Bulkhaul denies the allegations contained in paragraph "7" of the Counterclaims.

## AS AND FOR AN ANSWER TO THE SECTION TITLED FACTS

8. Bulkhaul admits that on or about July 14, 2012, an explosion and fire occurred aboard the MSC FLAMINIA but, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "8" of the Counterclaims.

9. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Counterclaims.

10. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Counterclaims.

11. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Counterclaims.

12. Bulkhaul admits the allegations contained in paragraph "12" of the Counterclaims.

13. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Counterclaims.

14. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Counterclaims.

15. Bulkhaul denies the allegations contained in paragraph "15" of the Counterclaims.

16. Bulkhaul denies the allegations contained in paragraph "16" of the Counterclaims.

17. Bulkhaul denies the allegations contained in paragraph "17" of the Counterclaims.

## AS AND FOR AN ANSWER TO THE FIRST COUNTERCLAIM

18. Bulkhaul reiterates, repeats and realleges the foregoing paragraphs numbered "1" through "17", inclusive, with the same force and effect as if fully set forth herein.

19. Bulkhaul denies the allegations contained in paragraph "19" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

20. Bulkhaul denies the allegations contained in paragraph "20" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

21. Bulkhaul denies the allegations contained in paragraph "21" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

22. Bulkhaul denies the allegations contained in paragraph "22" of the Counterclaims.

**AS AND FOR AN ANSWER TO THE SECOND COUNTERCLAIM**

23. Bulkhaul reiterates, repeats and realleges the foregoing paragraphs numbered "1" through "22", inclusive, with the same force and effect as if fully set forth herein.

24. Bulkhaul denies the allegations contained in paragraph "24" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

25. Bulkhaul denies the allegations contained in paragraph "25" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

26. Bulkhaul denies the allegations contained in paragraph "26" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

27. Bulkhaul denies the allegations contained in paragraph "27" of the Counterclaims.

**AS AND FOR AN ANSWER TO THE THIRD COUNTERCLAIM**

28. Bulkhaul reiterates, repeats and realleges the foregoing paragraphs numbered "1" through "27", inclusive, with the same force and effect as if fully set forth herein.

29. Bulkhaul denies the allegations contained in paragraph "29" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

30. Bulkhaul denies the allegations contained in paragraph "30" of the Counterclaims.

31. Bulkhaul denies the allegations contained in paragraph "31" of the Counterclaims and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations that do not pertain to Bulkhaul.

32. Bulkhaul denies the allegations contained in paragraph "32" of the Counterclaims.

### AS AND FOR AN ANSWER TO THE FOURTH COUNTERCLAIM

33. Bulkhaul reiterates, repeats, and realleges the foregoing paragraphs numbered "1" through "32", inclusive, with the same force and effect as if fully set forth herein.

34. Bulkhaul admits the allegations of paragraph "34" of the Counterclaims as they relate to Bulkhaul.

35. Bulkhaul denies the allegations contained in paragraph "35" of the Counterclaims.

36. Bulkhaul denies the allegations contained in paragraph "36" of the Counterclaims.

37. Bulkhaul denies the allegations contained in paragraph "37" of the Counterclaims.

38. Bulkhaul denies the allegations contained in paragraph "38" of the Counterclaims.

39. Bulkhaul denies the allegations contained in paragraph "39" of the Counterclaims.

### AS AND FOR AN ANSWER TO THE FIFTH COUNTERCLAIM

40. Bulkhaul reiterates, repeats, and realleges the foregoing paragraphs numbered "1" through "39", inclusive, with the same force and effect as if fully set forth herein.

41. Bulkhaul denies the allegations contained in paragraph "41" of the Counterclaims.

42. Bulkhaul denies the allegations contained in paragraph "42" of the Counterclaims.

43. Bulkhaul denies the allegations contained in paragraph "43" of the Counterclaims.

44. Bulkhaul denies the allegations contained in paragraph "44" of the Counterclaims.

### AS AND FOR AN ANSWER TO THE SIXTH COUNTERCLAIM

45. Bulkhaul reiterates, repeats, and realleges the foregoing paragraphs numbered "1" through "44", inclusive, with the same force and effect as if fully set forth herein.

46. Bulkhaul denies the allegations contained in paragraph "46" of the Counterclaims.

47. Bulkhaul denies the allegations contained in paragraph "47" of the Counterclaims.

48. Bulkhaul denies the allegations contained in paragraph "48" of the Counterclaims.

49. Bulkhaul denies the allegations contained in paragraph "49" of the Counterclaims.

50. Bulkhaul denies the allegations contained in paragraph "50" of the Counterclaims.

### AS AND FOR AN ANSWER TO THE SEVENTH COUNTERCLAIM

51. Bulkhaul reiterates, repeats, and realleges the foregoing paragraphs numbered "1" through "50", inclusive, with the same force and effect as if fully set forth herein.

52. Bulkhaul admits the allegations of paragraph "52" of the Counterclaims.

53. Bulkhaul denies the allegations contained in paragraph "53" of the Counterclaims.

54. Bulkhaul denies the allegations contained in paragraph "54" of the Counterclaims.

55. Bulkhaul admits that on or about July 14, 2012, an explosion and fire occurred aboard the MSC FLAMINIA but, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "55" of the Counterclaims.

56. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Counterclaims.

57. Bulkhaul lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Counterclaims as they pertain to any other party, but admits that Bulkhaul has provided a guarantee for any general average contribution as may be required by law.

58. Bulkhaul denies the allegations contained in paragraph "58" of the Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Bulkhaul incorporates by reference the affirmative defenses set forth in its Answer and Claim in this action, each of which is expressly adopted as if fully set forth herein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrines of waiver, estoppel, and release.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any damages, loss, or injury incurred by Plaintiffs was caused not by any act or omission of Bulkhaul but by the independent intervening or superseding acts or omissions of Plaintiffs and/or other persons or entities over which Bulkhaul had no control and for which Bulkhaul cannot be held liable.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the damages alleged in the Counterclaims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are speculative and therefore not recoverable.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs or any other party sustained damages, which is denied, said damages were caused in whole or in part by their own acts of negligence and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of Bulkhaul.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of culpable conduct in the events giving rise to the claims now asserted in the Counterclaims and its recovery, if any, must be diminished in proportion thereto.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Bulkhaul owes no duty to Plaintiffs and therefore Plaintiffs' claims must be dismissed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Bulkhaul claims the benefit of any and all limitations, defenses, rights and liberties contained in any applicable international convention, statutes, regulations, or law, whether foreign or domestic.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Bulkhaul claims the benefit of any and all limitations, defenses, rights and liberties contained in any applicable bill of lading or other contract of carriage.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs voluntarily assumed the risk of the losses and/or damages alleged in the Counterclaims, said losses and/or damages being specifically denied by Bulkhaul.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs, which are denied, resulted from a peril of the sea or Act of God for which Bulkhaul is not liable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are attributable to one or more persons or entities from whom Plaintiffs do not seek to recover in this action.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to indemnity, express or implied, or contribution, in part or in full, from Bulkhaul because Plaintiffs and/or others are primarily liable to third parties.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

M/V MSC FLAMINIA and other responsible parties failed to make the vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and all other parts of the vessel in which the cargo was carried safe and fit for the cargo's reception, carriage, and preservation in accordance with all applicable contracts and statutes. Accordingly, if Plaintiffs sustained any loss or damage, it was due to the unseaworthiness of the M/V MSC FLAMINIA and Bulkhaul has no liability for such loss or damage.

## ADDITIONAL AFFIRMATIVE DEFENSES

Bulkhaul reserves the right to assert any additional defenses that become apparent during the course of discovery.

**WHEREFORE,** Bulkhaul Ltd. and Bulkhaul (USA) Inc. pray for judgment as follows:

A. Dismissing Plaintiffs' Counterclaims, with prejudice;

B. Granting Bulkhaul its costs, interest, and attorneys' fees; and

C. Granting Bulkhaul such further and different relief as the Court deems just and proper.

Dated: New York, New York
November 15, 2013

Respectfully submitted,

BROWN GAVALAS & FROMM LLP
Attorneys for Claimants
BULKHAUL LTD. and
BULKHAUL (USA) INC.

/s/ Peter Skoufalos
Peter Skoufalos (PS-0105)
Patrick R. O'Mea (PO-0424)
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

9