S:\FILES\5765_MSC_FLAMINIA\LEGAL+DISCOVERY\5765AMMXC.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Attorneys for the DELTECH CARGO INTEREST


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————————
)
)
IN RE MSC FLAMINIA                            )          MASTER FILE
                                              )      12 Civ. 8892 (AJN)
                                              )
—————————————————————————————————)
                                              )  DELTECH CARGO INTEREST'S
                                              )  FIRST AMENDED CROSSCLAIM
                                              )     AGAINST NEWPORT TANK
THIS DOCUMENT RELATES TO ALL ACTIONS          )   CONTAINERS (USA) LLC[1]
                                              )
                                              )
—————————————————————————————————)

        National Union Fire Insurance Company of Pittsburgh,

Pa., Deltech Corporation, and Deltech Europe Limited, (collec-

tively, "Deltech Cargo Interest"), by their attorneys, Kennedy

Lillis Schmidt & English, crossclaiming against NewPort Tank

Containers (USA) LLC, states and allege as follows.


                        JURISDICTION

        1. All and singular the following premises are true

and constitute an admiralty or maritime claim within the meaning

—————————————————————————————
[1] This pleading amends, as against NewPort only, the crossclaim appearing in
docket document 162 (of which docket document 164 is a duplicate) at ¶¶54-60.

of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S. Code § 1333, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

<u>PARTIES</u>

2. At all times relevant herein, National Union Fire Insurance Company of Pittsburgh, Pa. was and is a corporation organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania with an office and place of business at 175 Water Street, New York, New York.

3. At all times relevant herein, Deltech Corporation was and is a corporation organized under and existing by virtue of the laws of the State of Delaware with an office and place of business at 11911 Scenic Highway, Baton Rouge, Louisiana.

4. At all times relevant herein, Deltech Europe Limited, was and is a private limited company organized under and existing by virtue of the laws of the United Kingdom with a registered office at Piperell Way, Haverhill, Suffolk CB9 8PH, England.

5. At all times relevant herein, NewPort Tank Containers (USA) LLC ("NewPort LLC") was and now is a limited liability company organized under and existing by virtue of the laws of the State of Ohio with an office and place of business

at 1340 Depot Street, Cleveland, Ohio, and is the successor-in-interest to NewPort Tank Containers, Inc. ("NewPort").

OPERATIVE FACTS

6.  At all times relevant herein, NewPort was engaged in business as a common carrier of merchandise by water for hire from ports and/or places in the United States to ports and/or places outside the United States.

7.  On or about June 25, 2012, at Baton Rouge, Louisiana, Deltech Corporation shipped and delivered to NewPort 19,686.24 kilograms of para-tertiary-butylstyrene, stabilized, valued at $177,506.00 DAP Haverhill.

8.  On or about June 25, 2012, at Baton Rouge, Louisiana, Deltech Corporation shipped and delivered to NewPort 19,622.73 kilograms of para-tertiary-butylstyrene, stabilized, valued at $176,933.40 DAP Haverhill.

9.  After receiving the two parcels of cargo (collectively referred to hereafter as "the cargo") to which paragraphs 7 and 8 refer, NewPort acknowledged receipt thereof in apparent good order and condition by issuance of its bills of lading 56190594 and 56190604, pursuant to the valid terms of which, in consideration of freight charges thereupon paid or agreed to be paid, NewPort undertook to transport the said cargo by sea to

3

Felixstowe and thence to Haverhill, England, and there to deliver it, in the same good order and condition as when received by it, to the consignee named in the said bills of lading, Deltech Europe Limited.

10.  The aforesaid NewPort bills of lading identify the vessel upon which the cargo was to be transported as the MSC FLAMINIA.

11.  NewPort failed to deliver the cargo that was identified in NewPort bill of lading 56190604, all in violation of NewPort's obligations and duties as a common carrier of merchandise by water for hire.

12.  The cargo identified in NewPort bill of lading 56190594 eventually arrived at Deltech Europe Limited in Haverill, England, but not in the same good order and condition as when shipped and delivered to NewPort.

13.  The cargo identified in NewPort bill of lading 56190594 was, at the time of arrival in Haverill, and remains, discolored and unsalable, rendering it a total loss.

14.  Such off-color condition in the cargo identified in NewPort bill of lading 56190594 arose due to conditions to which the cargo was subjected between the time of shipment and arrival at Haverill, all in violation of NewPort's obligations

4

and duties as a common carrier of merchandise by water for hire, and without any fault on the part of Deltech Corporation or Deltech Europe Limited, or any defect in the cargo itself.

15.   National Union Fire Insurance Company of Pittsburgh, Pa. is the subrogated insurer of the shipper, consignee or owner of the shipments described herein and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and it is entitled to maintain this action.

16.   The Deltech Cargo Interest parties have performed all the duties and obligations on their respective parts to be performed.

17.   By reason of the premises, the Deltech Cargo Interest parties have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $354,439.40.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Deltech Cargo Interest parties pray:

1.   That if NewPort LLC cannot be found within this District, then all its property within this District be attached

in the sum of $354,439.40, with interest thereon and costs, the sum sued for in this crossclaim;

    2. That judgment be entered in favor of the Deltech Cargo Interest parties against NewPort LLC in the sum of $354,439.40, together with interest and costs and the disbursements of this action;

    3. That this Court grant to the Deltech Cargo Interest parties such other and further relief as to this Court shall appear just and proper in the premises.

Dated:  New York, New York    KENNEDY LILLIS SCHMIDT & ENGLISH
        January 22, 2014      Attorneys for DELTECH CARGO INTEREST

By: _____
    Charles E. Schmidt
    75 Maiden Lane – Suite 402
    New York, New York  10038-4816
    Telephone:  212-430-0800

To:  ALL COUNSEL