```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE M/V MSC FLAMINIA                                       :   MASTER FILE: 12-Civ. 8892 (AJN)
                                                             :
------------------------------------------------------------ :
THIS DOCUMENT RELATES TO:                                    :
                                                             :
IN THE MATTER OF THE COMPLAINT                               :
OF CONTI 11. CONTAINER                                       :
SCHIFFAHRTS-GMBH & CO. KG MS                                 :
"MSC FLAMINIA," AS OWNER, AND                                :   MEMORANDUM
NSB NIEDERELBE                                               :   & ORDER
SCHIFFAHRTSGESELLSCHAFT MBH &                                :
CO. KG, AS OPERATOR, OF THE MSC                              :
FLAMINIA FOR EXONERATION FROM                                :
LIMITATION OF LIABILITY                                      :
                                                             :
12 Civ. 8892 (AJN)                                           :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 27 2014

ALISON J. NATHAN, District Judge:

On December 7, 2012, Conti 11. Container Schiffahrts-Gmbh & Co. Kg Ms "MSC Flaminia" ("Conti") and NSB Niederelbe Schiffahrtsgesselschaft MBH & Co. KG ("NSB") commenced this action under 46 U.S.C. § 30511 seeking to limit their liability arising from a July 14, 2012 explosion and fire on board the MSC Flaminia (the "Flaminia"), a cargo ship owned by Conti and operated by NSB. In this limitation proceeding and in several other lawsuits—all of which are currently consolidated before the undersigned—various parties who suffered losses in the explosion brought claims against Conti, NSB, and Mediterranean Shipping Co. S.A. ("MSC"), the Flaminia's charterer.

Conti and NSB commissioned an independent investigation into the cause of the Flaminia's explosion, and to allow for sufficient review of the investigation's results, the parties stipulated that counter-claims and cross-claims would be filed by July 1, 2013. Dkt. No. 134.

1

On that date, numerous owners of cargo aboard the Flaminia (the "Cargo Claimants") filed cross-claims against two parties associated with certain hazardous chemicals stored in Hold 4 of the ship, which the preliminary investigation had suggested might have contributed to the explosion. Those parties were Deltech Corporation ("Deltech") and Stolt Tank Containers B.V. ("Stolt"). Dkt. No. 169. Deltech, Stolt, and several affiliated entities also filed cross-claims against a number of Cargo Claimants. Dkt. Nos. 162, 165. As relevant here, two of the Cargo Claimants against which Stolt filed cross-claims were Panalpina Inc. and Panalpina World Transport Ltd. (collectively, "Panalpina").

On August 1, 2013, the Cargo Claimants filed a motion to dismiss Deltech's and Stolt's cross-claims. Dkt. No. 220. Panalpina, which is represented by separate counsel, filed a document joining in the arguments made by the other Cargo Claimants and also asserting its own grounds for dismissal. Dkt. No. 242. Specifically, Panalpina argued that it had been "inadvertent[ly]" listed by counsel in claims asserted by the Cargo Claimants against Conti, NSB, and MSC; in fact, it did not own any cargo aboard the Flaminia, and was simply a "freight forwarder" who facilitated the movement of certain cargo to the ship. *Id.* at 2. As a result, Panalpina wanted out of this case, and claimed that because it should not have been involved in the first place, the cross-claims against it were improper. (The Court later endorsed a stipulation removing Panalpina from all of the Cargo Claimants' claims. Dkt. No. 264.)

Since the Cargo Claimants' motion to dismiss was filed, Stolt and Deltech have agreed— Stolt formally, and Deltech in principle—to withdraw their cross-claims against the Cargo Claimants without prejudice to reasserting them after further discovery. Dkt. Nos. 263, 265. However, the stipulation dismissing Stolt's cross-claims provided that those claims "remain[ed] in full force and effect" against Panalpina. Dkt. No. 265, at 2. Accordingly, although the

majority of the Cargo Claimants have withdrawn their August 1, 2013 motion to dismiss as against Stolt, that motion remains pending insofar as Panalpina is concerned.

In opposing Panalpina's motion to dismiss, Stolt argues that its claims were proper under Federal Rule of Civil Procedure 13 because Stolt and Panalpina were "at all relevant times . . . answering defendants as well as claimants in the Limitation Action." Stolt Opp. at 6; *see* Fed. R. Civ. P. 13(g) (allowing for cross-claims against "a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim"). However, as Panalpina notes in its reply brief, Stolt has not addressed the Cargo Claimants' original argument—which Panalpina has joined—that its cross-claims should be dismissed for failure to state a claim. Panalpina Reply at 2–4; *see* Fed. R. Civ. P. 12(b)(6). The Court agrees that Stolt's cross-claims must be dismissed on that basis.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, in assessing whether a pleading states a plausible claim to relief, courts disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Under these standards, Stolt's cross-claims fall far short. Its pleading fails to distinguish in any respect among the parties targeted by its claims; those parties are simply listed on a

3

schedule attached to the pleading. Stolt also fails to articulate any factual basis whatsoever on which those parties, including Panalpina, might plausibly be liable to it. Instead, it simply asserts that if Stolt is held liable in this action, then those parties bear responsibility for that liability for one reason or another. Dkt. No. 165 ¶¶ 10, 15, 19. To call these allegations conclusory would be generous. Therefore, Stolt's claims against Panalpina are dismissed, and the Court need not decide whether Panalpina was a proper cross-claim defendant.

The Court is aware that the insufficiencies in Stolt's pleading are likely the result of uncertainty surrounding the cause of the Flaminia explosion.[1] That uncertainty is surely why Stolt agreed with the other Cargo Claimants to put off its claims against them pending further discovery. But these practical concerns cannot justify a wholesale relinquishment of established pleading standards. Moreover, as Panalpina notes, Stolt will not be prejudiced by dismissal because third-party practice remains available. Panalpina Reply at 5. (Given that the Court has not addressed the merits of Stolt's claims in any detail, dismissal is without prejudice; indeed, Panalpina explicitly seeks only "a without prejudice dismissal." *Id.*) Although Stolt contends that dismissing its cross-claims and requiring it to file third-party claims would be inefficient, Stolt Opp. at 9 & n.10, the Court disagrees. If Stolt has plausible claims to make against Panalpina, asserting them in a third-party complaint that actually meets the pleading standards will provide everyone involved with better notice of the nature of those claims, thereby serving judicial economy in the long run.

In light of the Court's conclusion, Panalpina and Stolt are hereby ordered to submit a joint letter to the Court by March 7, 2014 proposing a schedule for any third-party claims that Stolt wishes to bring against Panalpina.

---

[1] The Court will not address the Cargo Claimants' argument that Stolt's cross-claims violate Rule 11(b)(3), which Panalpina does not press in its own moving papers. *See* Cargo Claimants' Br. at 8.

Finally, as noted above, Deltech has not yet formally withdrawn its cross-claims against the Cargo Claimants, so the Cargo Claimants' motion to dismiss those claims technically remains open pending a stipulation of dismissal. On September 16, 2013—more than five months ago—the Court adjourned Deltech's deadline for opposing the Cargo Claimants' motion sine die, in light of its representation that a stipulation would "take a couple more weeks to resolve." Dkt. No. 258, at 2. On January 16, 2014, counsel for Deltech submitted a letter stating that the stipulation "is now nearing execution." Dkt. No. 418, at 1. All of Deltech's cross-claims are hereby dismissed without prejudice, and Deltech and the relevant Cargo Claimants are ordered to submit a dismissal stipulation within 30 days. The Court will consider extending this deadline if a party demonstrates that there is good cause for doing so. As a result of the foregoing, the Cargo Claimants' pending motion to dismiss is denied as moot.

This order resolves Docket Number 220.

SO ORDERED.

Dated: February 26, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge