Joseph J. Perrone
Giuliano McDonnell & Perrone, LLP
**Attorneys for DELTECH CORPORATION**
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Fascimile:  (646) 328-0121


-    and    -


Charles E. Schmidt
Kennedy Lillis Schmidt & English
**Attorneys for DELTECH CARGO INTEREST**
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Telephone: (212) 430-0800
Facsimile:  (212) 430-08510

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11. CONTAINER SCHIFFAHRTS-GMGH & CO. KG MS "MSC FLAMINIA", AS OWNER, AND NSB NIEDERELBER SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM LIMITATION OF LIABILITY <br><br> Plaintiffs. | 12 Civ. 8892 (TPG) <br> and consolidated actions <br><br> **DELTECH'S FIRST AMENDEDTHIRD-PARTY COMPLAINT AGAINST PANALPINA, INC., AND PANALPINA WORLD TRANSPORT LTD.** |

Deltech Corporation, by its attorneys Giuliano McDonnell & Perrone, LLP, and National Union Fire Insurance Co. of Pittsburgh, PA, in its capacity as subrogated insurer, by its attorneys Kennedy Lillis Schmidt & English (collectively referred to herein, solely for the purposes of this pleading as "Deltech,") as and for their third-party complaint against third-party defendants Panalpina, Inc. and Panalpina World Transport Ltd. (collectively referred to as "Panalpina") allege upon information and belief as follows:

## JURISDICTION, THE PARTIES, AND VENUE

1.      This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and within the supplemental jurisdiction of this court pursuant to 28 U.S.C. §1367.

2.      At all relevant times mentioned herein, Deltech was and still is a corporation organized and existing under the laws of Delaware with a place of business at 11911 Scenic Highway, Baton Rouge, Louisiana 78807 USA.

3.      At all relevant times mentioned herein, Deltech Europe Limited, was and is a private limited company organized under and existing by virtue of the laws of the United Kingdom with a registered office at Piperell Way, Haverhill, Suffolk CB9 8PH, England.

4.      At all relevant times mentioned herein, National Union Fire Insurance Company of Pittsburgh, Pa. was and is a corporation organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania with an office and place of business at 175 Water Street, New York, New York.

5.      At all relevant times mentioned herein, Third-Party Defendant Panalpina, Inc. was and still is a corporation organized and existing under the laws of the State of New York with a place of business at 1776 on the Green, 67 East Park Place, Morristown, NJ, USA and was and is engaged in the business as a freight forwarder.

6.      At all relevant times mentioned herein, Third-Party Defendant Panalpina World Transport, Ltd. was and still is a corporation organized and existing under the laws of Switzerland with a place of business located at 1776 on the Green, 67 East Park Place, Morristown, NJ, USA and was and is engaged in the business as a freight forwarder.

2

7.      Defendant Stolt Tank Containers BV ("Stolt") contracted with Deltech to arrange for shipping Deltech products to Europe, including divinylbenzene ("DVB").

8.      Deltech gave certain instructions to Stolt regarding the carriage of DVB, including but not limited to that the tanks of DVB should be stored above deck for temperature monitoring and that the DVB should not be stowed next to sources of heat.

9.      Deltech and/or Stolt contracted with Panalpina and/or BDP International, Inc. ("BDP") to assist with Deltech's shipments, including its shipment of DVB.

10.     Through their combined efforts, Stolt, Panalpina and BDP arranged for shipments of DVB onboard the MSC Flaminia ("the Vessel").

11.     At all relevant times herein, the Vessel was chartered by Mediterranean Shipping Company ("MSC") and operated by NSB Niederelber Schiffahrtsgesellschaft MBH & Co. KG ("NSB").

## FACTS

12.     Deltech Corporation and/or Deltech Europe Ltd. were the shippers, consignees or owners of the goods shipped aboard the Vessel in containers UTCU459701-3, UTCU461521-0 and UTCU473373-7 pursuant to, *inter alia,* Stolt bill(s) of lading 1831433212, 18314233112, or others, and MSC bills of lading MSCUOE640393, MSCUOE640450 and MSCUOE640351 and were the shippers, consignees or owners of the goods shipped aboard the Vessel in containers GESU801685-7 GESU8022272-0 pursuant to Newport bills of lading 56190594 and 56190604 and MSC bills of lading MSCUOE641037 and MSCUOE641078.

13.     Stolt and/or Panalpina prepared shipping documents for the ocean transport of DVB on board the Vessel, including but not limited to the Stolt bills of lading mentioned in paragraph 12.

3

14.     The Stolt bills of lading contained some of the instructions for carriage of DVB that Deltech had given Stolt.

15.     The Ocean bills of lading generated by MSC ("the MSC bills of lading") failed to include the instructions for carriage listed on the Stolt Bills of Lading.

16.     Stolt, BDP and/or Panalpina failed to provide MSC with Deltch's instructions and warnings regarding how to safely ship the DVB cargoes.

17.     Stolt, BDP and/or Panalpina either reviewed or should have reviewed the MSC Bills of Lading prior to the transport of the DVB on board the Vessel.

18.     Stolt, BDP and Panalpina failed to correct the MSC Bills of Lading, or to otherwise inform MSC that the MSC bills of lading omitted Deltech's instructions for carriage of the DVB.

19.     On or about July 14, 2012, a fire and explosion occurred aboard the Vessel. (hereinafter the "Casualty").

20.     As a result of the Casualty, several crew members were allegedly injured; three crew members died; the Vessel suffered damage; and, many cargoes, including Deltech's, were damaged and/or lost.

21.     On or about July 17, 2012, salvors reached the Vessel.  General Average was declared on or about August 8, 2012.

22.     The Vessel owner has asserted that it is entitled to recover from Deltech their proportionate share(s) of alleged General Average expenses, and has sought a declaratory judgment that it is entitled to General Average contributions from Deltech.   For the reasons stated herein below, Deltech denies any allegation that they are liable to contribute in General Average.

23.     On or about September 9, 2012, the Vessel arrived and was re-delivered by salvors to the Vessel owners and NSB at Wilhelmshaven, Germany, where certain cargo was discharged and the investigation into the cause of the Casualty began.

24.     Following the investigation, allegations have been made that the DVB cargo shipped by Deltech caused or contributed to the Casualty.

25.     If it is determined that the DVB cargo caused or contributed to the casualty, losses, damages, injuries, and destruction resulting therefrom were not caused or contributed to by any acts or omissions of Deltech Corporation, but rather, were caused or contributed to by want of care, design, neglect, fault and privity on the part of Panalpina.

## FIRST THIRD-PARTY CLAIM AGAINST PANALPINA
### (Indemnification and/or Contribution)

26.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 25, inclusive, with the same force and effect as if fully set forth herein.

27.     If it is determined that the DVB cargo caused or contributed to the Casualty, this was due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of Panalpina.

28.     The Casualty aboard the Vessel was not caused or contributed to by any act, omission, fault or neglect on the part of Deltech, its agents, servants or employees.

29.     By reason of the Casualty aboard the Vessel, Deltech has suffered damages and exposure to third-party claims, including damage to the Vessel, cargo, property, salvage claims, wrongful death and survivorship claims; General Average expenses; and claims for indemnity and contribution from other parties to this lawsuit, in an estimated aggregate amount in excess of US $100 million.

30.     If it is determined that the DVB cargo caused or contributed to the Casualty, all of Deltech's damages and losses as aforesaid are directly attributable to and cause by the aforesaid wrongful acts and omissions or other misconduct of Panalpina and/or their agents, without any fault of Deltech or its agents contributing thereto; and therefore, Panalpina should be held solely and/or jointly liable to Deltech for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

31.     In the event that Deltech is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the subject Casualty, said liability being expressly denied by Deltech, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of Panalpina, or their officers, agents, servants, and employees and, therefore, Deltech should be granted full recovery over and against, and be indemnified by, or secure contribution from Panalpina for all sums so recovered against Deltech, including attorneys' fees, expenses, interest, and costs.

## AS AND FOR A SECOND THIRD-PARTY CLAIM
### AGAINST PANALPINA
**(General Negligence)**

32.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 31, inclusive, with the same force and effect as if fully set forth herein.

33.     The Casualty was not caused or contributed to by any fault or neglect on the part of Deltech, but was caused in whole, or in part, by Panalpina's failure to properly care for and communicate all relevant instructions concerning the transport of Deltech's cargo.

34.     If it is determined that the DVB cargo caused or contributed to the Casualty, such was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross

negligence, willful, wanton, and reckless misconduct of Panalpina.  Said conduct includes, but is not limited to, handling of Deltech's DVB cargoes, failure to ensure that Deltech's shipping instructions were communicated to Stolt, BDP, MSC and NSB, failing to detect the omission of Deltech instructions from the Stolt and MSC bills of lading and/or failing timely and effectively to address those failures with Stolt and/or MSC, which caused and/or contributed to the Casualty and the resulting damage to Deltech.

35.     The explosion and/or fire aboard the MV MSC Flaminia and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Panalpina and, therefore, Panalpina should be held liable to all parties who have made claims against Deltech in this litigation.

36.     Wherefore, Deltech is entitled to judgment on its affirmative claims for the loss of its cargoes against Panalpina; to judgment as against Panalpina on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; and is entitled to be fully indemnified by Panalpina for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and further, Deltech is also entitled to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

## AS AND FOR A THIRD THIRD-PARTY
## CLAIM AGAINST PANALPINA
### (Failure To Warn)

37.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 36, inclusive, with the same force and effect as if fully set forth herein.

38.     Panalpina was obligated to adequately warn and/or inform all interested parties as to the nature of DVB and specifically to inform the carrier of the instructions for carriage of DVB given by Deltech to Stolt.

39.     If it is determined that the DVB cargo caused or contributed to the Casualty, this was as a result of Panalpina's failure to adequately warn and/or inform the carrier or its subcontractors of the nature of DVB, causing or contributing to the improper stowage aboard the Vessel and to the resultant Casualty.

40.     The explosion and/or fire aboard the MV MSC Flaminia and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Panalpina and, therefore, Panalpina should be held liable to all parties who have made claims against Deltech in this litigation.

41.     Wherefore, Deltech is entitled to judgment on its affirmative claims for the loss of its cargoes against Panalpina; to judgment as against Panalpina on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; and is entitled to be fully indemnified by Panalpina for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and further, Deltech is also entitled to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

## AS AND FOR A FOURTH THIRD-PARTY CLAIM
## AGAINST PANALPINA

42.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 41, inclusive, with the same force and effect as if fully set forth herein.

43.     Deltech denies that its cargo of DVB caused or contributed to the casualty, but should be concluded that the DVB caused or contributed to the casualty, Panalpina was obligated and duty-bound, regardless of knowledge, to ensure that the cargo of DVB was properly stowed and stored at all times while said cargo was in the possession of their agents.  Contrary to the handling instructions provided to Stolt, Panalpina and others, the DVB cargo was not stored or stowed in accordance with specific shipping instructions.

44.     If it is determined that the DVB cargo caused or contributed to the Casualty, thus was as a result of Panalpina's failure to ensure that DVB was properly transported, stowed, and stored, Panalpina's own negligent acts and/or omissions caused or contributed to a Casualty.

45.     The explosion and/or fire aboard the MV MSC Flaminia and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Panalpina and, therefore, Panalpina should be held liable to all parties who have made claims against Deltech in this litigation.

46.     Wherefore, Deltech is entitled to judgment on its affirmative claims for the loss of its cargoes against Panalpina; to judgment as against Panalpina on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; and is entitled to be fully indemnified by Panalpina for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and further, Deltech is also entitled to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

## AS AND FOR A FIFTH THIRD-PARTY CLAIM AGAINST
## PANALPINA FOR LOSS AND DAMGE TO DELTECH'S CARGO

47.    Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 46, inclusive, with the same force and effect as if fully set forth herein.

48.    Deltech Corporation and/or Deltech Europe Ltd. were the shippers, consignees or owners of the goods shipped aboard the Vessel in containers UTCU459701-3, UTCU461521-0 and UTCU473373-7 pursuant to *inter alia,* Stolt bill(s) of lading 18314233212, 1831423312 or others, and MSC bills of lading MSCUOE640393, MSCUOE640450 and MSCUOE640351 and were the shippers, consignees, or owners of the goods shipped aboard the Vessel in containers GESU801685-7 GESU802272-0 pursuant to Newport bills of lading 56190594 and 56190604 and MSC bills of lading MSCUOE641037 and MSCUOE641078.

49.    Deltech Corporation and/or Deltech Europe Ltd. were the third-party beneficiaries of any and all contracts or agreements between NewPort, Stolt and Panalpina regarding the goods shipped aboard the Vessel as described in the previous paragraph.

50.    National Union Fire Insurance Company of Pittsburg, PA, at all material times herein, was and is the insurer of Deltech's cargo and, as such, is subrogated to the rights Deltech and asserts this claim on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and it is entitled to maintain this claim.  .

51.    Deltech's cargo was delivered to MSC, Stolt and NewPort in actual good order and condition for transportation and delivery as contracted for in the bills of lading issued by MSC, Stolt and Newport.

52.     The cargo identified in NewPort bill of lading 56190594 eventually arrived at Deltech Europe Limited in Haverill, England, but not in the same good order and condition as when shipped and delivered to NewPort.

53.     The cargo identified in NewPort bill of lading 56190594 was, at the time of arrival in Haverill, and remains, discolored and unsalable, rendering it a total loss.

54.     Such off-color condition in the cargo identified in NewPort bill of lading 56190594 arose due to conditions to which the cargo was subjected between the time of shipment and arrival at Haverill, without any fault on the part of Deltech Corporation or Deltech Europe Limited, or any defect in the cargo itself.

55.     MSC and Stolt or NewPort failed to deliver the other goods identified in bills of lading other than NewPort bill of lading 56190594.

56.     Deltech denies that its cargo of DVB caused or contributed to the casualty, but should it be concluded that the DVB caused or contributed to the casualty, Panalpina and BDP were obligated and duty-bound, regardless of knowledge, to ensure that Deltech's instructions concerning the safe carriage of the cargo of DVB were timely and effectively communicated to Stolt and MSC, and that any deficiencies in the Stolt and/or MSC bills of lading were timely and effectively addressed, so that the cargo would be properly stowed and stored at all times while said cargo was in their possession or in the possession of their agents.  Contrary to the handling instructions provided to Stolt and Panalpina, the DVB cargo was not stored or stowed in accordance with specific shipping instructions.

57.     Panalpina failed in its duty to insure that Deltech's instructions concerning the carriage of the cargo of DVB were timely and effectively communicated to Stolt and MSC, and that any deficiencies in the Stolt and/or MSC bills of lading were timely and effectively

addressed, causing or contributing to stowage aboard the FLAMINIA that did not accord with Deltech's specific instructions.

58.     If it is determined that the DVB cargo caused or contributed to the Casualty, this arose as a result of Panalpina's failure to ensure that Deltech's instructions concerning the carriage of the cargo of DVB were timely and effectively communicated to Stolt and MSC, and that any deficiencies in the Stolt and/or MSC bills of lading were timely and effectively addressed, causing or contributing to stowage aboard the FLAMINIA that did not accord with Deltech's specific instructions and Panalpina's own negligent acts and/or omissions caused or contributed to a Casualty.

59.     The explosion and/or fire aboard the MV MSC Flaminia and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Panalpina and, therefore, Panalpina should be held liable to all parties who have made claims against Deltech in this litigation.

60.     Wherefore, Deltech is entitled to judgment on its affirmative claims for the loss of its cargoes against Panalpina; to judgment as against Panalpina on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; and is entitled to be fully indemnified by Panalpina for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and further, Deltech is also entitled to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

61.     By reason of the foregoing, Deltech is entitled to a judgment in their favor against Panalpina jointly and severally, in the sum of $586,998.52, together with interest on that sum and their costs, and for indemnity for all such sums for which they may be found liable to contribute

as General Average, and such other and further relief as to this Court shall appear just and proper in the premises.

**WHEREFORE,** Deltech prays that:

1. Judgment be entered in favor of Deltech as against Panalpina, on these third-party claims and dismissing all claims whatsoever against Deltech, including all cross-claims and counterclaims;

2. Panalpina to be liable to Deltech for indemnity and for all such sums for which Deltech may be found liable as a result of any third-party claims, including attorney's fees, interest, costs and disbursements;

3. Judgment be entered in favor of Deltech's as against Panalpina for contribution toward any losses or damages suffered by Deltech as a result of any third-party claims recovered against Deltech, including legal fees and disbursements incurred in defense of third-party claims;

4. Judgment be entered in Deltech's favor as against Panalpina in the sum of $586,998.52, together for the loss of Deltech's cargoes, plus interest and costs;

5. Judgment be entered in Deltech's favor declaring that Deltech is not liable for the payment of any contribution in General Average or for any sum that may be stated by the General Average   Adjuster in any General Average Adjustment that may eventually be issued in connection with this casualty,

6. Pursuant to F. R. Civ. Pro. 14(c), that judgment be entered in favor of all parties that have asserted claims against Deltech herein, including Conti, NSB, MSC, Stolt, all Cargo Claimant and Siuta; and that the Third-Party

Defendant Panalpina be required to appear and answer each such pleading; and

7.  Judgment be entered in favor of Deltech for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
         April 17, 2014

RESPECTFULLY SUBMITTED,
GIULIANO MCDONNELL & PERRONE, LLP
*Attorneys for Claimant*
DELTECH CORPORATION


By:       s/*Joseph J Perrone*
          Joseph J. Perrone, Esq.


              -    and    -

          Charles E. Schmidt
          KENNEDY LILLIS SCHMIDT & ENGLISH
          Attorneys for Claimant
          DELTECH EUROPE, LTD.
          & NATIONAL UNION FIRE INS. CO.
          OF PITTSBURGH PA. a/s/o DELTECH
          CORPORATION


By:              s/
          Charles E. Schmidt, Esq.


TO:     SEE ATTACHED SERVICE LIST


Casework\1E Cases\E400-Deltech\Pleadings\DELTECH'S THIRD-PARTY COMPLAINT PANALPINA-041014