Joseph J. Perrone
Giuliano McDonnell & Perrone, LLP
***Attorneys for DELTECH CORPORATION***
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Fascimile:  (646) 328-0121

-    and    -

Charles E. Schmidt
Kennedy Lillis Schmidt & English
***Attorneys for DELTECH EUROPE, LTD.***
 ***& NATIONAL UNION FIRE INS. CO. OF PITTS. PA.***
 ***a/s/o DELTECH CORPORATION***
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Telephone: (212) 430-0800
Facsimile:  (212) 430-0851

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE M/V FLAMINIA | MASTER FILE:  12 Civ. 8892 (AJN) |
| Deltech Corporation and National Union Fire Insurance Co. of Pittsburgh, PA,<br><br>                    Third-Party Plaintiffs,<br>        v.<br><br>BDP International, Inc., BDP International, NV, and Rubicon LLC,<br><br>                    Third-Party Defendants. | **DELTECH'S FIRST AMENDED THIRD-PARTY COMPLAINTAGAINST BDP INTERNATIONAL, INC., AGAINST BDP INTERNATIONAL, NV, AND AGAINST RUBICON, LLC**_____ |

Third-Party  Plaintiffs  Deltech  Corporation,  by  its  attorneys  Giuliano  McDonnell  &

Perrone,  LLP,  and  National  Union  Fire  Insurance  Co.  of  Pittsburgh,  PA,  in  its  capacity  as

subrogated insurer, by their attorneys Kennedy Lillis Schmidt & English (collectively referred to

herein,  solely  for  the  purposes  of  this  pleading  as  "Deltech,")  as  and  for  their  Third-Party

Complaint  against  Third-Party  Defendant  BDP  International,  Inc.,  against  Defendant  BDP

International, NV and against Third-Party Defendant Rubicon, LLC, allege upon information and belief as follows:

## JURISDICTION, THE PARTIES, AND VENUE

1.      This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      At all relevant times mentioned herein, Deltech was and still is a corporation organized and existing under the laws of Delaware with a place of business at 11911 Scenic Highway, Baton Rouge, Louisiana 78807 USA.

3.      At all relevant times mentioned herein, Third-Party Defendant BDP International, Inc. ("BDP") was and still is a corporation organized and existing under the laws of the State of Pennsylvania with a place of business located at 50 Walnut Street, Philadelphia, Pennsylvania and was engaged and is in the business as a freight forwarder.

4.      At all relevant times mentioned herein, claimant BDP International, NV (BDP International N.V. and BDP International Inc. collectively referred to as "BDP") was and still is a corporation organized and existing under foreign law with a place of business at Braderijstraat 11, Antwerpen B-2000, and Belgium and was and is engaged in the business as a freight forwarder.

5.      At all times relevant hereto, Rubicon LLC ("Rubicon") was and still is a corporation organized and existing under the laws of the State of Utah with a principal place of business at 500 Huntsman Way, Salt Lake City, Utah, USA.

## FACTS RELEVANT TO ALL THIRD-PARTY CLAIMS HEREIN

6.      Defendant Stolt Tank Containers BV ("Stolt") contracted with Deltech to arrange for shipping Deltech products to Europe, including divinylbenzene ("DVB").

7.      Deltech gave certain instructions to Stolt regarding the carriage of DVB, including but not limited to that the tanks of DVB should be stored above deck for temperature monitoring and that the DVB should not be stowed next to sources of heat.

8.      Stolt contracted with BDP to assist with Deltech's shipments, including its shipment of DVB.

9.      Through their combined efforts, Stolt and DBP arranged for shipments of DVB onboard the MSC FLAMINIA ("the Vessel").

10.     Mediterranean Shipping Company ("MSC") was the operator of the Vessel at all relevant times herein.

11.     Deltech Corporation and/or Deltech Europe Ltd. were the shippers, consignees or owners of the goods shipped aboard the Vessel in containers UTCU459701-3, UTCU461521-0 and UTCU473373-7 pursuant to, *inter alia,* Stolt bill(s) of lading 18314233312 and others, and MSC bills of lading MSCUOE640393, MSCUOE640450 and MSCUOE640351 and were the shippers, consignees or owners of the goods shipped aboard the Vessel in containers GESU801685-7 GESU8022272-0 pursuant to Newport bills of lading 56190594 and 56190604 and MSC bills of lading MSCUOE641037 and MSCUOE641078.

12.     Stolt, BDP and/or Panalpina, Inc. prepared shipping documents for the ocean transport of DVB on board the Vessel, including but not limited to the Stolt bills of lading mentioned in paragraph 10.

13.     The Stolt bills of lading contained some of the instructions for carriage of DVB that Deltech had given Stolt.

14.     The bills of lading generated by MSC ("the MSC Bills of Lading") failed to include the instructions for carriage listed on the Stolt bills of lading.

15.     BDP either reviewed or should have reviewed the MSC Bills of Lading prior to the transport of the DVB on board the Vessel.

16.     BDP failed to correct the MSC Bills of Lading, or to otherwise inform MSC that the MSC bills of lading omitted Deltech's instructions for carriage of the DVB.

17.     Rubicon produces Diphenylamine ("DPA"), for or with Chemtura, a product when heated and shipped as a liquid is known as "DPA liquid."  For DPA liquid to remain in liquid form during transit, it must be kept at or above 53° C.

18.     In or around June 2012, Rubicon shipped ten (10) containers of DPA liquid that were carried aboard the MV MSC FLAMINIA.

19.     Rubicon's ten (10) tank containers of DPA liquid were carried pursuant to bills of lading issued by Bulkhaul, which was operating as an NVOCC with respect to this shipment.

20.     Rubicon, in preparing its transportation documents, failed to disclose to the carriers that the DPA liquid cargo was a heated or "HOT" cargo, as it was being shipped at an elevated temperature.

21.     The ten (10) containers of DPA liquid were stored in hold number four aft in the MV MSC FLAMINIA and surrounded Deltech's DVB cargo.

22.     The stowage by the owners, operators, charters and agents of the MV MSC FLAMINIA of the ten (10) containers of DPA liquid in close proximity to Deltech's DVB cargo directly contradicted and violated Deltech's specific instructions to store the DVB on deck and

4

away from heat sources.  Rubicon's failure to properly, accurately and sufficiently describe the DPA liquid in the shipping documents, including the bills of lading, constitutes negligence that caused or contributed to causing plaintiffs' and claimants' losses and damages.

23.     Had Rubicon properly identified, labeled and/or prepared the bills of lading and ten (10) tanks of containers of DPA liquid cargo that reflected its elevated temperature, the MV MSC FLAMINIA's owners, operators, charters would not or should not have stored the "HOT" DPA liquid near or around Deltech's DVB cargo.

24.     On or about July 14, 2012, a fire and explosion occurred aboard the MV MSC FLAMINIA ("the Casualty").  It is alleged that the fire and explosion started in the vessel's hold number 4, where Deltech's DVB cargo and Rubicon's DPA liquid cargo, along with approximately 300 other cargo containers, were stored by the owners/operators/charters of the vessel.

25.     As a result of the Casualty, several crew members were allegedly injured; three crew members died; the Vessel suffered damage; and, may cargoes, including Deltech's, were damaged and/or lost.

26.     The destruction of Deltech's cargoes in the fire and explosion resulted in damages to Deltech, Deltech Europe, Ltd. & National Fire Union Insurance Co. of Pittsburgh, PA in the amount of $584,534.52, as nearly as same can now be computed.

27.     On or about July 17, 2012, salvors reached the Vessel.  General Average was declared on or about August 8, 2012.

28.     The Vessel owner has asserted that it is entitled to recover from Deltech their proportionate share(s) of alleged General Average expenses, and has sought a declaratory judgment that it is entitled to General Average contributions from Deltech.   For the reasons

5

stated herein below Deltech denies any allegation that they are liable to contribute in General Average.

29.    On or about September 9, 2012, the Vessel arrived and was re-delivered by salvors to the Vessel owners and NSB at Wilhelmshaven, Germany, where certain cargo was discharged and the investigation into the cause of the casualty began.

30.    The Plaintiffs and Claimants in this proceeding have asserted in pleadings that the cause of the fire and/or explosion was the "polymerization and self-heating of the DVB." While those allegations have been and continue to be denied by Deltech, if Deltech's DVB did undergo polymerization, as alleged, and played any role in causing the fire and/or explosions aboard the vessel, such polymerization would not have occurred had the DVB been stored on deck, as Deltech instructed, or not been subjected to heating by Rubicon's hot DPA liquid cargo, and/or other cargoes, during the course of the voyage.

31.    The casualty, losses, damages, injuries, and destruction resulting there from were not caused or contributed to by any acts or omissions of Deltech Corporation, but rather, were caused or contributed to by want of care, design, neglect, fault and privity on the part of  BDP and of Rubicon as set forth below.

32.    By reason of the Casualty aboard the Vessel, Deltech has suffered damages and exposure to third-party claims, including damage to the Vessel, cargo, property, salvage claims, wrongful death and survivorship claims; General Average expenses; and claims for indemnity and contribution from other parties to this lawsuit, in an estimated aggregate amount in excess of US $100 million.

## THIRD-PARTY CLAIMS AGAINST BDP

### First Cause of Action Against BDP
### (Indemnification and/or Contribution)

33.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

34.     The Casualty board the Vessel was due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of claimant BDP.

35.     The Casualty aboard the Vessel was not caused or contributed to by any act, omission, fault or neglect on the part of Deltech, its agents, servants or employees.

36.     The Casualty and all of Deltech's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of BDP and/or its agents, without any fault of Deltech or its agents contributing thereto; and therefore, BDP should be held solely and/or jointly liable to Deltech for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

37.     In the event that Deltech are nevertheless held liable to any party to this action, or any other party to any other proceeding in the United States or abroad arising out of or relating to the subject casualty, said liability being expressly denied by Deltech, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of BDP, or their officers, agents, servants, and employees and, therefore, Deltech should be granted full recovery over and against, and be indemnified by, or secure contribution from BDP for all sums so recovered against Deltech, including attorneys' fees, expenses, interest, and costs.

7

### Second Cause Of Action Against BDP
**(General Negligence)**

38.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

39.     The Casualty was not caused or contributed to by any fault or neglect on the part of Deltech, but was caused in whole, or in part, by BDP's failure to properly care for and transport Deltech's cargo.

40.     The Casualty was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of BDP.  Said conduct includes, but is not limited to, providing incorrect or incomplete instructions that led to the improper loading of dangerous cargos below deck contrary to specific instruction, which was known by BDP prior to and at the time of the Casualty.

41.     The Casualty and all of Deltech's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of BDP and/or its agents, without any fault of Deltech or its agents contributing thereto; and therefore, BDP should be held solely and/or jointly liable to Deltech for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

42.     In the event that Deltech are nevertheless held liable to any party to this action, or any other party to any other proceeding in the United States or abroad arising out of or relating to the subject casualty, said liability being expressly denied by Deltech, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of BDP, or their officers, agents, servants, and employees and, therefore, Deltech should be granted full

8

recovery over and against, and be indemnified by, or secure contribution from BDP for all sums so recovered against Deltech, including attorneys' fees, expenses, interest, and costs.

### Third Cause Of Action Against BDP
**(Failure to Warn)**

43.    Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

44.    BDP, as freight  forwarder and/or shipper was obligated to adequately warn and/or inform all interested parties as to the inherently dangerous nature of cargo being shipped and specifically to inform the carrier of the instructions for carriage given by Deltech to Stolt.

45.    BDP failed to adequately warn and/or inform the carrier and/or its subcontractors, of the inherently dangerous, inflammable and/or explosive nature of certain cargo, and to convey, thus making BDP strictly liable for all damages and expenses, directly or indirectly, arising out of or resulting from such shipment pursuant to 46 U.S.C. §30701 note §4(6) (formerly, 46 U.S.C. §1304(6)) and any and all other applicable law.

46.    As a result of BDP's failure to adequately warn and/or inform the carrier or its subcontractors, or the inherently dangerous nature of certain cargo, certain cargo was improperly stowed aboard the Vessel causing and contributing to the Casualty.

47.    The Casualty and all of Deltech's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of BDP and/or its agents, without any fault of Deltech or its agents contributing thereto; and therefore, BDP should be held solely and/or jointly liable to Deltech for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

48.     In the event that Deltech are nevertheless held liable to any party to this action, or any other party to any other proceeding in the United States or abroad arising out of or relating to the subject casualty, said liability being expressly denied by Deltech, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of BDP, or their officers, agents, servants, and employees and, therefore, Deltech should be granted full recovery over and against, and be indemnified by, or secure contribution from BDP for all sums so recovered against Deltech, including attorneys' fees, expenses, interest, and costs.

### Fourth Cause Of Action Against BDP
**(Strict Liability)**

49.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

50.     Deltech denies that its cargo of DVB caused or contributed to the casualty, but should be concluded that the DVB caused or contributed to the casualty, BDP was obligated and duty-bound, regardless of knowledge, to insure that the cargo of DVB was properly stowed and stored at all times while said cargo was being transported.  Contrary to the handling instructions provided to Stolt and BDP, the DVB cargo was not stored or stowed in accordance with specific shipping instructions.

51.     As a result of BDP's failure to ensure that DVB was properly transported, stowed, and stored, BDP's own negligence acts and/or omissions caused or contributed to the Casualty.

52.     The Casualty and all of Deltech's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of BDP and/or its agents, without any fault of Deltech or its agents contributing thereto; and therefore, BDP should be held solely and/or jointly liable to Deltech for all liability, losses, and

damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

53. In the event that Deltech are nevertheless held liable to any party to this action, or any other party to any other proceeding in the United States or abroad arising out of or relating to the subject casualty, said liability being expressly denied by Deltech, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of BDP, or their officers, agents, servants, and employees and, therefore, Deltech should be granted full recovery over and against, and be indemnified by, or secure contribution from BDP for all sums so recovered against Deltech, including attorneys' fees, expenses, interest, and costs.

### Fifth Cause Of Action Against BDP
**(Breach of Contract)**

54. Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

55. Deltech Corporation and/or Deltech Europe LTD. were the third-party beneficiaries of any and all contracts or agreements between Stolt and BDP regarding the goods shipped aboard the Vessel as described in the paragraph herein.

56. National Union Fire Insurance Company of Pittsburgh, PA, at all material times herein, was and is the insurer of Deltech's cargo and, as such, is subrogated to the rights of Deltech.

57. Deltech's cargo was delivered to MSC, Stolt and Newport in actual good order and condition for transportation and delivery as contracted for in the bills of lading issued by MSC, Stolt and Newport.

58. Neither MSC, Stolt nor Newport delivered Deltech's cargo.

11

59. Deltech denies that its cargo of DVB caused or contributed to the casualty, but if it should be concluded that the DVB caused or contributed to the casualty, BDP was obligated and duty-bound, regardless of knowledge, to insure that the cargo of DVB was properly stowed and stored at all times while said cargo was being transported. Contrary to the handling instructions provided to Stolt and BDP, the DVB cargo was not stored or stowed in accordance with specific shipping instructions.

60. As a result of BDP's failure to ensure that DVB was properly transported, stowed, and stored, BDP's own negligence acts and/or omissions caused or contributed to a Casualty.

61. By reason of the foregoing, Deltech is entitled to a judgment in their favor against BDP jointly and severally, in the sum of $584,534.52, together with interest on that sum and their costs, and for indemnity for all such sums for which they may be found liable to contribute as General Average, and such other and further relief as to this Court shall appear just and proper in the premises.

**WHEREFORE,** Deltech prays that:

a. Judgment be entered in favor of Deltech as against BDP, dismissing all claims whatsoever against Deltech, including all cross-claims and counterclaims;

b. BDP to be liable to Deltech for indemnity and for all such sums for which Deltech may be found liable as a result of any third-party claims, including attorney's fees, interest, costs and disbursements;

c. Judgment be entered in favor of Deltech's as against BDP for contribution toward any losses or damages suffered by Deltech as a result of any third-party claims recovered against Deltech, including legal fees and disbursements incurred in defense of third-party claims;

d. Judgment be entered in Deltech's favor as against BDP in the sum of $584,534.52, together with interest and costs;

e. Judgment be entered in Deltech's favor declaring that Deltech is not liable for the payment of any contribution in General Average or for any sum that may be stated by the General Average Adjuster in any General Average Adjustment that may eventually be issued in connection with this casualty;

f. Judgment be entered in favor of Plaintiffs and Claimants against BDP (see attached Schedule of Claims Against Deltech to be Answered by BDP International, Inc., BDP International, NV, and/or Rubicon, LLC and Exhibit 1 hereto); and

g. Judgment be entered in favor of Deltech for such other and further relief as this Court deems just and proper.

## THIRD-PARTY CLAIMS AGAINST RUBICON

### First Cause of Action Against Rubicon
**(Negligence)**

62.     Deltech reiterates, repeats and realleges the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

63.     Rubicon's failure to properly describe and identify the dangerous characteristics of the DPA cargo, including that it was being shipped at an elevated temperature and therefore was a risk to temperature sensitive cargo, such as DVB, constitute negligent acts and omissions. In the event that Deltech's DVB cargo polymerized and contributed to causing the explosion and/or fire on board the MV MSC FLAMINIA, as alleged, Rubicon's negligent acts and omissions directly caused this event and all of the resulting damages.  Accordingly, Rubicon is

13

liable to Deltech for the loss of its DVB cargo for any losses or damages that Deltech has or will suffer in the form of exposure to the claims and counter-claims asserted against Deltech in this litigation and related litigation by the plaintiffs, cargo claimants, salvage claimants and claims for general average.

64.     Rubicon possessed superior knowledge of the nature, properties and qualities of their DPA liquid cargo, especially the dangers that it would cause to other heat sensitive cargoes, and yet negligently failed to disclose this information to plaintiffs, MSC, vessel personnel, Deltech and others.

65.     The fire and explosion aboard the MV MSC FLAMINIA occurred without any fault or responsibility of Deltech or its agents.

66.     Wherefore, Deltech is entitled: (1) to judgment on its affirmative claims for the loss of its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to be fully indemnified by Rubicon for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and (4) to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

## Second Cause Of Action Against Rubicon
### (Failure to Warn)

67.     Deltech repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if set forth herein in full.

68.     The DPA liquid cargo posed a direct danger to other cargo and to the vessel if not handled properly and stored separately from heat-sensitive cargo such as DVB.

69.     Rubicon failed to provide MSC with accurate information, including the elevated temperature of the DPA cargo, and other warnings and risks regarding the DPA cargo. Additionally, Rubicon failed to properly mark, label, categorize and provide instructions for the safe carriage of the DPA liquid cargo.

70.     The explosion and/or fire aboard the MV MSC FLAMINIA and all of the resulting losses, damages and expenses were directly caused and attributable to Rubicon's failure to provide accurate and complete information and warnings as to the nature and characteristics of the DPA and, therefore, Rubicon is liable to all parties, including Deltech, who have asserted claims in this litigation.

71.     Wherefore, Deltech is entitled to: (1) judgment on its affirmative claims for damage to its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to be fully indemnified by Rubicon for such liability and for the attorneys' fees and costs incurred by Deltech in defending such claims, and for any liabilities or expenses that Deltech may incur or be imposed relating to the salvage and/or general average claims.

### Third Cause Of Action Against Rubicon
**(Strict Liability)**

72.     Deltech repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if set forth herein at full.

73.     The DPA cargo was manufactured, packaged, prepared, shipped and placed into the stream of commerce by Rubicon and was unsafe and unreasonably dangerous and was the direct and proximate cause of the casualty aboard the MV MSC FLAMINIA described above.

74.     Rubicon, was careless, negligent, reckless and are subject to strict liability for conduct that consisted of: (a) creating, manufacturing, packaging, loading, labeling and/or supplying the DPA in a defective, unsafe and unreasonably dangerous condition which caused or was the catalyst that caused the casualty aboard the MV MSC FLAMINIA; (b) in failing to manufacture, package, ship and label the DPA in such a way as to prevent its heat from escaping its packaging; (c) by creating an unreasonably dangerous condition as referred to herein, including the serious risk of harm it posed to other cargo aboard the vessel, including Deltech's DVB; (d) in failing to adequately and properly warn the carrier of the potential hazards posed by the DPA liquid cargo; (e) in failing to provide suitable tank and containers for the safe carriage of the DPA liquid cargo; (f) in failing to warn individuals and the carriers of the unsafe and defective nature of the DPA liquid cargo; (g) in failing to ensure the packaging of the DPA liquid cargo was properly identified on the containers' placards and bills of lading that it was being shipped at an elevated temperature and, therefore, posed a risk to other cargoes and the vessel if not properly stored; and (h) any other strict liability producing conduct whether by omission or commission engaged in by Rubicon.

75.     The explosion and/or fire aboard the MV MSC FLAMINIA and all of the resulting losses, damages and expenses were directly caused by the aforesaid failures of Rubicon to provide accurate and complete information and warnings as to the nature and characteristics of the DPA and, therefore, Rubicon should be held liable to all parties who have made claims against Deltech in this litigation.

76.     Wherefore, Deltech is entitled: (1) to judgment on its affirmative claims for the loss of its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to

be fully indemnified by Rubicon for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and (4) to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

<u>**Fourth Cause Of Action Against Rubicon**</u><br>**(Negligence)**

77.     Deltech repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if set forth herein in full.

78.     Rubicon owed a duty to the MV MSC FLAMINIA, her owners, charterers, other carriers, plaintiffs, MSC, Deltech and other cargo owners to act with reasonable care in connection with its shipping of the DPA liquid cargoes.

79.     Rubicon, was careless, negligent and reckless and are, therefore, subject to strict liability for conduct that consisted of: (a) creating, manufacturing, packaging, loading, labeling and/or supplying the DPA liquid in a defective, unsafe and unreasonably dangerous condition which caused or was the catalyst that caused the casualty aboard the MV MSC FLAMINIA; (b) in failing to manufacture, package, ship and label the DPA in such a way as to prevent its heat from escaping its packaging; (c) by creating an unreasonably dangerous condition as referred to herein, including the serious risk of harm it posed to other cargo aboard the vessel, including Deltech's DVB; (d) in failing to adequately and properly warn the carrier of the potential hazards posed by the DPA liquid cargo; (e) in failing to provide suitable tank and containers for the safe carriage of the DPA liquid cargo; (f) in failing to warn individuals and the carriers of the unsafe and defective nature of the DPA liquid cargo; (g) in failing to ensure that the DPA liquid cargo was properly marked and identified on its containers' placards and noted in the bills of lading

17

that it was being shipped at an elevated temperature and, therefore, posed a risk to other cargoes and the vessel if not properly stored; and (h) any other strict liability producing conduct whether by omission or commission engaged in by Rubicon.

80.     The explosion and/or fire aboard the MV MSC FLAMINIA and all of the resulting losses, damages and expenses were directly caused by the aforesaid failures of Rubicon to provide accurate and complete information and warnings as to the nature and characteristics of the DPA and, therefore, Rubicon should be held liable to all parties who have made claims against Deltech in this litigation.

81.     Wherefore, Deltech is entitled: (1) to judgment on its affirmative claims for the loss of its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to be fully indemnified by Rubicon for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and (4)  to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

### Fifth Cause Of Action Against Rubicon
**(Breach of Warranty)**

82.     Deltech repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if set forth herein in full.

83.     Rubicon breached its implied and/or express contractual warranties in that the DPA liquid in question was defective, improperly packaged or stored, improperly heated, improperly labeled, labeled with inadequate warnings and/or inaccurate representations and otherwise unreasonably dangerous.  Further, the DPA liquid was improperly loaded into the

18

shipping containers, loaded into improper shipping containers for cargo as prepared, shipped with improper, incomplete or erroneous instructions and was generally unfit for its intended purpose or carriage aboard the MV MSC FLAMINIA.

84.     Rubicon breached its warranty of fitness for a particular purpose by negligently preparing its DPA liquid cargo for shipment aboard the MV MSC FLAMINIA in that the DPA liquid was loaded and shipped at an unreasonably high temperature thereby creating a safety risk to vessel and its cargo.

85.     Rubicon was at all times material hereto obligated to exercise due diligence and proper care in the performance of their business operations and services and to perform said operations in a safe, skillful and workman like manner.

86.     The events aboard the MV MSC FLAMINIA in July 2012 and the losses and damages resulting therefrom were caused by Rubicon's breaches of their express and implied warranties of workman-like performance related to the information and cautions provided by Rubicon and owed to the MV MSC FLAMINIA, its owners and charterers, and to the owners of the cargo aboard the vessel.

87.     The explosion and/or fire aboard the MV MSC FLAMINIA and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Rubicon to provide accurate and complete information and warnings as to the nature and characteristics of the DPA and, therefore, Rubicon should be held liable to all parties who have made claims against Deltech in this litigation.

88.     Wherefore, Deltech is entitled: (1) to judgment on its affirmative claims for the loss of its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to

be fully indemnified by Rubicon for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and (4) to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

## Sixth Cause Of Action Against Rubicon
### (Negligent Misrepresentation)

89.      Deltech repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if set forth herein in full.

90.      Rubicon, negligently misrepresented the qualities, propensities, flashpoint, loading and packaging requirements, chemical makeup, dangers posed to other cargoes, and other characteristics of the DPA liquid in question.  It further represented to the parties herein and the public that the DPA liquid was safe for shipment in accordance with the IMDG code and the labeling it affixed to its product and that it would cause no danger to the MV MSC FLAMINIA or any of its cargoes.

91.      Rubicon knew or should have known that the MV MSC FLAMINIA, its owners, charterers, operators and agents would rely upon their representations regarding the nature of the DPA liquid and how it should be properly handled and stored aboard the vessel.

92.      The July 2012 incident aboard the MV MSC FLAMINIA and the losses and damages resulting therefrom were caused by Rubicon's misrepresentations and other parties' reliance upon those misrepresentations.

93.      The explosion and/or fire aboard the MV MSC FLAMINIA and all of the resulting losses, damages and expenses aforesaid were directly caused or attributable to the aforesaid failures of Rubicon to provide accurate and complete information and warnings as to

the nature and characteristics of the DPA and, therefore, Rubicon should be held liable to all parties who have made claims against Deltech in this litigation.

94.     Wherefore, Deltech is entitled: (1) to judgment on its affirmative claims for the loss of its cargoes against Rubicon; (2) to judgment as against Rubicon on the claims asserted and potential claims which may be asserted by plaintiffs, MSC and cargo claimants herein; (3) to be fully indemnified by Rubicon for such liability, and for the attorneys' fees and costs incurred by Deltech in defending such claims; and (4) to indemnity and/or contribution with respect to any liabilities or expenses that might be incurred or imposed relating to salvage and/or general average.

WHEREFORE, Deltech respectfully requests that:

I.     This Court grant judgment in favor of Deltech and against Rubicon on these third-party claims;

II.     This Court award Deltech all costs, expenses and attorneys' fees incurred by Deltech in this action;

III.     This Court award judgment in favor of National Union Fire Insurance Company of Pittsburg PA in the sum of $584,534.52 for the loss of Deltech's cargoes, plus interest and costs;

IV.     This Court grant judgment in favor of the Plaintiff and Claimants against Rubicon (see attached Schedule of Claims Against Deltech to be Answered by BDP International, Inc., BDP International, NV, and/or Rubicon, LLC and Exhibit 1 hereto ); and

V.    This Court grant such other, further and different relief as it deems just, proper and

equitable.

Dated:  New York, New York
        July 18, 2014

                                    GIULIANO MCDONNELL & PERRONE, LLP
                                    *Attorneys for Claimant/Counter-Defendant*
                                    *Deltech Corporation*


                            By: s/*Joseph J Perrone*
                                    Joseph J. Perrone, Esq.
                                    Matthew M. Gorden, Esq.
                                    494 Eighth Avenue, 7th Floor
                                    New York, New York 10001
                                    Telephone: (646) 328-0120
                                    Facsimile:  (646) 328-0121
                                    Email:       jperrone@gmplawfirm.com
                                                 mgorden@gmplawfirm.com

                                        -    and    -

                                    KENNEDY LILLIS SCHMIDT & ENGLISH
                                    *Attorneys for Claimant*
                                    *Deltech Cargo Interest.& National Union Fire*
                                    *Ins. Co. Of Pittsburgh Pa. A/S/O Deltech*
                                    *Corporation*


                            By: s/ Charles E. Schmidt
                                    Charles E. Schmidt, Esq.



TO:      SEE ATTACHED SERVICE LIST



Casework\IE Cases\E400-Deltech\Pleadings\Deltech'sCombinedThird-PartyClaims-070314

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2014, I served true copies of the foregoing Deltech's First Amended Third-Party Complaint Against BDP International, Inc., Against BDP International, NV and Against Rubicon, LLC, via e-mail on those listed below at their e-mail addresses of record.

HILL, RIVKINS & HAYDEN LLP
*Attorneys for Plaintiffs and Claimants Trouw Nutrition USA, LLC, and RLI Corporation, et al.*
45 Broadway, Suite 1500 New York, NY 10006

Attn:   Raymond P. Hayden, Esq.           **rhayden@hillrivkins.com**
        Thomas E. Willoughby, Esq.        **twilloughby@hillrivkins.com**
        Anthony J Pruzinsky, Esq.         **apruzinsky@hillrivkins.com**
        John E. Olson, Jr., Esq.          **jolson@hillrivkins.com**
        Lauren E. Komsa, Esq.             **lkomsa@hillrivkins.com**
        Andrew J. Warner, Esq.            **awarner@hillrivkins.com**

CHALOS O'CONNOR LLP
*Attorneys for Plaintiffs Conti 11. Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & CO. KG, as operator, of the vessel MSC FLAMINIA*
366 Main Street
Port Washington, NY 11050
Attn:   Eugene J. O'Connor, Esq.          **oconnor@codus-law.com**
        Timothy Semenoro, Esq.            **tsemenoro@codus-law.com**
        Robert E. O'Connor, Esq.          **roconnor@codus-law.com**

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
*Attorneys for Plaintiffs Conti 11. Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & CO. KG, as operator, of the vessel MSC FLAMINIA*
250 Park Avenue, 7th Floor New York, NY 10177
Attn:   James E. Ryan, Esq.              **james.ryan@doughertyryan.com**

CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR LLP
*Attorneys for Claimants Satellite Logistics Group, Inc., Sea Shipping Line, Shipco Transport, Inc., Hellmann Worldwide Logistics Inc., Hellmann Worldwide Logistics S.A. de C.V., Pelorus Ocean Line Ltd., NACA Logistics (USA) Inc., and Samuel Shapiro & Company, Inc.*
61 Broadway, Suite 3000 New York, NY 10006
Attn:   Randolph H. Donatelli, Esq.       **rdonatelli@cckvt.com**
        Stephen H. Vengrow, Esq.          **svengrow@cckvt.com**
        Eric Chang, Esq.                  **echang@cckvt.com**

DUANE MORRIS LLP
*Attorneys for Plaintiffs and Claimants Eagle Paper International, Inc., Danmar Lines, Ltd., and BASF Corp., et al.*
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800 Newark, New Jersey 07102-5429
Attn:    James W. Carbin, Esq.                    **jwcarbin@duanemorris.com**

CASEY & BARNETT, LLC
*Attorneys for Claimants Swedish Fine Rice & Food AB, PS International, Ltd., Newmont Golden Ridge Ltd., Perdue Farms, Inc., Globex International, Inc., Sellari Enterprises, Inc., and Trafigura Beheer BV*
65 West 36th Street, 9th Floor New York, NY 10018
Attn:    Martin F. Casey, Esq.                    **mfc@caseybarnett.com**
         Janine E. Brown, Esq.                    **jb@caseybarnett.com**

BROWN GAVALAS & FROMM LLP
*Attorneys for Claimants and Defendants Bulkhaul Ltd. and Bulkhaul (USA) Inc.*
355 Lexington Avenue New York, NY 10017
Attn:    Peter Skoufalos, Esq.                    **pskoufalos@browngavalas.com**
         Patrick Robert O'Mea, Esq.               **pro@browngavalas.com**

CLARK, ATCHESON & REISERT
*Attorneys for Claimants Suttons International Ltd. and Suttons International (N.A.) Inc.*
7800 River Road
North Bergen, NJ 07047
Attn:    Peter D. Clark, Esq.                     **pclark@navlaw.com**

BADIAK & WILL, LLP
*Attorneys for Claimants Hartford Fire Insurance Company a/s/o Superior Manufacturing Group, Inc., and Florence Textiles, Inc.*
106 Third Street
Mineola, NY 11501-4404
Attn:    James P. Krauzlis, Esq.                  **jkrauzlis@badiakwill.com**

TABAK, MELLUSI & SHISHA
*Attorneys for Claimant Iwona Siuta as personal representative of the Estate of Cezary Siuta*
29 Broadway
New York, NY 10006
Attn:    Ralph J. Mellusi, Esq.                   **rjmellusi@sealawyers.com**

LIPMAN & BOOTH LLP
*Attorneys for Claimant Iwona Siuta as personal representative of the Estate of Cezary Siuta*
11 Broadway, Suite 967 New York, NY 10004
Attn:    Jason R. Margulies, Esq.                    **jmargulies@lipcon.com**

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
*Attorneys for Claimant Iwona Siuta as personal representative of the Estate of Cezary Siuta*
One Biscayne Tower, Suite 1776 2 South Biscayne Boulevard Miami, FL 33131
Attn:    Jason R. Margulies, Esq.                    **jmargulies@lipcon.com**
            Michael A. Winkleman, Esq.               **mwinkleman@lipcon.com**

GIULIANO MCDONNELL & PERRONE, LLP
*Attorneys for Claimant / Counter-Defendant Deltech Corporation*
494 Eighth Avenue 7th Floor
New York, NY 10001
Attn:    Joseph J. Perrone, Esq.                     **jperrone@gmplawfirm.com**
            Matthew M. Gorden, Esq.                  **mgorden@gmplawfirm.com**
            Nicholas P. Giuliano, Esq.               **ngiuliano@gmplawfirm.com**

HOLLAND & KNIGHT LLP
*Attorneys for Claimants Panalpina Inc. and Panalpina World Transport Ltd.*
31 West 52nd Street New York, NY 10019
Attn:    Christopher R. Nolan, Esq.                  **chris.nolan@hklaw.com**
            Kathryn B. Daly, Esq.                    **blythe.daly@hklaw.com**
            William J. Honan III, Esq.               **bill.honan@hklaw.com**

KENNEDY LILLIS SCHMIDT & ENGLISH
*Attorneys for Claimants and Defendants Deltech Europe Ltd. and National Union Fire Insurance Company of Pittsburgh, PA*
75 Maiden Lane
New York, NY 10038
Attn:    Charles E. Schmidt, Esq.                    **cschmidt@klselaw.com**

MENDES & MOUNT LLP
*Attorneys for Plaintiffs and Claimants Stolt Nielsen USA, Inc., Stolt Tank Containers BV, Stolt Tank Containers Germany GMBH, Stolt Tank Containers France SAS, and National Union Fire Insurance Company of Pittsburgh, PA*
One Newark Center, 19th Newark, NJ 07102
Attn:    Stephen V. Rible, Esq.                      **Stephen.Rible@mendes.com**

NICOLETTI HORNIG & SWEENEY
*Attorneys for Claimant Stolt Tank Containers BV*
Wall Street Plaza
88 Pine Street, 7th FL
New York, New York 10005
Attn:  John A. V. Nicoletti, Esq.          **jnicoletti@nicolettihornig.com**
       James F. Sweeney III, Esq.          **jsweeney@nicolettihornig.com**
       Jeffrey W. Binkley, Esq.            **jbinkley@nicolettihornig.com**
       Robert A. Novak, Esq.              **rnovak@nicolettihornig.com**

ROBINSON & COLE LLP
*Attorneys for Claimants and Defendants Chemtura Corporation, Chemtura Europe GmbH, and Chemtura Italy S.R.L.*
666 Third Avenue, 20th Fl. New York, NY 10017
Attn:  Joseph L. Clasen, Esq.             **jclasen@rc.com**
       Laura A. Torchio, Esq.             **ltorchio@rc.com**
       Peter R. Knight, Esq.              **pknight@rc.com**

LYONS & FLOOD, LLP
*Attorneys for Mediterranean Shipping Company, S.A.*
65 West 36th Street, 7th Floor
New York, New York 10018
Attn:  Edward P. Flood                    **eflood@lyons-flood.com**
       Jon Werner                         **jwerner@lyons-flood.com**
       Kirk M. Lyons                      **klyons@lyons-flood.com**


Dated: New York, New York
       July 18, 2014

VIRGINIA A. HARPER, ESQ.

4