UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
               :

IN RE M/V MSC FLAMINIA    :

------------------------------------------------- :
               :

**This document relates to:**    :

All Actions            :
               :
               :
               :
------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/15

**OPINION AND ORDER**

**Master File
12-cv-8892 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

Stolt Tank Containers BV and Stolt-Nielsen USA, Inc. (hereinafter collectively, "Stolt") brings this action against BASF SE, amongst others, seeking contribution, indemnification, and a determination of direct liability.  BASF SE now moves to dismiss all claims for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), insufficient process pursuant to Rule 12(b)(4), and insufficient service of process pursuant to Rule 12(b)(5).  For the reasons set forth below, BASF SE's motion is GRANTED and the claims are dismissed.

## II.   BACKGROUND

## A.   Facts

This action arises out of a July 2012 fire aboard the M/V MSC Flaminia while the vessel was crossing the Atlantic Ocean during its voyage from Louisiana to Germany.  The owner and operator of the vessel jointly filed a Complaint for Exoneration from or Limitation of Liability (the "Limitation Action") and subsequently filed cross-claims against Stolt, alleging that Stolt produced, shipped, owned, sold, and/or bought a chemical that was responsible for the explosion and fire that occurred and all of the resulting damage and losses.  In July 2014, Stolt filed cross-claims against BASF SE, a European chemical company based in Germany, and BASF Corp., its North American affiliate based in New Jersey.  The claims sounded in contribution, indemnification, and direct liability, alleging that a chemical that BASF SE purchased from BASF Corp. was stored aboard the vessel in the same hold as Stolt's chemical—where the fire purportedly originated—and that BASF's chemical caused or contributed to the fire and/or explosion aboard the ship.

### 1.   Stolt (Cross-claim Plaintiffs)

Stolt Tank Containers BV and Stolt-Nielsen USA are corporations that store and distribute large quantities of liquids.  Stolt Tank Containers BV is incorporated in The Netherlands with its principal place of business in Rotterdam,

The Netherlands.[1]  Stolt-Nielsen USA Inc. is a Delaware corporation with a place of business in Norwalk, Connecticut.[2]

### 2.    BASF SE and BASF Corp. (Cross-claim Defendants)

BASF SE is a world leader in the production and distribution of chemicals.[3]  BASF SE is a publicly traded German corporation with its principal place of business in Ludwigshafen, Germany.[4]  Stolt claims that BASF SE maintains several bank accounts in New York, that BASF SE derives a substantial amount of revenue in sales to New York entities, and that BASF SE's American Depository Receipts are available for purchase in New York.[5]  As discussed further below, Stolt also asserts that BASF Corp.'s New York contacts can be imputed to BASF SE under an agency theory.[6]

---

[1]    *See* Cross-claim ("Cross-cl.") ¶ 6.

[2]    *See id.* ¶ 8.

[3]    *See* Cross-claim Plaintiffs' Memorandum of Law in Opposition to Cross-claim Defendant's Motions to Dismiss ("Opp. Mem.") at 5.

[4]    *See id.;* Cross-cl. ¶ 2.

[5]    *See* Opp. Mem. at 19.

[6]    *See id.* at 5, 20–22.

BASF Corp., the largest affiliate of BASF SE, produces and markets chemicals in North America.[7]  BASF Corp. is a Delaware corporation with its principal place of business in Florham Park, New Jersey.[8]  The company has three offices in New York with at least one hundred employees each.[9]

Stolt asserts that BASF Corp. is BASF SE's domestic subsidiary, that the entities have "an ongoing business and/or contractual relationship,"[10] and that BASF Corp. regularly loans BASF SE money.[11]  Stolt further claims that BASF SE would likely need to establish offices in New York and in the United States if BASF Corp. did not exist.[12]

### B.    BASF SE's Motion to Dismiss

BASF SE moves to dismiss all claims, arguing that (1) the Court lacks personal jurisdiction over BASF SE because BASF SE does not have the requisite contacts with New York, nor did BASF SE consent to jurisdiction or waive the defense, (2) Stolt's process was insufficient because Stolt should have brought a

---

[7]      *See id.* at 5.

[8]      *See* Cross-cl. ¶ 1.

[9]      *See* Opp. Mem. at 5.

[10]     *Id.* at 19.

[11]     *See id.* at 22.

[12]     *See id.*

4

third-party complaint—not a cross-claim—against BASF SE, and (3) Stolt's

service of process was improper.  Stolt opposes each motion.

## III.   LEGAL STANDARD

A plaintiff has the burden of proving personal jurisdiction by a

preponderance of the evidence.[13]  When assessed on written submissions, "a

plaintiff need only allege facts constituting a prima facie showing of personal

jurisdiction to survive a Rule 12(b)(2) motion."[14]  The plaintiff may make such a

showing with "an averment of facts that, if credited, would suffice to establish

jurisdiction over the defendant."[15]  In this posture, the court must construe all

allegations in the light most favorable to the plaintiff and resolve all doubts in the

plaintiff's favor.[16]  However, "a plaintiff may not rely on 'conclusory non-fact-

specific jurisdictional allegations' to overcome a motion to dismiss."[17]

---

[13]     *See Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996).

[14]     *M & M Packaging, Inc. v. Kole*, 183 Fed. App'x 112, 114 (2d Cir. 2006)
(citation omitted).

[15]     *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30, 35 (2d Cir.
2010) (quotation marks and citation omitted).

[16]     *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).
*See also In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir.
2003) (citation omitted).

[17]     *Doe v. Delaware State Police*, No. 10 Civ. 3003, 2013 WL 1431526, at *3
(S.D.N.Y. Apr. 4, 2013) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185
(2d Cir. 1998)).

## IV.   APPLICABLE LAW

"Federal courts are to apply the personal jurisdiction rules of the forum state."[18]  A court must undertake a "two-step inquiry" to determine if it can exercise personal jurisdiction over a foreign defendant.[19]  "First, we determine whether the defendant is subject to jurisdiction under the law of the forum state – here, New York.  Second, we consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution."[20]  Additionally, there are two types of personal jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction."[21]  However, because Stolt has not alleged any facts to support a prima facie showing of specific jurisdiction, and the alleged facts do not appear to indicate that such jurisdiction exists, there is no need to address specific jurisdiction.

In addition to the merits of a personal jurisdiction challenge, a court

---

[18]     *Penguin*, 609 F.3d at 35.

[19]     *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir.), *cert. denied*, 134 S. Ct. 2888 (2014).

[20]     *Id.*

[21]     *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ,  —— U.S.——, 131 S. Ct. 2846, 2851 (2011).

must also consider the timeliness of the objection.[22]   According to Rule 12(h)(1), a "defense of lack of jurisdiction . . . is waived if it is neither made by motion . . . nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a)."[23]

### A.    General Jurisdiction

There are two grounds for general jurisdiction under New York law that are in dispute here.  *First*, under section 301 of the New York Civil Practice Law and Rules ("CPLR"), New York courts may assert general jurisdiction over a foreign corporation if the corporation is "doing business" in the State.  Under this test, a foreign corporation is amenable to suit in New York if it "'has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted.'"[24]  However, general jurisdiction only comports with due process "when a corporation's contacts with a state are 'so continuous and systematic as to render [it] essentially at home in the

---

[22]    *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982).

[23]    *Santos v. State Farm Fire & Cas. Co.* 902 F.2d 1092, 1095 (2d Cir. 1990).

[24]    *Sonera*, 750 F.3d at 224 (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33 (1990)) (alterations in original).

7

forum State.'"[25]  "[O]nly a limited set of affiliations with a forum will render a defendant" "at home" such that jurisdiction is appropriate.[26]  The paradigm instances of when a corporate defendant is "at home" are in its place of incorporation and principal place of business.[27]  Generally, "a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum."[28]  It is possible that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," but this would be an "exceptional case."[29]

     *Second*, New York courts may assert general jurisdiction over a foreign company based on the actions of its in-state domestic affiliate in situations where the relationship between the foreign parent and its subsidiary "validly suggests the existence of an agency relationship or the parent controls the subsidiary so completely that the subsidiary may be said to be simply a department

---

[25]     *Daimler AG v. Bauman*, —— U.S. —— , 134 S. Ct. 746 (2014) (quoting *Goodyear*, 131 S. Ct. at 2851).

[26]     *Id.* at 760.

[27]     *See id.*

[28]     *Sonera*, 750 F.3d at 226 (citing *Daimler*, 134 S. Ct. at 761) (alterations in original).

[29]     *Daimler*, 134 S. Ct. at 761 n.19.

of the parent."[30]   However, if imputing the in-state contacts of the domestic affiliate to the foreign parent does not render the foreign parent "at home" in the state, then there is no basis to subject the foreign parent to general jurisdiction in the state.[31]

### B.   Jurisdiction Under Rule 4(k)(2)

Absent general jurisdiction as determined by state law, federal courts may exert jurisdiction over a foreign defendant pursuant to Rule 4(k)(2), which provides for jurisdiction if (1) the claim . . . arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction is consistent with the United States Constitution and laws.

## V.   DISCUSSION

### A.   General Jurisdiction

Subjecting BASF SE to jurisdiction in New York under the "doing

---

[30]   *Koehler*, 101 F.3d at 865 (internal citation omitted).  *Accord Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 96 (2d Cir. 2000) ("In certain circumstances, jurisdiction has been predicated upon activities performed in New York for a foreign corporation by an agent . . . . [when] that New York representative renders services on behalf of the foreign corporation that . . . are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available.").

[31]   *See Daimler*, 134 S. Ct. at 760–62.  *See also Sonera*, 750 F.3d at 225 (discussing how *Daimler* has altered the scope of New York's agency-based theory of jurisdiction).

business" standard or under an agency theory would not comport with due process.

Even if BASF SE satisfies the "doing business" standard, Stolt has not alleged that

BASF SE's operations in New York are "so substantial and of such a nature as to

render the corporation at home in that State" to make this one of the "exceptional

case[s]"[32] alluded to in *Daimler AG v. Bauman*.  Stolt's agency theory similarly

fails.  To support personal jurisdiction under an agency theory, Stolt alleges that

(1) BASF Corp. is a domestic subsidiary of BASF SE,[33] (2) BASF SE regularly

borrows money from BASF Corp.,[34] (3) BASF SE regularly contracts with BASF

Corp.,[35] and (4) "BASF SE would presumably have to establish its own offices in

New York and the United States" if BASF Corp. did not exist.[36]  BASF SE

contends that this agency theory is analogous to the Ninth Circuit's approach in

*Daimler* that the Supreme Court ultimately rejected.[37]  I agree.

       In *Daimler*, the Supreme Court considered whether imputing the in-

---

[32]    *Sonera*, 750 F.3d at 761 n.19.

[33]    *See* Opp. Mem. at 5, 20–22.

[34]    *See id.* at 22.

[35]    *See id.*

[36]    *Id.*

[37]    *See* Cross-claim Defendant's Reply Memorandum of Law in Further
Support of Motions to Dismiss ("Def. Reply Mem.") at 4.

state contacts of a subsidiary corporation to its foreign corporate parent would render the foreign entity "at home" in the forum state.  There, the subsidiary's place of incorporation and principal place of business were both outside the forum state.[38]  However, the subsidiary had multiple offices throughout the forum state and its sales in the forum state accounted for 2.4% of the foreign parent's worldwide sales.[39]  The Court held that even assuming that the subsidiary is at home in the forum state and that the subsidiary's contacts can be imputed to the foreign parent, "there would still be no basis to subject [the foreign corporate parent] to general jurisdiction" in the forum state, thereby rejecting the Ninth Circuit's determination that jurisdiction existed under a broad view of agency theory.[40]

The same rationale can be applied here.  BASF SE alleges that its New York sales constitute only 0.07% of its worldwide sales[41] and that imputing BASF Corp.'s annual New York sales from 2011 through 2014 "would still amount to less than 0.87% of BASF SE's worldwide sales,"[42] which is less than the

---

[38]   *See Daimler*, 134 S. Ct. at 752.

[39]   *See id.*

[40]   *Id.* at 760.

[41]   *See* Def. Reply Mem. at 4.

[42]   *Id.* at 5.

percentage that the Supreme Court rejected as inadequate to render the foreign

parent "at home" in *Daimler*.  Stolt does not dispute these calculations.  Thus, even

assuming that BASF Corp. is "at home" in New York and that its New York

contacts can be imputed to BASF SE, BASF SE's minimal contacts with New

York do not render it "at home" here.  Further, *Daimler* "expressed doubts as to the

usefulness of an agency analysis . . . that focuses on a forum-state affiliate's

importance to the defendant."[43]  In light of these considerations, BASF SE and

BASF Corp.'s combined activities in the forum state are insufficient to overcome

the due process concerns posed by haling a foreign company into an American

court.[44]

    Stolt further contends that jurisdictional discovery should be

permitted concerning BASF SE's contacts with New York and its relationship with

BASF Corp.[45]  Because "it is hard to see why much in the way of discovery would

---

[43]    *Sonera*, 750 F.3d at 225.  *Accord Daimler*, 134 S. Ct. at 759 ("[T]he inquiry into importance stacks the deck, for it will always yield a pro-jurisdiction answer") (internal quotation marks omitted).

[44]    *Cf. Sonera*, 750 F. 3d at 225–26 (noting that even if the domestic agents' contacts could be imputed to foreign corporate defendants, "the company's contacts with New York do not come close to making it 'at home' there.").

[45]    *See* Opp. Mem. at 22.

be needed to determine where a corporation is at home,"[46] and further discovery

into the relationship between the two BASF entities would not affect the ratio of

BASF's New York sales to BASF SE's worldwide sales, Stolt's request for

jurisdictional discovery is denied.

### B.   Jurisdiction by Waiver

I next address the timeliness of BASF SE's motion to dismiss for lack

of personal jurisdiction.  "[I]n determining whether waiver or forfeiture of

objections to personal jurisdiction has occurred, 'we consider all of the relevant

circumstances.'"[47]  Stolt claims that BASF SE has waived its right to contest

personal jurisdiction by failing to assert any Rule 12 jurisdictional defenses in its

first responsive pleading and by filing a claim in the Limitation Action.[48]  Stolt

further contends that BASF SE failed to raise any Rule 12 jurisdictional defenses

in its prior motion to dismiss.[49]  In response to these contentions, BASF SE alleges

that it did not voluntarily submit to jurisdiction because the responsive pleading,

---

[46]      *Daimler*, 137 S. Ct. at 762 n.20.

[47]      *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) (quoting
*Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 61 (2d Cir. 1999)).  *Accord City of
New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011).

[48]      *See* Opp. Mem. at 7–8.

[49]      *See id.* at 9.

claim, and motion upon which Stolt relies were filed in BASF SE's name by Hill

Rivkins LLP, counsel for BASF SE's subrogated cargo insurer Basler

Sachversicherungs-Aktiengesellschaft ("Basler"), without notifying or obtaining

authorization from BASF SE.[50]  Stolt claims that by choosing to bring its

subrogation action in BASF SE's name, Basler was actually appearing as BASF

SE.[51]

      Stolt's claim, however, is not persuasive.  *First*, the parties have

stipulated that BASF SE shall be substituted with "Basler Sachversicherungs-

Aktiengesellshaft as subrogee of BASF SE" in the pleadings and claims filed in the

Limitation Action by Hill Rivkins LLP in BASF SE's name.[52]  This stipulation

makes clear that the subrogated insurer, Basler, is distinct from the insured, BASF

SE.  *Second*, although a court may impute an insured's actions to the insurer when

the insurer has paid the insured for a loss,[53] it does not follow that the actions of an

---

[50]    *See* Def. Reply Mem. at 7.

[51]    *See* Opp. Mem. at 10–14 (discussing how BASF SE, not Basler, previously filed an answer, claim, and motion in the Limitation Action without raising any Rule 12 defenses).

[52]    *See* Stipulation to Substitute Basler Sachversicherungs-Aktiengesellshaft as Subrogated Underwriter for BASF SE, at 1–2.

[53]    *See In re Complaint of Kreta Shipping, S.A.*, No. 96 Civ. 1137, 1997 WL 115428, at *3–4 (S.D.N.Y. Mar. 14, 1997) (holding that a subrogor was subject to the court's jurisdiction because the subrogee filed a claim in the action where the

14

insurer can be imputed to the insured.[54]  "Subrogation is the principle by which an insurer, having paid losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss."[55]  This is because the insurer retains an interest in any action taken by the insured to recover for the loss.  The converse is not true.  Where, as here, the insurer pays the insured for a loss and subsequently files suit against the third party legally responsible for the loss, the insured has no interest in the claim filed by its insurer.  Thus, under the facts presented here, it would be inequitable to find that Basler's appearance in BASF SE's name constitutes an appearance by BASF SE.

Stolt also asserts that BASF SE has consented to personal jurisdiction through its delay in filing the instant motion.[56]  However, "the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right."[57]

---

subrogor was the real party in interest).

[54]    *See generally American River Transp. Co. v. M/V Bow Lion*, No. Civ. A. 03-1306, 2004 WL 764181, at *3 (E.D. La. Apr. 7, 2004) (determining that the insured had not waived proper service of process based on the appearance of its insurer).

[55]    *Allstate Ins. Co. v. Choi*, No. CV-06-3870, 2007 WL 29384, at *1 n.1 (E.D.N.Y. Jan. 4, 2007) (quoting *Winkelmann v. Excelsior Ins. Co.*, 85 N.Y.2d 577, 581 (1995)).

[56]    *See* Opp. Mem. at 10, 12–13.

[57]    *Hamilton*, 197 F.3d at 61.

Typically there must also be some reasonable indication based on the defendant's conduct that the defendant will defend or resolve the dispute on the merits.[58]  No such indication exists here.  As such, Stolt's claim is without merit.

### C.     Rule 4(k)(2)

In the alternative, Stolt claims that the Court has jurisdiction over BASF SE pursuant to Rule 4(k)(2).  As the Limitation Action is based in admiralty and maritime law, it arises under federal law.  However, Stolt has not certified that BASF SE is not subject to jurisdiction in any other state.[59]  Moreover, the facts as alleged suggest that personal jurisdiction may exist elsewhere in the United States, such as in Louisiana, given that BASF SE took delivery of the chemical at issue from a BASF Corp. plant in Geismar, Louisiana, and arranged transportation of the chemical from Louisiana to Germany.[60]  Accordingly, Stolt has not alleged all of

---

[58]     *See id.*

[59]     *Cf. Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 731 (S.D.N.Y. 2010) ("[A]lthough the Court has already found that Defendants are not subject to personal jurisdiction in New York, Plaintiffs have not certified that Defendants are not subject to jurisdiction in any other state.").  If Stolt were to certify that BASF SE is not subject to jurisdiction in any other state and establish that BASF SE has sufficient contacts with the United States as a whole such that subjecting BASF SE to jurisdiction would comport with due process, this Court would reconsider its determination that personal jurisdiction does not exist under Rule 4(k)(2).

[60]     *See* Opp. Mem. at 5–6; Cross-claim Defendant's Memorandum of Law in Support of Motions to Dismiss ("Def. Mem.") at 4.

the elements required for the exercise of personal jurisdiction under Rule 4(k)(2).[61]

Stolt's request for jurisdictional discovery concerning BASF SE's contacts with the United States as a whole is also denied.[62] "Although the District Court has the discretion to authorize jurisdictional discovery, discovery is not warranted where [the] plaintiff has failed to make a prima facie showing of jurisdiction."[63]

---

[61]    Because this Court finds that this cross-claim should be dismissed for lack of personal jurisdiction, there is no need to address BASF SE's other arguments that the claim should be dismissed for insufficient process and insufficient service of process.

[62]    *See* Opp. Mem. at 23.

[63]    *Tamam*, 677 F. Supp. 2d at 733 (citing *Jazini*, 148 F.3d at 186).

## VI.   CONCLUSION

For the reasons set forth above, BASF SE's motion to dismiss is

GRANTED.  The Clerk of the Court is directed to close this motion [Docket No.

665].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 22, 2015

18

**–Appearances–**

**For Cross-claim Plaintiffs:**

John A.V. Nicoletti, Esq.
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
(212) 220-3830


**For Cross-claim Defendant BASF SE:**

Robert W. Littleton, Esq.
Dennis J. Dozis, Esq.
Littleton Joyce Ughetta Park & Kelly LLP
39 Broadway, 34th Floor
New York, NY 10006
(212) 404-5777