## *Nicoletti Hornig & Sweeney*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicoletthornig.com
WEBSITE: www.nicoletthornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
RICHARD W. STONE II
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
VAL E. WAMSER †
LINDA D. LIN ◊

JAMES E. MORRIS ∆†
DAVID S. WENGER
KRISTEN L. TEATOM †
ALI M. MANIGAT
LAURA J. O'NEILL †
CALI L. ECKLER †

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN MARYLAND

NEW JERSEY OFFICE

505 MAIN STREET, SUITE 106
HACKENSACK, NJ 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

April 30, 2015

Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan
Untied States Courthouse
40 Foley Square, Room 1620
New York, New York 10007

RE:   In Re *M/V MSC FLAMINIA* – Master File: SDNY No. 12 Civ. 8892 (SAS)

Dear Judge Scheindlin:

On behalf of Stolt Tank Containers B.V. and Stolt-Neilsen USA, Inc. ("Stolt"), we write to respectfully request a pre-motion conference on Stolt's motion for leave to amend its cross-claims against defendant Mediterranean Shipping Company ("MSC"). Stolt should be granted leave to amend because there is no prejudice to MSC while fact discovery is still ongoing.

I.   **Background**

In this action arising out of a July 2012 explosion and fire aboard the M/V MSC Flaminia, the vessel's owner and operator and other parties have made claims against Stolt and other parties. On November 7, 2013, Stolt asserted cross claims against several parties including MSC, the vessel charterer, alleging that the actions of MSC and/or its agents caused the casualty.

Stolt now seeks to amend its cross-claims against MSC to add more specificity to its agency claims. In particular, that New Orleans Terminal LLC ("NOT"), the port facility at which Stolt's cargo was loaded, acted as MSC's agent in receiving, storing, and loading the cargo. Therefore, NOT's improper storage of the cargo and NOT's knowledge of the characteristics of the cargo should be imputed to MSC.

The parties are still in the midst of extensive fact discovery, but MSC has not consented to Stolt's amendment. Stolt and MSC have exchanged correspondence and conferred to that end.

## II. Leave To Amend Typically Is Freely Granted

Your Honor's Individual Rules and Procedures state: "Leave to amend a complaint will be freely granted." (§IV(B)) That statement tracks FRCP 15(a)(2) which provides: "The court should freely give leave when justice so requires." The often-quoted Supreme Court *Foman* case on amending pleadings instructs that "this mandate is to be heeded . . . In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *see also Torres v. Knapich*, 1996 WL 692006 (S.D.N.Y. 1996) (Scheindlin, J.) ("The most common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is offered in bad faith, or for a dilatory purpose . . . No reason to deny leave to amend exists in this case."); *In Re MV Rickmers Genoa Litigation*, 622 F. Supp. 2d 56, 76-77 (S.D.N.Y. 2009) (allowing parties to amend complaints after ruling on summary judgment motion to include agency and veil piercing allegations).

The Second Circuit's holdings are in line with the liberal amendment rule of FRCP 15(a)(2) and the Supreme Court's guidance in *Foman*. *See U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("As *Foman* makes clear, and as we have determined in the past, *see State Teachers Retirement Bd.*, 654 F.2d at 855–56; *S.S. Silberblatt, Inc.*, 608 F.2d at 42–43; *Middle Atl. Utils. Co.*, 392 F.2d at 384–87, the mandate of Fed.R.Civ.P. 15(a) that leave to amend 'shall be freely given when justice so requires' requires reversal of denials of leave to amend where the challenged denial exceeds the bounds of judicial discretion."). "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Courts in the Southern District routinely allow complaints to be amended while fact discovery is ongoing. *See, e.g., Vail v. City of New York*, 2014 WL 6772264, at *17 (S.D.N.Y. Dec. 2, 2014); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 201 (S.D.N.Y. 2014); *A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F.Supp.3d 311, 321 (S.D.N.Y. 2014); *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 153 (S.D.N.Y. 2012); *Margel v. E.G.L. Gem Lab Ltd.*, 2010 WL 445192, at *13 (S.D.N.Y. Feb. 8, 2010; *Inside Radio, Inc. v. Clear Channel Commc'ns, Inc.*, 209 F. Supp. 2d 302, 308 (S.D.N.Y. 2002). Further, there are hundreds of cases, including many in the Southern District, allowing amendment of pleadings even long after discovery has concluded. *See* 6 Wright, Miller, & Kane, *Federal Practice & Procedure*, § 1488 (3d ed. 2014) ("Quite appropriately the courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation.") (collecting cases allowing parties to amend from after discovery through remand following an appeal).

## III. There Is No Reason Leave To Amend Should Be Denied

MSC's letter refusing to consent to Stolt amending its cross-claims does not provide any explanation. MSC claims that the standard for amending pleadings is "good cause" rather than

April 30, 2015
Page 3

"freely granted" – contrary to Your Honor's Individual Rules, FRCP 15(a)(2), *Foman*, and well-settled Second Circuit and Southern District precedent. MSC says the "good cause" standard of FRCP 16(b)(4) should apply because Stolt is seeking relief from the Court's October 18, 2013 scheduling order setting an October 28, 2013 deadline "for asserting claims, cross-claims, and counter-claims." (Docket # 286). This is incorrect because the FRCP 15(a) "freely granted" standard applies specifically to amending pleadings whereas the FRCP 16(b) "good cause" standard applies generally to scheduling orders. In addition, the October 18, 2013 scheduling order does not address amendments; it provides only a deadline for asserting claims.

MSC's letter does not claim *any* prejudice would arise from Stolt's proposed amendment, because there is no prejudice to MSC while the parties are still in the midst of fact discovery. An additional approximately 40 fact witness depositions have been or are being noticed, including multiple MSC witnesses, and the parties are still producing extensive additional document discovery. This is the time, during discovery, when pleadings are typically amended as parties learn additional pertinent facts.

While Stolt has long known that an MSC subsidiary, Container Marine Terminals LLC ("CMT"), and another party formed NOT in 2008 (the NOT Cooperative Working Agreement was filed with the Federal Maritime Commission in 2008 and is publicly available), Stolt first learned of the particulars of MSC's control and domination of NOT during the September and November 2014 depositions of NOT witnesses and the April 16, 2015 deposition of an MSC Executive Vice President. Those witnesses testified, among other things that: MSC formed CMT just prior to the formation of NOT; CMT funded the initial incorporation of NOT; MSC owns a majority of NOT through CMT; the chairman of NOT's board is MSC's chief operating officer; the majority of NOT's board members are MSC executives; NOT's board meetings are held at MSC's offices in New York; MSC personnel approve NOT's budget; NOT managers report to MSC executives; and at least one NOT employee is paid directly by MSC. Stolt knew none of these facts prior to those depositions.

Further, to the extent MSC claims that Stolt has long known about MSC's relationship with NOT (from the NOT Cooperative Working Agreement), MSC was equally aware that its relationship with NOT may be the subject of agency-related claims. Moreover, Stolt's original cross-claims against MSC mention that Stolt seeks to hold MSC liable for the conduct and actions of MSC and its agents, so MSC cannot claim that it never anticipated Stolt's agency claims. In any event, MSC has not and cannot explain why it would suffer any prejudice, much less undue prejudice, from Stolt's amendment of its cross-claims during the ongoing discovery phase of this litigation.

We appreciate the Court's time and attention.

Very truly yours,

NICOLETTI HORNIG & SWEENEY

By: *[signature]*

David S. Wenger

cc: All counsel (via ECF)