

JON WERNER
E-Mail: jwerner@lyons-flood.com
ADMITTED IN NEW YORK,
NEW JERSEY

LYONS & FLOOD LLP
ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 1501
NEW YORK, NY 10006
TEL  (212) 594-2400
FAX  (212) 594-4589
www.lyons-flood.com

May 1, 2015

**BY CM/ECF**

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York

Re:   *In re M/V MSC FLAMINIA*
      U.S.D.C. – S.D.N.Y., 12 Civ. 8892 (SAS) (and consolidated actions)
      Our file:  2549201

Dear Judge Scheindlin,

    We represent the defendant MSC Mediterranean Shipping Company, S.A. in the above captioned matter and wish to briefly respond to yesterday's letter from opposing counsel for the Stolt interests, David S. Wenger, Esq., concerning Stolt's request to change its crossclaim against MSC.

    MSC has two objections to Stolt's request. The first is that it is untimely. Although counsel refers to Rule 15(a) for the position that leave to amend shall be freely given, that standard is not the proper one for this request. Judge Nathan entered a Scheduling Order on October 18, 2013 (Docket #286) that provided a deadline of October 28, 2013, for all crossclaims. Given that we are well beyond that deadline, the correct standard for modifying the Court's scheduling order is that of Rule 16(b): good cause shown. *See, e.g., Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000); *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012).

    The second objection is that Stolt is incorrect in asserting that the proposed amendment would not prejudice MSC. Stolt is attempting to create the impression that the parties "are still in the midst of extensive fact discovery." In truth however, the parties are near the end of fact discovery, notwithstanding various parties belated attempts to try to extend the fact discovery period (as addressed below). This litigation has been ongoing since late 2012 and Stolt was sued in this matter as far back as May 2013. Stolt filed their original crossclaim against MSC on July 1, 2013 (Docket # 165) and subsequently filed another set of crossclaims against MSC on November 7, 2013 (Docket # 325). Since that time, 37 fact depositions have taken place, including two depositions of NOT representatives who were subpoenaed by Stolt in July of 2014.

NEW YORK        NEW JERSEY        CONNECTICUT

Now nearly a year after Stolt subpoenaed NOT documents and witnesses, and after numerous MSC depositions have already been conducted, Stolt wants to introduce an entirely new theory of liability against MSC. This theory is not just an expansion of Stolt's "agency claims" against MSC, as Stolt is trying to suggest – it is an entirely novel theory attempting to go beyond ordinary agent-principal law, to attempt to impute **all** knowledge and actions on the part of NOT (which is clearly a separate legal entity) to MSC, regardless of the circumstances (such as whether NOT was acting as MSC's agent at the time or the scope of the agency relationship). In essence, Stolt is almost trying to do something akin to piercing the corporate veil – the proposed amendments speak in terms of domination and control for example.

Stolt never raised these issues prior to making this request and they were not the focus of the depositions taken of NOT personnel. Thus, to allow Stolt to amend their crossclaims at this stage of the proceedings may require re-deposing NOT representatives, and further documents discovery connected to Stolt's new theories of liability. Thus, Stolt's application would prejudice not just MSC, but all the parties, by impeding the orderly completion of fact discovery in this case.

The deadline for fact discovery is June 30. When she granted the last extension in June 2014 (Docket #516), Judge Nathan admonished the parties that "Based on the information before the Court, it is the Court's view that this is more time than necessary to complete fact discovery. Although the Court will grant this amount of time, the parties are forewarned that this deadline will not change. To the extent that the Court grants applications by Deltech or any other parties to add claims, the addition of such claims will not change the June 30, 2015 deadline." (Emphasis in original.)

Counsel for Deltech Corp. (the manufacturer of the chemical that MSC contends caused the explosion, which was booked via Stolt) has recently advised all counsel that, in light of this deadline, in his view 38 depositions, noticed by various parties, need to be scheduled for next month.

In short, some counsel have been sitting on their hands and are now at the eleventh hour trying to refine their theories of the case. Stolt's request is of a piece with that, and its request to put in a new pleading should be denied.

If the Court has any questions, or needs any further information concerning this letter, we would be happy to respond promptly.

Respectfully yours,

**Lyons & Flood, LLP**

By: Jon Werner

**VIA E-MAIL**

cc: Chambers of Hon. Shira A. Scheindlin
All counsel of record

U:\FLOODDOC\2549201\Correspondence\Scheindlin 01 ltr.doc