John A.V. Nicoletti, Esq.
NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Telephone:   (212) 220-3830
Facsimile:    (212) 220-3780
E-mail: jnicoletti@nicolettihornig.com
NH&S File No.: 28000040 JAVN

Stephen V. Rible, Esq.
MENDES & MOUNT LLP
750 Seventh Avenue
New York, NY 10019
Tel: (212) 261-8000
Fax: (212) 261-8750
E-mail: Stephen.Rible@mendes.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 11.CONTAINER SCHIFFAHRTS-GMBH & CO. KG MS "MSC FLAMINIA," AS OWNER, AND NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, AS OPERATOR, OF THE MSC FLAMINIA FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>Plaintiffs. | § § § § § § § § § § § § § § § § | ECF CASE<br><br>12 CIV 8892 (SAS)<br><br>**STOLT'S CROSS CLAIMS AGAINST DEFENDANTS/ CLAIMANTS CHEMTURA CORPORATION, CHEMTURA ITALY S.R.L., BULKHAUL (USA) INC., BULKHAUL UK LTD., DELTECH CORPORATION, AND DELTECH EUROPE LTD., AND FIRST AMENDED CROSS CLAIMS AGAINST MEDITERRANEAN SHIPPING COMPANY S.A.** |

------------------------------------------------------

Counterclaim and Cross Claim Defendant Stolt Tank Containers BV ("Stolt"), by and

through its attorneys, Nicoletti Hornig & Sweeney, and Answering Claimants Stolt Tank

Containers B.V., Stolt Tank Containers France SAS, Stolt Nielsen USA, Inc., Stolt Tank

Containers Germany GMBH, and National Union Fire Insurance Co. of Pittsburgh, PA, in its

capacity as subrogee, as named plaintiffs in 1:13-CV-1610 and as answering claimants in 1:12-CV-8992 ("Stolt Cargo Interests" listed in attached Schedule A attached), as and for their cross claims against defendants/claimants Chemtura Corporation, Chemtura Italy S.R.L. (collectively hereinafter, "Chemtura"), Bulkhaul (USA) Inc., Bulkhaul UK Ltd. (collectively hereinafter, "Bulkhaul"), Deltech Corporation, and Deltech Europe Ltd. (collectively hereinafter, "Deltech"), and as and for their amended cross claims against defendant/claimant Mediterranean Shipping Company S.A. ("MSC"), allege upon information and belief as follows:

1)      At all relevant times mentioned herein, Chemtura Corporation was and still is a corporation or other legal entity organized and existing under the laws of the State of Delaware and with its principal place of business in Middlebury, Connecticut.

2)      At all relevant times mentioned herein, Chemtura Italy S.R.L. was and still is a corporation or other legal entity organized and existing under foreign law with its principal place of business in Latina Scalo, Italy.

3)      At all relevant times mentioned herein, Bulkhaul (USA) Inc. was and still is a corporation or other legal entity organized and existing under the laws of the State of Delaware and with its principal place of business in Cranford, New Jersey.

4)      At all relevant times mentioned herein, Bulkhaul UK Ltd. was and still is a corporation or other legal entity organized and existing under foreign law with its principal place of business in Middlebrough, UK.

5)      At all relevant times mentioned herein, Deltech Corporation was and still is a corporation organized and existing under the laws of the State of Delaware with a place of business at 11911 Scenic Highway, Baton Rouge, Louisiana 78807.

6)      At all relevant times mentioned herein, Deltech Europe Ltd. was and still is a corporation or other legal entity organized and existing under foreign law with its principal place of business in Suffolk, UK.

7)      At all relevant times mentioned herein, MSC was and still is a business entity duly organized and existing under the laws of Switzerland with an office and place of business in Geneva, Switzerland.

8)      At all relevant times mentioned herein, Stolt was and still is a corporation organized and existing under the laws of The Netherlands with a place of business in Rotterdam, The Netherlands.

9)      This is an action within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

10)     By virtue of filing Claims and/or Answers to the Complaint for Exoneration From or Limitation of Liability [Docket No. 1] herein, Chemtura, Bulkhaul, Deltech and MSC are subject to the Court's personal jurisdiction and, therefore, venue is proper in this District.

## BACKGROUND FACTS

11)     Chemtura and/or Bulkhaul were, and are, the producers, manufacturers, owners, consignees, sellers, exporters, testers, packers, stuffers, packagers, labelers, shippers, carriers and/or exporters of certain cargoes of Diphenylamine ("DPA") that were carried aboard the M/V MSC FLAMINIA during the subject voyage.

12)     Deltech Corporation and/or Deltech Europe Ltd. were, and are, the producers, manufacturers, owners, consignees, sellers, exporters, testers, packers, stuffers, packagers, labelers, shippers and/or exporters of certain cargoes of Divinylbenzene ("DVB") and certain

cargoes of Para-Tertiary Butylstyrene ("TBS") that were carried aboard the M/V MSC FLAMINIA during the subject voyage.

13)     MSC was, at all relevant times, the charterer of the vessel M/V MSC FLAMINIA.

14)     On or about December 7, 2012, Plaintiffs Conti 11.Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA" ("Conti"), as owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG ("NSB"), as operator, of the vessel M/V MSC FLAMINIA, filed a Complaint for Exoneration From or Limitation of Liability [Docket No. 1] in which they alleged that "[o]n or about July 14, 2012, the M/V MSC FLAMINIA was underway from Charleston, United States to Antwerp, Belgium," and that "[o]n or about July 14, 2012, a fire and explosion occurred in the M/V MSC FLAMINIA's number 4 cargo hold" (hereinafter the "Incident").

15)     On or about May 29, 2013, Plaintiffs filed counterclaims against, *inter alia*, Stolt [Docket No. 127] alleging that "certain cargoes of DVB [Divinylbenzene] which were produced, shipped, owned, sold, and/or bought by Claimants Deltech and Stolt are responsible for the explosion and fire that occurred on or about July 14, 2012 on board the M/V MSC FLAMINIA and all of the resulting damages and losses."

16)     Stolt denies Plaintiffs' allegations against it, denies any liability with respect to, arising out of, arising from, and/or in connection with the Incident and, therefore, denies any liability to Plaintiffs.

17)     To date, other parties to this lawsuit and parties to related lawsuits have filed counterclaims, cross claims and/or third-party claims against Stolt which include (but are not limited to) Mediterranean Shipping Company S.A.'s Counterclaims against Stolt [Docket No. 125], Mediterranean Shipping Company, S.A.'s Cross Claims against Stolt [Docket No. 126],

Sea Shipping Lines' Cross Claims against Stolt [Docket No. 128], Satellite Logistics Group, Inc.'s Cross Claims against Stolt [Docket No. 129], the cross claims of the parties represented in Docket No. 137, the cross claims of the parties represented in Docket No. 154, the Cross Claims of Bulkhaul Ltd. and Bulkhaul (USA) Inc. against Stolt [Docket No. 158], the Cross Claims of Suttons International Ltd. and Suttons International (N.A.) Inc. against Stolt [Docket No. 160], the Cross Claims of NACA Logistics (USA) Inc. d/b/a Vanguard Logistics Services d/b/a Direct Container Lines against Stolt [Docket No. 161], the Amended Cross Claims of NACA Logistics (USA) Inc. against Stolt [Docket No. 275], the Cross Claims of Hellmann Worldwide Logistics S.A. de C.V., Hellmann Worldwide Logistics Inc. and Pelorus Ocean Line Ltd. Against Stolt [Docket No. 168], Deltech's Cross Claims against Stolt [Docket Nos. 162 and 164], the cross claims of the parties represented  in Docket No. 169, the cross claims of Iwona Siuta against Stolt [Docket No. 186], the cross claims of Hartford Fire Insurance Company against Stolt [Docket No. 187], and Mediterranean Shipping Company, S.A.'s third-party claims in a related action pending in the United States District Court for the Southern District of New York bearing civil action no. 13 Civ. 5264, alleging that they sustained losses and/or damages, and/or have been exposed to liability, as a result of the fire and explosion aboard the M/V MSC FLAMINIA and further alleging that Stolt is liable for any such losses and/or damages sustained and/or exposure to liability, all of which Stolt expressly denies, and similar additional claims may be filed in the future.

18)     It has also been alleged by, among others, Plaintiffs Conti ll.Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA" ("Conti") and NSC Niederelbe Schiffahrtsgesellschaft MBH & Co. KG ("NSB") in Docket No. 294 that certain cargoes of DPA caused and/or contributed to the fire and/or explosion aboard the M/V MSC FLAMINIA.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CHEMTURA, BULKHAUL AND DELTECH

19)     Stolt repeats and realleges each and every allegation set forth in paragraphs
" 1" through "18" of the Cross Claims as if set forth herein at length.

20)     Chemtura, Bulkhaul and Deltech, as carriers, producers, manufacturers,
shippers, owners, sellers and/or buyers of certain dangerous cargoes, were obligated to
adequately warn and/or inform all interested parties of the inherently dangerous nature of the
respective cargoes being shipped including but not limited to the high shipping temperatures
of the DPA cargo.

21)     Chemtura, Bulkhaul and Deltech possessed superior knowledge of the nature,
properties and qualities of their respective cargoes including but not limited to the high
shipping temperatures of the DPA cargo and failed to adequately warn, inform and/or notify
MSC, vessel personnel or anyone else of their respective cargoes' true dangerous qualities of
which Chemtura, Bulkhaul and Deltech were or should have been aware.

22)     If, as has been contended, the cargoes of Chemtura, Bulkhaul and/or Deltech
caused and/or contributed to the fire and/or explosion aboard the M/V MSC FLAMINIA,
then to the extent that any party or parties to this lawsuit other than Stolt have sustained
losses and/or damages and/or have been exposed to liability, all of which are expressly
denied, such losses, damages and/or exposure to liability are directly attributable to and
caused by the strict liability conduct, failure to adequately warn or inform, negligence, fault,
neglect, want of due care, breach of warranties, express or implied, breach of contract,
wrongful acts or omissions or other misconduct and/or liability-producing conduct of
Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents,
servants and/or employees, without any fault on the part of Stolt or its agents contributing

thereto, and, therefore, Chemtura, Bulkhaul and/or Deltech should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses and damages therefrom, including legal fees and disbursements incurred in defense of third-party claims.

23)   In the event Stolt is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the subject Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the strict liability conduct, failure to adequately warn or inform, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from Chemtura, Bulkhaul and/or Deltech for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery from Defendants/Claimants.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST CHEMTURA, BULKHAUL AND DELTECH

24)   Stolt repeats and realleges each and every allegation set forth in paragraphs " 1" through "23" of the Cross Claims as if set forth herein at length.

25)   The cargoes manufactured, packaged, shipped, and put into the stream of commerce by Chemtura, Bulkhaul and/or Deltech are alleged to have been unsafe and unreasonably dangerous and the cause of the casualty aboard the M/V MSC FLAMINIA.

26) Chemtura, Bulkhaul and/or Deltech's carelessness, negligence, fault, willful conduct, recklessness, and strict liability producing conduct consisted of, *inter alia:*

    a.    Designing, testing, manufacturing, assembling, delivering, cargoes in a defective, unsafe, unreasonably dangerous, and volatile condition which caused and/or precipitated the casualty aboard the Vessel;

    b.    Failing to design, manufacture, assemble, stuff, label, insulate, and package the cargoes in such a way so as to prevent spontaneous combustion, polymerization, and/or explosion;

    c.    Creating unreasonably dangerous conditions as referenced herein which presented a serious risk of harm to others and their property;

    d.    Failing to adequately and properly test the cargoes in question;

    e.    Failing to ensure that the cargoes in question were not contaminated;

    f.    Failing to provide suitable tank containers for the safe carriage of the cargoes in question;

    g.    Failing to adequately warn individuals of the unsafe, volatile, unstable, and defective condition of the cargoes in question;

    h.    Failing to ensure that the cargoes in question were safe for shipment aboard an ocean-going vessel;

    i.    Failing to properly package the cargoes in question; and

    j.    Any other strict liability-producing conduct.

27) If, as has been contended, the cargoes of Chemtura, Bulkhaul and/or Deltech caused and/or contributed to the fire and/or explosion aboard the M/V MSC FLAMINIA, then to the extent that any party or parties to this lawsuit other than Stolt have sustained losses and/or damages and/or have been exposed to liability, all of which are expressly denied, such losses, damages and/or exposure to liability are directly attributable to and caused by the strict liability

conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees, without any fault on the part of Stolt or its agents contributing thereto, and, therefore, Chemtura, Bulkhaul and/or Deltech should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

28)     In the event Stolt is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the subject Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the strict liability conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from Chemtura, Bulkhaul and/or Deltech for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery from Defendants/Claimants.

### AS AND FOR A THIRD CROSS-CLAIM
### AGAINST CHEMTURA, BULKHAUL AND DELTECH

29)     Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "28" of the Cross Claims as if set forth herein at length.

30)     Chemtura, Bulkhaul and/or Deltech owed a duty of care to the M/V MSC FLAMINIA, her owners, charterers and non-vessel operating common carriers, and everyone involved in the venture to act with reasonable care in connection with the shipment of their cargoes.

31)     The fire and/or explosion aboard the M/V MSC FLAMINIA was caused by Chemtura, Bulkhaul and/or Deltech's carelessness, negligence, recklessness in, *inter alia:*

    a.    Designing, testing, manufacturing, assembling, delivering, packaging, packing, stuffing, labeling, and/or supplying the cargoes, in a defective, unsafe, unreasonably dangerous, and volatile condition which caused and/or precipitated the casualty aboard the Vessel;

    b.    Failing to design, manufacture, assemble, stuff, label, insulate, and package the cargoes in such a way so as to prevent spontaneous combustion, polymerization, and/or explosion;

    c.    Creating unreasonably dangerous conditions as referenced herein which presented a serious risk of harm to others and their property;

    d.    Failing to adequately and properly test the cargoes in question;

    e.    Failing to ensure that the cargoes in question were not contaminated;

    f.    Failing to provide suitable tank containers for the safe carriage of the cargoes in question;

    g.    Failing to adequately warn individuals of the unsafe, volatile, unstable, and defective condition of the cargoes in question;

    h.    Failing to ensure that the cargoes in question were safe for shipment aboard an ocean-going vessel;

    i.    Failing to properly package the cargoes in question; and

    j.    Any other careless, negligent, reckless, and unreasonable conduct.

32)     If, as has been contended, the cargoes of Chemtura, Bulkhaul and/or Deltech caused and/or contributed to the fire and/or explosion aboard the M/V MSC FLAMINIA, then to the extent that any party or parties to this lawsuit other than Stolt have sustained losses and/or damages and/or have been exposed to liability, all of which are expressly denied, such losses, damages and/or exposure to liability are directly attributable to and caused by the strict liability conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees, without any fault on the part of Stolt or its agents contributing thereto, and, therefore, Chemtura, Bulkhaul and/or Deltech should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

33)     In the event Stolt is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the subject Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the strict liability conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from Chemtura, Bulkhaul and/or Deltech for all sums so recovered against Stolt, including but not

limited to attorneys' fees, expenses, interest and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery from Defendants/Claimants.

## AS AND FOR A FOURTH CROSS-CLAIM
## AGAINST CHEMTURA, BULKHAUL AND DELTECH

34)    Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "33" of the Cross Claims as if set forth herein at length.

35)    Chemtura, Bulkhaul and/or Deltech negligently misrepresented the quality, flash point, propensities, stability, packing, temperature, testing, packaging, stowage, IMDG classification, chemical make-up, and dangers of the cargoes in question without due care to ascertain the truth or accuracy of the statements, in that they represented to the public that the cargoes were safe for shipment in accordance with the IMDG Code aboard an ocean-going vessel.

36)    Chemtura, Bulkhaul and/or Deltech knew or should have known that others, in the shipping industry would believe such representations to be true and would act in reliance thereupon.

37)    If, as has been contended, the cargoes of Chemtura, Bulkhaul and/or Deltech caused and/or contributed to the fire and/or explosion aboard the M/V MSC FLAMINIA, then to the extent that any party or parties to this lawsuit other than Stolt have sustained losses and/or damages and/or have been exposed to liability, all of which are expressly denied, such losses, damages and/or exposure to liability are directly attributable to and caused by the strict liability conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers agents, servants and/or employees, without any fault on the part of Stolt or its agents contributing

12

thereto, and, therefore, Chemtura, Bulkhaul and/or Deltech should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

38)     In the event Stolt is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the subject Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the strict liability conduct, negligence, fault, neglect, want of due care, breach of warranties, express or implied, breach of contract, wrongful acts or omissions or other misconduct and/or liability-producing conduct of Chemtura, Bulkhaul and/or Deltech, jointly or individually, and/or their officers, agents, servants and/or employees and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from Chemtura, Bulkhaul and/or Deltech for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest and costs incurred by Stolt in defending the thirdparty claims and/or pursuing recovery from Defendants/Claimants.

## AS AND FOR A FIRST CROSS-CLAIM
## <u>AGAINST MSC</u>

39)     Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "38" of the Cross Claims as if set forth herein at length.

40)     The Incident aboard the M/V MSC FLAMINIA was due to the wrongful acts, omissions, and/or other misconduct of MSC, its officers, agents, servants, and/or employees and/or the unseaworthiness of the vessel.

41)     The wrongful acts, omissions and/or other misconduct of MSC, its officers, agents, servants, and/or employees and/or the unseaworthiness of the vessel were known to MSC

13

prior to and at the time of the Incident and were at all times within the privity and knowledge of MSC.

42)    The Incident aboard the M/V MSC FLAMINIA was not caused or contributed to by any fault, negligence, or omission on the part of Stolt and/or its agents, servants, and/or employees.

43)    The Incident and the collective damages, losses, and claims arising therefrom are directly attributable to and caused by the wrongful acts, omissions, and/or other misconduct of MSC, its officers, agents, servants, and/or employees and/or the unseaworthiness of the vessel, without any fault on the part of Stolt or its agents contributing thereto, and, therefore, MSC should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses, damages, and claims arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

44)    In the event Stolt is nevertheless held liable to any party to this action, or any party to any other proceeding in the United States or abroad arising out of or relating to the Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the wrongful acts, omissions, and/or other misconduct of MSC, its officers, agents, servants, and/or employees and/or the unseaworthiness of the vessel and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from MSC for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest, and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery against MSC.

## AS AND FOR AN AMENDED SECOND CROSS-CLAIM
## <u>AGAINST MSC</u>

45)     Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of the Cross Claims as if set forth herein at length.

46)     Plaintiffs and other parties have claimed they have sustained losses as a result of the Incident that took place aboard the M/V MSC FLAMINIA and have asserted that Stolt is liable for any and all losses these parties have sustained, all of which Stolt expressly denies.

47)     To the extent that Stolt is held liable or becomes liable to pay for the losses of Plaintiffs and/or other parties, all of which is expressly denied, said losses were caused directly and proximately, in whole or in part, by the reckless, negligent, and improper storage, loading, stowing, handling, carriage, keeping and caring for, and/or consolidation of the vessel's various cargoes by MSC and its officers, agents, servants, and/or employees, all of which were committed with knowledge that damage could potentially result from the improper conduct of same, without any fault on the part of Stolt or its agents contributing thereto, and, therefore, MSC should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

48)     In the event Stolt is nevertheless held liable to any party to this action, or any party to any other proceeding in the United States or abroad arising out of or relating to the Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the reckless, negligent, and improper storage, loading, stowing, handling, carriage, keeping and caring for, and/or consolidation of the vessel's various cargoes by MSC and its officers, agents, servants, and/or employees, and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from MSC for all sums so

15

recovered against Stolt, including but not limited to attorneys' fees, expenses, interest, and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery against MSC.

## AS AND FOR AN AMENDED THIRD CROSS-CLAIM
## AGAINST MSC

49)     Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "48" of the Cross Claims as if set forth herein at length.

50)     Plaintiffs and other parties have claimed they have sustained losses as a result of the Incident that took place aboard the M/V MSC FLAMINIA and have asserted that Stolt is liable for any and all losses these parties have sustained, all of which Stolt expressly denies.

51)     To the extent that any party or parties to this lawsuit other than Stolt have sustained losses and/or damages and/or have been exposed to liability, all of which are expressly denied, such losses, damages, and/or exposure to liability are directly attributable to and caused by the recklessness, fault, neglect, errors, omissions, and/or breach of contract or warranty, express or implied, of MSC and its officers, agents, servants, and/or employees, without any fault on the part of Stolt or its agents contributing thereto, and therefore MSC should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

52)     In the event Stolt is nevertheless held liable to any party to this action, or any party to any other proceeding in the United States or abroad arising out of or relating to the Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the recklessness, fault, neglect, errors, omissions, and/or breach of contract or warranty, express or implied, of MSC and its officers, agents, servants, and/or employees, and therefore Stolt is entitled to full recovery over and against, and to be indemnified by, or secure

contribution from MSC for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest, and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery against MSC.

**AS AND FOR A FOURTH CROSS-CLAIM**
**AGAINST MSC**

53)     Stolt repeats and realleges each and every allegation set forth in paragraphs "1" through "52" of the Cross Claims as if set forth herein at length.

54)     New Orleans Terminal LLC ("NOT") was the operator of the marine terminal at the Port of New Orleans to which the cargo loaded on board the M/V MSC FLAMINIA in New Orleans for the subject voyage was delivered and from where the cargo was loaded.

55)     NOT was incorporated as a Delaware corporation on or about April 19, 2007.

56)     NOT was formed as a joint venture by two entities: (a) MSC subsidiary Container Marine Terminals, LLC ("CMT"), and (b) Ceres Gulf Inc., a marine container handler and terminal operator incorporated in Delaware and based in Pasadena, Texas.

57)     CMT was incorporated as a Delaware corporation on or about March 16, 2007, approximately one month prior to the formation of NOT.

58)     CMT is a special-purpose holding company through which MSC, directly or indirectly, at all material times, owned a majority of NOT.

59)     CMT provided the initial funding for NOT.

60)     At all material times, MSC, directly, through its subsidiary CMT, and/or through other MSC affiliates and subsidiaries, dominated and controlled NOT's management and operations including with respect to the cargo loaded on board the M/V MSC FLAMINIA.

61)     Among other things, at all material times, the general manager of NOT reported to MSC with respect to his administrative duties, including budgeting, accounting, and purchasing.

62)     At all material times, NOT's operating budgets were discussed with and submitted for approval to MSC.

63)     At all material times, at least one employee of MSC paid by MSC had offices at the facilities of NOT and provided services for NOT, effectively working for NOT.

64)     At all material times, the chairman of NOT's board of directors was Claudio Bozzo, the chief executive officer of MSC's US affiliate, Mediterranean Shipping Company (USA) Inc. ("MSC US").  Mr. Bozzo is still the chairman of NOT's board of directors, and now the chief operating officer of MSC.

65)     At all material times, NOT's board of directors was composed of at least five MSC employees, including Mr. Bozzo, which comprised a majority of NOT's board of directors.

66)     NOT's board meetings have been held at MSC US's offices in New York.

67)     In consideration for MSC's control over NOT, MSC agreed that it and its affiliates would exclusively utilize NOT to provide all stevedoring and terminal services required by MSC and its affiliates at the Port of New Orleans.

68)     In view of the foregoing, and other factual circumstances to be further developed, at all material times an agency relationship existed between MSC and NOT in which MSC acted as principal and NOT acted as agent with respect to the cargo loaded on board the M/V MSC FLAMINIA.

69)    As the principal in an agency relationship with NOT, MSC is liable for any recklessness, fault, neglect, errors, wrongful acts, omissions, and/or other misconduct of NOT resulting in losses arising the fire and/or explosion on the M/V MSC FLAMINIA.

70)    Further, as the principal in an agency relationship with NOT, any knowledge that NOT had regarding the nature of the goods shipped on board the M/V MSC FLAMINIA is imputed to MSC.

71)    The Incident aboard the M/V MSC FLAMINIA and the collective damages, losses, and claims arising therefrom are directly attributable to and caused by the recklessness, fault, neglect, errors, wrongful acts, omissions, and/or other misconduct of NOT acting as MSC's agent, without any fault on the part of Stolt or its agents contributing thereto, and, therefore, MSC should be held solely and/or jointly liable to Stolt and/or to all parties who have made or will make claims against Stolt for all liability, losses, damages, and claims arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

72)    In the event Stolt is nevertheless held liable to any party to this action, or any party to any other proceeding in the United States or abroad arising out of or relating to the Incident, said liability being expressly denied by Stolt, then such liability derives in whole or in part from the recklessness, fault, neglect, errors, wrongful acts, omissions, and/or other misconduct of NOT acting as MSC's agent, without any fault on the part of Stolt or its agents contributing thereto and, therefore, Stolt is entitled to full recovery over and against, and to be indemnified by, or secure contribution from MSC for all sums so recovered against Stolt, including but not limited to attorneys' fees, expenses, interest, and costs incurred by Stolt in defending the third-party claims and/or pursuing recovery against MSC.

## AS AND FOR A FIRST CROSS CLAIM
## AGAINST CHEMTURA, BULKHAUL, DELTECH AND MSC

73)     The Stolt Cargo Interests repeat and reiterate each and every allegation set forth in paragraphs "1" through "72" of the Cross Claims as if set forth herein at length.

74)     Stolt Tank Containers B.V., Stolt Tank Containers France SAS, Stolt Nielsen USA, Inc., Stolt Tank Containers Germany GMBH, and National Union Fire Insurance Co. of Pittsburgh, PA, in its capacity as subrogee, as named plaintiffs in 1:13-CV-1610 and as answering claimants in 1:12-CV-8992 ("Stolt Cargo Interests"), with respect to the claims asserted by the Stolt Cargo Interests in 1:13-CV-1610, and herein, and with respect to claims for contributions in General Average, including those claims for General Average Contribution presently asserted against Stolt Tank Containers, B.V. by CONTI in Docket Documents 127, 131 and 133, assert a counterclaim against the Defendants/Claimants as follows:

75)     The Stolt Cargo Interests have sustained damage, liens, expenses and other costs to Stolt cargo as a result of the M/V MSC FLAMINIA casualty for which the Stolt Cargo Interests have asserted claims in the instant limitation proceeding and herewith assert counterclaims and crossclaims against the above parties and demand judgment including interest and costs.

76)     The Stolt Cargo Interests assert claims, counterclaims and crossclaims, including contingent claims, counterclaims and crossclaims, against the named parties with respect to the aforesaid damage, and otherwise demand indemnity and/or contribution from the aforesaid parties concerning these liens, security obligations, payments, or future payments to said salvors, including interest, expenses, costs and attorneys fees.

**AS AND FOR A SECOND CROSS CLAIM**
**AGAINST CHEMTURA, BULKHAUL, DELTECH AND MSC**

77)     The Stolt Cargo Interests repeat and reiterate each and every allegation set forth in paragraphs "1" through "76" of the Cross Claim as if set forth herein at length.

78)     Stolt Tank Containers B.V., Stolt Tank Containers France SAS, Stolt Nielsen USA, Inc., Stolt Tank Containers Germany GMBH, and National Union Fire Insurance Co. of Pittsburgh, PA, in its capacity as subrogee, as named plaintiffs in 1:13-CV-1610 and as answering claimants in 1:12-CV-8992 ("Stolt Cargo Interests"), with respect to the claims asserted by the Stolt Cargo Interests  in 1:13-CV-1610, and herein, and with respect to claims for contributions in General Average, including those claims for General Average Contribution presently asserted against Stolt Tank Containers, B.V. by CONTI in Docket Documents 127, 131 and 133, assert a cross-claim against the Defendants/Claimants as follows:

79)     The Stolt Cargo Interests have incurred liens and have been required to post security, and have or will make payments to salvors in connection with salvage of Stolt cargo which was salvaged as a result of the M/V MSC FLAMINIA casualty which constitute damage to the Stolt cargoes and for which the Stolt Cargo Interests have asserted claims in the instant limitation proceeding and herewith cross-claims against the Defendant/Claimants as follows.

80)     The Stolt Cargo Interests assert claims, counterclaims and cross-claims, including contingent claims, counterclaims and cross-claims, against the Defendants/Claimants with respect to the aforesaid damage, and otherwise demand indemnity and/or contribution from the aforesaid parties concerning these liens, security obligations, payments, or future payments to said salvors, including interest, expenses, costs and attorneys fees.

81)     Stolt reserves the right to raise and assert additional cross claims against the parties named herein as well as against any other party as future discovery in this action may reveal to be just and proper.

WHEREFORE, Stolt and the Stolt Cargo Interests pray that:

A.      This Court grant judgment in favor of Stolt and the Stolt Cargo Interests and against Chemtura, Bulkhaul, Deltech and/or MSC on the Cross-Claims asserted herein;

B.      The Court award Stolt and Stolt Cargo Interests all costs and attorneys' fees of this action; and

C.      The Court grant Stolt and Stolt Cargo Interests such other and further relief as it deems just and proper.

Dated: May 29, 2015
       New York, New York

NICOLETTI HORNIG & SWEENEY

By: /s/  John A. V. Nicoletti
    John A. V. Nicoletti
    Wall Street Plaza
    88 Pine Street, Seventh Floor
    New York, New York 10005
    Tel:  (212) 220-3830
    Fax: (212) 220-3780
    E-mail: jnicoletti@nicolettihornig.com
    NH&S File No.: 28000040 JAVN

            -and-

MENDES & MOUNT LLP

By: /s/  Stephen V. Rible
    Stephen V. Rible
    750 Seventh Avenue
    New York, NY 10019
    Tel: (212) 261-8000
    Fax: (212) 261-8750
    E-mail: Stephen.Rible@mendes.com

Schedule "A" – Stolt Cargo Interests

National Union of Pittsburgh, PA , a/s/o, 175 Water Street, New York 10038

| Container Number _____ MSC B/L# B/L # | Stolt Cargo Claimants Addresses | Property/Cargo Tank Container(s) | POL | POD | Claim | Number of 20TK |
|---|---|---|---|---|---|---|
| SNTU 4002376 SNTU 4003074 _____ MSCUMQ022867 | Stolt Tank Containers BV Houston, TX (STG -HOU) Stolt Tank Containers Germany GMBH Hamburg, Germany (STCG) | | Charleston | Antwerp | $50,000 | 2 |
| CRXU 8520732 TASU 2110216 _____ MSCUMQ022941 | STC – HOU STCG | | Charleston | Antwerp | $50,000 | 2 |
| SNTU 70001649 _____ MSCUOE639577 | STC – HOU Stolt Tank Containers France, SAS, La Havre (STCF) | | New Orleans | La Havre | $25,000 | 1 |
| UTCU 4590019 OSEU 9000080 _____ MSCUOE639585 | STC- HOU STCF | | New Orleans | La Havre | $50,000 | 2 |
| EXXU 9993502 _____ MSCUOE639833 | STC – HOU STCF | | New Orleans | La Havre | $25,000 | 1 |
| SNTU 7016218 ICTU 2401333 _____ | STC HOU STCF | | New Orleans | La Havre | $50,000 | 2 |

Schedule "A" – Stolt Cargo Interests

National Union of Pittsburgh, PA , a/s/o, 175 Water Street, New York 10038

| Container Number ———— MSC B/L# B/L # | Stolt Cargo Claimants Addresses | Property/Cargo Tank Container(s) | POL | POD | Claim | Number of 20TK |
|---|---|---|---|---|---|---|
| MSCUOE639858 | | | | | | |
| UTCU 4615210 ———— MSCUOE640351 | STC HOU  Stolt Tank Containers B.V. Rotterdam, The Netherlands (STCN) | | New Orleans | La Havre | $25,000 | 1 |
| UTCU 4733737 ———— MSCUOE640393 | STC – HOU  STCN | | New Orleans | La Havre | $25,000 | 1 |
| UTCU 4597013 ———— MSCUOE640450 | STC – HOU  STCN | | New Orleans | La Havre | $25,000 | 1 |
| PRFU 4548813 ———— MSCUOE640880 | STC  - HOU  STCF | | New Orleans | La Havre | $25,000 | 1 |
| EXXU 9980338 ———— MSCUOE640922 | STC-HOU  STCF | | New Orleans | La Havre | $25,000 | 1 |
| UTCU 4553714 UTCU 4714280 UTCU 4622929 SNTU 7005110 SNTU 7202845 EXFU 0516975 USPU 1240166 ———— | Stolt Nielsen, USA, Inc. Houston, TX (SN)  STCF | | New Orleans | La Havre | $175,000 | 7 |

Schedule "A" – Stolt Cargo Interests
National Union of Pittsburgh, PA , a/s/o, 175 Water Street, New York 10038

| Container Number _____ MSC B/L# B/L # | Stolt Cargo Claimants Addresses | Property/Cargo Tank Container(s) | POL | POD | Claim | Number of 20TK |
|---|---|---|---|---|---|---|
| MSCUOE641045 | | | | | | |
| UTCU 4694538 _____ MSCUOE642241 | STC-HOU Stolt Tank Containers, BV Romford, Essex England (STC-Eng) | | New Orleans | La Havre | $25,000 | 1 |
| USPU1235792 _____ MSCUT8102208 | STC-HOU STCN | | Savannah | Antwerp | $25,000 | 1 |
| UTCU 4710686 UTCU 4712098 EXXU 9997365 SWTU 2241364 UTCU 4666686 _____ MSCUT8103404 | STC – HOU STCN | | Savannah | Antwerp | $125,000 | 5 |
| Grand Total | | | | | $ 725,000 | 29 |