UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/15

IN RE M/V MSC FLAMINIA

OPINION AND ORDER

12-cv-8892 (SAS)

-------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

On July 14, 2012, an explosion and fire broke out aboard the M/V

MSC Flaminia (the "Vessel"), resulting in the deaths of three crew members,

injuries to several others, and extensive damage to the Vessel and its cargo.[1]

This action was initiated in December 2012, and as its complicated procedural

history demonstrates, it involves a large number of entities and thorny legal issues.

Because the instant motion to dismiss concerns just two specific third-party claims

– brought by defendant/claimants Deltech Corporation, Deltech Europe, Ltd., and

National Fire Insurance Co. of Pittsburgh, PA, in its capacity as subrogee,

("Deltech") against third-party defendant BDP International, Inc. ("BDP") – I will

---

[1]     *See* Deltech's First Amended Third-Party Complaint Against BDP
("Compl.") ¶¶ 24-25, 32.

-1-

outline only those facts necessary to decide this motion.

The litigation has focused on several divinylbenzene ("DVB") cargoes aboard the Vessel at the time of the accident. Manufactured by Deltech, the DVB cargoes had been shipped through an arrangement between Deltech and Stolt Tank Containers BV ("Stolt").[2] Stolt, in turn, entered into a contract with BDP to carry out its shipping obligations.[3] The Vessel operator filed claims against Deltech and Stolt in May 2013.[4] In July 2014, Deltech asserted third-party claims against BDP seeking indemnity and contribution for BDP's role in the accident.[5]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, BDP now moves to dismiss all strict liability claims within Deltech's Third and Fourth Causes of Action.[6] For the following reasons, BDP's motion to dismiss is GRANTED in part and DENIED in part.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(6)

[2]   *See id.* ¶¶ 6, 7, 30.

[3]   *See id.* ¶¶ 6-8.

[4]   *See id.* ¶¶ 10, 28.

[5]   *See id.* ¶¶ 1, 31-32.

[6]   Although BDP's motion seeks the partial dismissal of Deltech's Second Cause of Action against BDP, the parties have resolved their dispute regarding this claim. *See* 9/21/15 Stipulation [Dkt. No. 750].

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."[7] The court evaluates the sufficiency of the complaint under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*.[8] Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[9] For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[11] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] Plausibility requires "more than

---

[7]     *Grant v. County of Erie*, 542 Fed. App'x 21, 23 (2d Cir. 2013).

[8]     *See* 556 U.S. 662, 678-79 (2009).

[9]     *Id.* at 679.

[10]    *Id.* at 678 (citation omitted).

[11]    *Id.* at 679.

[12]    *Id.* at 678 (citation omitted).

a sheer possibility that a defendant has acted unlawfully."[13] When deciding a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[14]

## B.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, other than amendments as a matter of course, "a party may amend [its pleading] only by leave of court or by written consent of the adverse party."[15] Although "[t]he Court should freely give leave when justice so requires,"[16] it is "within the sound discretion of the district court to grant or deny leave to amend."[17] When a motion to dismiss is granted, "'[i]t is the usual practice . . . to allow leave to replead.'"[18] Where a plaintiff inadequately pleads a claim and cannot offer additional

---

[13]    *Id.* (quotation marks omitted).

[14]    *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[15]    *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks and citation omitted).

[16]    Fed. R. Civ. P. 15(a)(2).

[17]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).

[18]    *Schindler v. French*, 232 Fed. App'x 17, 19 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

-4-

substantive information to cure the deficient pleading, granting leave to replead is futile.[19] Additionally, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)."[20]

## II. APPLICABLE LAW

The Carriage of Goods by Sea Act ("COGSA")[21] "is fundamentally concerned with efficiently and equitably allocating the contractual rights and obligations of carriers and shippers."[22] As part of this statutory scheme, COGSA provides that "[for g]oods of an inflammable, explosive or dangerous nature . . . whereof the carrier . . . has not consented with knowledge of their nature and character, . . . the shipper of such goods shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment."[23] Accordingly, "[s]hippers are strictly liable for loss caused by inherently dangerous shipments where neither the shipper nor the carrier appreciates that the cargo is

---

[19] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

[20] *Lucente v. International Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

[21] *See* 46 U.S.C. § 1301 *et seq.*

[22] *In re M/V Rickmers Genoa Litig.*, 622 F. Supp. 2d 56, 67 (S.D.N.Y. 2009).

[23] 46 U.S.C. § 1304(6).

-5-

inherently dangerous."²⁴ Because a non-vessel operating common carrier

("NVOCC") acts "as a shipper in its relationship with an ocean common carrier," it

"may be held strictly liable as a shipper of dangerous goods" under COGSA.²⁵

As COGSA applies only to carriers and shippers, "COGSA does not

apply to . . . freight forwarder[s]."²⁶ "A freight forwarder" is an entity who

"simply facilitates the movement of cargo to the ocean vessel," serving as a "travel

agent" for the goods.²⁷ As a result, "[a] freight forwarder's liability . . . is limited

to liability for negligence in supervising the transport of cargo."²⁸ An "NVOCC, in

contrast, does not merely arrange for transportation of goods, but takes on the

---

²⁴    *Contship Containerlines, Ltd. v. PPG Indus., Inc.*, 442 F.3d 74, 77 (2d Cir. 2006) (citing *Senator Linie Gmbh & Co. v. Sunway Line, Inc.*, 291 F.3d 145, 148 (2d Cir. 2002)).

²⁵    *Scholastic Inc. v. M/V Kitano*, 362 F. Supp. 2d 449, 457 (S.D.N.Y. 2005) (citing 46 U.S.C. § 1702(17)(B)).

²⁶    *Salis v. American Exp. Lines*, 331 Fed. App'x 811, 813 (2d Cir. 2009).

²⁷    *Prima U.S. v. Panalpina, Inc.*, 223 F.3d 126 (2d Cir. 2000). *Accord id.* at 129 (further explaining that freight forwarding responsibilities include "secur[ing] cargo space with a steamship company, giv[ing] advice on governmental licensing requirements, proper port of exit and letter of credit intricacies, and arrang[ing] to have the cargo reach the seaboard in time to meet the designated vessel). *See also Norfolk S. Ry. v. Kirby*, 543 U.S. 14, 18 (2004) ("A freight forwarding company arranges for, coordinates, and facilitates cargo transport.").

²⁸    *Scholastic*, 362 F. Supp. 2d at 458 (citing 1 Thomas J. Shoenbaum, Admiralty & Mar. Law § 10-7 (4th ed.)).

-6-

responsibility of delivering the goods."[29] "If anything happens to the goods during the voyage[,] the NVOCC is liable to the [entity who provided the cargo] because of the bill of lading that it issued."[30] In light of this limitation on COGSA liability for freight forwarders, "[o]ften when the status of an intermediary as [NVOCC] or freight forwarder is disputed, the intermediary argues for freight forwarder status and its limited liability, while the plaintiff argues for [NVOCC] status and increased liability."[31]

## IV. DISCUSSION

Deltech's Third and Fourth Causes of Action contain similar allegations: that BDP should be held liable for not ensuring that the DVB cargoes were stowed and shipped safely.[32] BDP's sole argument in support of its motion to dismiss these claims is that because Deltech's "[C]omplaint alleges that BDP acted

[29] *Scholastic*, 362 F. Supp. 2d at 455.

[30] *Prima*, 223 F.3d at 129. *Cf. Talbots, Inc. v. Dynasty Intern., Inc.*, 808 F. Supp. 2d 351, 357-58 (D. Mass. 2011) (explaining that "[i]n determining whether a party acted exclusively as a freight forwarder, a court may consider . . . (1) the way the party's obligation is expressed in documents pertaining to the agreement; (2) the history of dealings between the parties; (3) the issuance of a bill of lading; and (4) how a party made its profit" (quotation marks and citations omitted)).

[31] *Scholastic*, 362 F. Supp. 2d at 468 (citations omitted).

[32] *See* Compl. ¶¶ 43-53.

-7-

as a freight forwarder and only prepared shipping documents on behalf of Deltech,

. . . BDP cannot be strictly liable for damaged caused by [the DVB cargoes]" given

that "only a shipper . . . is subject to COGSA liabilities."[33]  Deltech does not

dispute that COGSA only applies if BDP acted as a shipper with respect to the

DVB cargoes.  Deltech responds, however, that its Complaint contains sufficient

allegations to support its claims for shipper's liability against BDP.

### A.    Third Cause of Action

In the Third Cause of Action ("Failure to Warn"), Deltech alleges that

because of BDP's "failure to adequately warn" the carrier about the DVB cargoes'

dangerous nature, "BDP [is] strictly liable for all damages and expenses . . .

pursuant to [COGSA] and any and all other applicable law."[34]  Contrary to

Deltech's characterization, however, the Complaint fails to plausibly establish that

BDP acted as an NVOCC/shipper, rather than a freight forwarder, as required for

COGSA liability.  As an initial matter, the Complaint alleges that BDP became

involved with the DVB cargoes only through its contract with Stolt – the company

hired by Deltech to effectuate its DVB shipment.[35]  Further, the Complaint simply

---

[33]    BDP's Memorandum of Law in Support of Its Motion to Dismiss at 7.

[34]    Compl. ¶ 45.

[35]    *See id.* ¶ 8.

-8-

alleges that BDP's responsibilities with respect to the DVB shipment involved
"arrang[ing]" shipment,[36] "assist[ing] with" shipment,[37] "prepar[ing] shipping
documents,"[38] and "review[ing] . . . Bills of Lading prior to the transport of the
DVB"[39] – tasks that are associated with "merely arrang[ing] for transportation of
goods"[40] and inadequate to elevate a freight forwarder to NVOCC status.  (In fact,
Deltech recognizes that "*Stolt* . . . [wa]s Deltech's NVOCC" and that from the
Vessel owner's "perspective, *Stolt* [wa]s the shipper of the cargo under the . . . bill
of lading."[41])

The Complaint's only allegation regarding BDP's role as a shipper is
its impermissibly conclusory statement that "BDP [acted] as freight forwarder
and/or shipper."[42]  Accordingly, BDP's motion to dismiss with respect to Deltech's
Third Cause of Action is granted.  Deltech's COGSA claim for strict liability

---

[36]     *Id.* ¶ 9.

[37]     *Id.* ¶ 8.

[38]     *Id.* ¶ 12.

[39]     *Id.* ¶ 15.

[40]     *Scholastic*, 362 F. Supp. 2d at 455.

[41]     *See* Deltech's Memorandum of Law in Opposition to BDP's Motion
to Dismiss at 8 (emphasis added).

[42]     Compl. ¶ 44.

-9-

Case 1:12-cv-08892-KBF   Document 756   Filed 09/25/15   Page 10 of 12

within the Third Cause of Action is dismissed with leave to amend the Complaint

to adequately allege that BDP acted as an NVOCC/shipper of the DVB cargoes.

## B. Fourth Cause of Action

BDP's COGSA argument is entirely irrelevant, however, to the Fourth

Cause of Action, as this Cause of Action neither references COGSA nor seeks to

hold BDP strictly liable. Rather, the Fourth Cause of Action (somewhat

misleadingly titled "Strict Liability") alleges that due to BDP's "failure to ensure

that DVB was properly transported[,] . . . BDP should be held solely and/or jointly

liable" and "Deltech should be indemnified, or secure contribution from[,] BDP."[43]

Accordingly, BDP's motion to dismiss this claim is denied.

## V. CONCLUSION

For the foregoing reasons, BDP's motion to dismiss is GRANTED in

part and DENIED in part. With respect to the Third Cause of Action, Deltech's

COGSA strict liability claim is dismissed with leave to amend, and the remaining

claims within this cause of action survive to the extent that they assert liability

under other applicable law. With respect to the Fourth Cause of Action, Deltech's

claims survive in full. The Clerk of the Court is directed to close this motion [Dkt.

No. 621].

---

[43]     *Id.* ¶¶ 52-53.

-10-

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
             September 25, 2015

-11-

## -Appearances-

### For Deltech:

Joseph J. Perrone, Esq.
Virginia A. Harper, Esq.
Giuliano McDonnell & Perrone, LLP
494 Eighth Avenue, Seventh Floor
New York, NY 10001
(646) 328-0120

Charles E. Schmidt, Esq.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, NY 10038
(212) 430-0800

### For BDP:

James W. Johnson, Esq.
E. Michael Keating, Esq.
Ricci Tyrrell Johnson & Grey, PLLC
1515 Market Street, Suite 700
Philadelphia, PA 19107
(215) 320-3260

-12-