# Giuliano McDonnell & Perrone, LLP

| **New Jersey Office** | **New York City Office** | **Florida Office** |
|---|---|---|
| 2001 US Hwy 46 | 237 West 35th St, Suite 706 | 6615 W. Boynton Beach Blvd. |
| Suite 104 | New York, New York 10001 | No. 351 |
| Parsippany, NJ 07054 | Tel: (646) 328-0120 | Boynton Beach, FL 33437 |
| Tel: (973)-302-0120 | Fax: (646) 328-0121 | Tel: (561) 337-8816 |
| Fax: (973)-302-0121 | | Fax: (561) 337-4653 |
| | **Long Island Office** | |
| | 170 Old Country Road, Suite 608 | |
| | Mineola, New York 11501 | Joseph J Perrone, *Partner* |
| Reply to New York City | Tel: (516) 214-8448 | jperrone@gmplawfirm.com |
| | Fax: (516) 414-7905 | |
| | www.gmplawfirm.com | |

October 12, 2015

**VIA ECF and BY MAIL**
Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15C
New York, New York 10007-1312

        Re:    In re MSC FLAMINIA
                SDNY Docket: 12-civ-8892 (SAS)
                GMP File: E400

Honorable Judge Scheindlin:

       We represent Claimant Deltech Corporation ("Deltech") in the above matter. We write in reply to the opposition of Claimants Chemtura Corporation, Chemtura Italy S.R.L., Rubicon LLC and Huntsman International LLC (all collectively referred to as "Chemtura") to Deltech's motion for an order compelling Chemtura: (1) to comply with the requirements of FRCP 34 to identify how documents produced were organized; and (2) to produce documents withheld for privilege under Chemtura's Joint Defense Agreement with Bulkhaul. Chemtura's opposition has failed to show that this relief should not be granted.

**Chemtura's Failure to Comply with Fed. R. Civ. P. 34**

       In its letter in opposition dated October 8, 2015, Chemtura broadly details its process for collecting documents from custodians, which ultimately yielded documents produced in its first (March 2014) production. It states the only the "most knowledgeable individuals" were asked to "collect … records" and deposited their records into a central "repository for production," and that these documents constituted a "precise set of responsive documents." This process was described in a Fed. R. Civ. P. 30(b)(6) deposition of Jeffrey Yawman, Chemtura's Manager of Records and Litigation Support, taken by Deltech on May 18, 2015. Mr. Yawman confirmed that no parameters were given for Chemtura's "most knowledgeable individuals" to collect documents, and as a result, not only were documents not retrieved from other knowledgeable Chemtura employees, but even the employees who produced documents appear (from the most current productions) to have done little to gather documents – nothing else can explain how an initial production of 5,158 pages has grown more than 60x in their latest productions.

       The initial process employed by Chemtura was insufficient to satisfy its obligations under Fed. R. Civ. P. 34. First and foremost, Chemtura's use of only the word "Flaminia" as the search term to "backstop" the efforts of the individual custodians was not sufficient given the scope of Deltech's document demands. No document generated prior to the accident would have been detected by that search.

Most notably, the documents pre-dating the incident are those most relevant to a determination of Chemtura's liability, if any.

As part of its response to Deltech's first document demand, Chemtura could have and should have identified which documents responded to each particular document demand; instead, Chemtura's response to each of Deltech's 72 separately numbered requests was "Chemtura states that responsive documents, if any, are contained in Chemtura's production bearing bates labels CHEM000001 - CHEM005158." In the alternative, Chemtura could have identified the custodian of each document and how it was organized and maintained in the ordinary course of business. It did neither.

Noting that Chemtura failed to comply with Rule 34 and that Chemtura produced a relatively small number of documents given the complexities of this case, Deltech's counsel contacted counsel for Chemtura to challenge the sufficiency of Chemtura's production. Despite Deltech's efforts to obtain sufficient production from Chemtura, as it admits on the first page of its opposition letter, "Chemtura stood by these efforts." Deltech was required to take a Fed. R. Civ. P. 30(b)(6) deposition of Chemtura's records custodian, who confirmed the deficiencies in Chemtura's first production of just 705 documents.

It was only after the deposition of its records custodian that Chemtura and its counsel agreed that its search of documents was too narrow. The list of "knowledgeable individuals" was expanded, and our office suggested search terms for Chemtura to employ and came to an agreement with Chemtura's counsel regarding the list of search terms. At no time did we agree that Chemtura's counsel did not need to review the documents retrieved through the new search for responsiveness – indeed, we would bet that they reviewed them for privilege. Further, we never agreed that Chemtura would be relieved of its obligations under Fed. R. Civ. P. 34; which would have meant our office, with the short discovery period remaining, would voluntarily have do Chemtura's counsel's job of document review, when the obligation to do so clearly falls on Chemtura and its counsel's shoulders.

Chemtura claims that its documents were produced as they are maintained in the "ordinary course of business." However, it still fails to provide requisite information concerning the identity of the custodian of the document, the format in which the document was maintained, and a general description of the filing system from which they were recovered, as required by Rule 34. *See Pass & Seymour, Inc. v. Hubbell, Inc.*, 255 F.R.D. 331, 337 (S.D.N.Y. 2008). Not only does Chemtura fail to distinguish this and the other cases on which Deltech relied in its moving letter, but it attempts to rely on them in its opposition. A reading of *Pass* and the other cases will reveal that Chemtura must supply additional information about the documents produced. The 50 key words "provided" simply do not satisfy Rule 34.

Finally, Chemtura mischaracterizes Deltech's objections in Deltech's moving letter. In its opposition, Chemtura states that Deltech complains that the documents as produced were "useless." (Chemtura Opposition Letter, page 2, second complete paragraph). This is inaccurate. Deltech asserted in it moving papers that "in its effort to make the documents as useless as possible to Deltech, Chemtura declined to identify to which document request(s) the documents produced responded to (sic)." Clearly, what hinders Deltech's ability to use the documents – and to do so efficiently – is Chemtura's continued refusal to do what it is required to do by Rule 34, for the massive volume of documents it dumped on the parties in the last 60 days. Accordingly, Chemtura should be ordered to comply with Fed. R. Civ. P. 34 in all respects.

**All Documents that Chemtura Claims Are Subject to the JDA Should Be Produced.**

Chemtura now asserts that it will produce certain unspecified documents that it previously claimed were covered by the subject Joint Defense Agreement ("JDA"). It suggests that it will submit the others for *in camera* review. This recommendation for *in camera* review is a thinly veiled attempt to distract the Court from the fatal flaw in Chemtura's assertion of the common interest doctrine: none of the subject

documents was generated after Chemtura and Bulkhaul entered into a joint defense agreement, whether oral or written.

As a preliminary matter, the party asserting a privilege has the burden to establish that the privilege applies. *Am. Eagle Outfitters, Inc. v. Payless Shoesource, Inc.*, 2009 U.S. Dist. LEXIS 105608 at 5-7 (E.D. N.Y. 2009), *citing U.S. v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989). Chemtura's opposition has failed to demonstrate that the subject documents are protected by the JDA. It did not challenge the fact that all of the subject documents predate the written Joint Defense Agreement between Chemtura and Bulkhaul. Instead, it points to case law suggesting that a joint defense agreement may be oral.

Chemtura's implication that an oral agreement pre-existed the written joint defense agreement is unsupported by a single fact. In its opposition, Chemtura neither maintains that there was an oral agreement, nor provides the details of how it came to be or what its terms are. Thus, the only facts before the Court are that there was a written joint defense agreement dated January 22, 2014, and all the documents that Chemtura claims are privileged pre-date January 22, 2014. Further, under *HSH Nordbank v. Swerdlow*, 259 F.R.D. 64, 72 (S.D.N.Y. 2009),[1] a case cited by Chemtura, a party asserting the common interest doctrine must not only show that information was shared pursuant to a common interest, but that the statements sought to be protected were designed to further that interest. As the subject documents pre-date the joint defense agreement in issue, Chemtura has not and cannot make such a showing. Under these circumstances, the JDA does not shield any of the subject documents withheld.

In the event that the Court rejects this analysis and reviews certain of the subject documents *in camera*, it is important to note that the joint defense privilege or common interest doctrine only applies to documents containing information relevant to the common issues. *In re Rivastigmine Patent Litigation*, 2005 U.S. Dist. LEXIS 20851 at 12 (S.D.N.Y. 2005). Although the existence of adverse interests will not nullify the joint defense agreement, the privilege created by the joint defense agreement does not apply to issues that are in contention. *See Id.* (the common interest doctrine applies only insofar as interests are in fact identical; communications relating to matters as to which opposing interests are held lose any privilege). Here, the only common interest asserted by Chemtura and Bulkhaul relates to the contention that DPA did not contribute to the accident on board the MSC FLAMINIA. The interests of Chemtura regarding the shipping issues described in Deltech's moving letter remain adverse to Bulkhaul's, regardless of whether Chemtura and Bulkhaul agreed to a standstill agreement. Their agreement to forestall adjudication of their adverse claims does not serve to extend the common interest doctrine to protect interests that are adverse.

**Conclusion**

For the foregoing reasons and those expressed in Deltech's moving letter dated October 6, 2015, Deltech respectfully requests an order compelling Chemtura: (1) to comply with the requirements of Rule 34 as set forth in Deltech's moving letter; and (2) to produce documents in its Revised Privilege Log withheld on the basis that they are subject to the JDA between Chemtura and Bulkhaul.

> Respectfully submitted,
> GIULIANO, MCDONNELL & PERRONE, LLP
> Attorneys for Deltech Corporation
>
> *Joseph J. Perrone*
> Joseph J. Perrone, Esq.

cc:   All counsel of Record (Via E-mail and ECF)

---

[1] The other cases cited by Chemtura, *United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003), *and In re: Grand Jury Subpoena Duces Tecum*, 406 F. Supp. 381 (S.D.N.Y. 1975) are factually distinct from the case at bar.