# Robinson+Cole

PETER R. KNIGHT

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
pknight@rc.com
Direct (860) 275-8387

October 13, 2015

**Via ECF and By Mail**
Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15C
New York, NY 10007-1312

Re:     In Re M/V MSC Flaminia 12-CV-8892 (SAS)

Your Honor:

On behalf of Defendants Chemtura Corp., Chemtura Europe, GmbH, and Chemtura Italy S.R.L., (collectively "Chemtura") as well as Third Party Defendant Rubicon, LLC ("Rubicon"), we offer the following reply to the October 12, 2015 letter response from counsel for Deltech Corporation ("Deltech").

## I.     Chemtura's Compliance with Fed. R. Civ. P. 34

In its letter response, Deltech provides a lengthy critique of the process by which Chemtura collected documents for its *initial* production of documents responsive to Deltech's discovery requests.[1] The process by which Chemtura collected documents for its initial production is not relevant to the current inquiry before the Court, which encompasses Chemtura's *second* production of documents.[2]

---

[1] Deltech's critique mischaracterizes the testimony of Chemtura's Fed. R. Civ. P. 30(b)(6) witness, Jeffrey Yawman, and misrepresents Chemtura's willingness to structure parameters for the supplemental discovery as an admission, to conclude that Chemtura's initial production was deficient simply because Chemtura's supplemental production generated a much larger volume of documents. Prior to making its supplemental production, counsel for Chemtura alerted Deltech's counsel by letter dated May 21, 2015 that the proposed search terms would yield hundreds of thousands of hits due to the breadth of Deltech's requests. The vast majority of these documents constitute sales reports for the Chemtura product at issue in the present case, all of which are *responsive* to Deltech's requests, even if not *relevant* for purposes of the action.

[2] Chemtura also refutes Deltech's assertion that it did not identify which documents responded to each particular document demand in its initial production. In an eighteen page letter dated April 23, 2015, Chemtura did indeed identify by bates number which documents were responsive to each discovery demand, to the extent that documents were produced for a specific document request. This was feasible in light of the fact that these documents were supplied by Chemtura's subject matter experts, as contrasted to Chemtura's supplemental production, which was compiled from a centralized computer database without any limitation based on custodian.

# Robinson+Cole

Deltech's letter response also suggests that Chemtura did not review the documents produced in its second production for responsiveness. However, based on Deltech's broad discovery requests and the search terms that were agreed upon between counsel for Deltech and Chemtura, Chemtura contends that all documents yielded by these search terms are putatively responsive, even if not entirely relevant for Deltech's purposes. Most significantly for purposes of Chemtura's compliance with Fed. R. Civ. P. 34, Chemtura also refutes that it has not provided the requisite additional information regarding its second production of documents. Through its good faith efforts to identify the specific types of documents and custodians that are contained in its second production, Chemtura has provided "sufficient context to enable the plaintiffs to efficiently locate the specific information related to their requests." *Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. 2013). As explained more fully in Chemtura's letter of October 8, 2015, Chemtura did more than provide Deltech with a list of the search terms used to collect the documents. In response to Deltech's suggestion that the original custodian pool was limited, which we refute, we structured our second production on key words without limitation to specific custodians to ensure a broader cache of emails and documents were captured. Chemtura then provided Deltech with the means by which to locate documents by key word *and* custodian and organize them by category.

## II.     Deltech's Challenge to Chemtura's Assertion of the Joint Defense Privilege

In its letter response, Deltech continues to argue that the joint defense privilege between Chemtura and Bulkhaul cannot apply to any communications made prior to the execution of a joint defense agreement. Chemtura is not suggesting that a joint defense agreement can be oral, as Deltech states in its letter response, it is indeed the law. A joint defense agreement may be implied from conduct and the situation, such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants or have common interests in litigation. *See Continental Oil Co. v. United States*, 330 F.2d 347, 350 (9th Cir. 1964) (privilege applies even "without an express understanding that the recipient shall not communicate the contents thereof to others") (quotation omitted); *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996) (it may reasonably be inferred from consultation among clients and counsel allied in common legal cause that disclosures are confidential); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1203 (W.D. Wash. 2007) ("a written agreement is not required" to invoke the joint defense privilege). The documents that the JDA protects from disclosure in the present case concern privileged communications by and between Chemtura and Bulkhaul following the MSC Flaminia casualty in which the parties exchanged information regarding Chemtura's diphenylamine product that was shipped in Bulkhaul's containers. These documents fall squarely within the parameters of the joint defense privilege.

# Robinson+Cole

**Conclusion**

For the reasons stated above, Chemtura respectfully requests that the Court deny Deltech's request for an order compelling Chemtura to comply with the requirements of Fed. R. Civ. P. 34. Additionally, Chemtura respectfully requests that the Court deny Deltech's request for an order for Chemtura to produce all of the documents in its Revised Privilege Log withheld on the basis that they are subject to the JDA.

Respectfully submitted,

Peter R. Knight