# Nicoletti Hornig & Sweeney

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
RICHARD W. STONE II
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
VAL E. WAMSER †
WALTER A. KRETZ, JR.
LINDA D. LIN ◊

DAVID S. WENGER
LAURA J. O'NEILL †
PATRICK NOLAN † ∆
MICHAEL VANUNU †
CALI L. ECKLER †

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN FLORIDA

NEW JERSEY OFFICE

505 MAIN STREET, SUITE 106
HACKENSACK, NJ 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

January 7, 2016

**VIA ECF & FIRST CLASS MAIL**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   In re M/V MSC Flaminia
      Master File:   SDNY No. 1:12 Civ. 8892 (SAS)
      NH&S File:     28000040 JAVN

Dear Judge Scheindlin:

On behalf of the Stolt interests, we write to join Deltech's letter request dated December 31, 2014 (Docket Entry 790) requesting permission to conduct limited discovery of certain shippers of wood pulp cargo (i) Consolidated Plaintiff and Cross-Defendant Weyerhaeuser NR Company ("Weyerhaeuser") and (ii) Claimant, Cross-Claimant, Cross-Defendant and Counter-Defendant Fibre Source International Corp. ("Fibre Source"). Hill Rivkins, counsel for Weyerhaeuser and Fibre Source, has opposed Deltech's request in its January 4, 2016 letter (Docket 793).

As your Honor is likely aware, certain parties have alleged that divinylbenzene ("DVB") caused or contributed to the casualty aboard the MV MSC FLAMINIA (the "Vessel").[1] This allegation is based on the results of initial testing and analysis by the laboratory Intertek (commissioned by the Vessel's owners) of certain piping samples of the fire and smoke detection system in the Vessel's cargo hold number 4.

---

[1] Deltech manufactured the DVB at issue. Stolt, a non-vessel operating common carrier, helped arrange for the transportation of the DVB cargo aboard the Vessel on behalf of Deltech.

Because some parties believed that the Vessel's owner-commissioned testing and analysis of the piping samples was flawed, those parties jointly retained another laboratory, Force, to conduct independent analysis and testing of the piping samples. This was a lengthy process, despite everyone's efforts to move the process along quickly.

The preliminary results of Force's testing and analysis, released only weeks ago informally to the participating parties' experts, indicate that, based on the presence of cellulosic (plant-based) materials in the piping samples, it is possible that the wood pulp cargoes contributed to or caused the casualty. Even prior to the preliminary results from Force, Stolt had served Weyerhaeuser and Fibre Source with (i) written discovery and (ii) a request for samples. That the wood pulp cargoes were a possible contributing factor in the casualty is now more plausible given Force's recent preliminary findings. Additional discovery is now needed to further explore those preliminary findings.

Hill Rivkins, in its opposition letter argues that Deltech is not entitled to further discovery for three reasons.

First, because Deltech had long known that the German federal maritime investigative agency, the BSU, stated that wood pulp may have played a role in causing the fire. This is not correct; the BSU report simply states that the wood pulp may have provided an already existing fire with more fodder to burn. To be clear, the BSU report did not list wood pulp as being the potential cause of the casualty.

Second, Hill Rivkins argues that Deltech is not entitled to further discovery because certain written discovery was already produced. However, as set forth above, the experts will need additional discovery to further explore the expected findings in Force's final report based on the reported preliminary results.

Third, Hill Rivkins theorizes that the wood pulp cargo could not have possibly been a contributing factor to the casualty because (i) the cellulose fibers were only found in the cap of the piping, and (ii) that the wood pulp cargo is not prone to spontaneous combustion. Hill Rivkins did not provide any support for this position other than a self-serving representation. The determination of whether the wood pulp was a contributing factor is a question better left to the experts (upon receipt and review of the necessary discovery); it cannot be determined by an interested attorney.

Given that the liability exposure in this case is at least $250 million, the parties must have the opportunity to explore all potential causes of the casualty in order to allocate liability to the proper parties. Permitting the parties to explore this limited avenue of discovery outweighs any inconvenience to Weyerhaeuser and Fibre Source. Further, the existing expert discovery schedule should not be affected if this further limited fact discovery is concluded quickly.

January 7, 2016
Page 3

Respectfully Submitted,

NICOLETTI, HORNIG & SWEENEY

By: *(signature)*
John A.V. Nicoletti

JAVN/ljo/s/mm

**cc (via ECF):**

ALL COUNSEL