

# HILL RIVKINS LLP

45 Broadway, Suite 1500, New York, NY 10006-3793
Tel: 212 669-0600    Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

September 6, 2018

*__Via ECF__*
The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:    In Re M.V. MSC FLAMINIA
>        Main Docket No.: 12 Civ. 8892 (KBF)
>        Our File No.: 31351-AJP/JJS/JAS

Dear Judge Forrest:

On behalf of Cargo Claimants, we write to request a pre-motion conference regarding Cargo Claimants' contemplated motion seeking an order directing Plaintiffs, Conti 11 Container Schiffahrts-GmbH & Co. KG MS ("Conti") and Niederelbe Schiffahrtsgesellschaft GmbH & Co., K.G. ("NSB"), to accept substitute general average security in place of previously posted general average bonds and guarantees. Attached hereto is a proposed form of substitute security, and we respectfully request that Conti/NSB be directed to instruct the general average adjusters they had retained in connection with this matter to accept the proposed substitute security and cancel the previously posted general average guarantees and bonds.  Although the Court's Individual Rules of Practice do not require pre-motion conferences for matters such as this, we believe a conference might be helpful in resolving or at least narrowing the issues.

The Court will recall that the Cargo Claimants reached a settlement last year with the Stolt defendants (with participation by the Deltech defendants) to compensate the Cargo Claimants and remove them from the case.  In addition to agreeing to settlement payments based on a certain agreed percentage of the size of the cargo loss/damage claims, Stolt agreed to indemnify the Cargo Claimants for any general average obligations to which Cargo Claimants might be subject on account of the general average adjustment for the Flaminia casualty.  Stolt also has agreed to post substitute security in

NEW JERSEY
102 South Broadway
South Amboy, NJ 08879-1708
Tel: 732 838-0300  Fax: 732 316-2365
e-mail: thefirm@hillrivkins.com

TEXAS
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel: 713 222-1515  Fax: 713 222-1359
e-mail: thefirm@hillrivkins.com

CALIFORNIA
Hill Rivkins Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628-5126
Tel: 916 535-0263  Fax: 916 535-0268
e-mail: thefirm@brnlaw.com

The Honorable Katherine B. Forrest
September 6, 2018
-Page 2-

the form of the attached Letter of Undertaking (LOU) to be executed by its liability insurers for the full amount of the general average guarantees and bonds previously posted by Cargo Claimants.

The form and amount of general average security has been the subject of previous motion practice in this case. When the matter was still pending before Judge Griesa, Cargo Claimants filed a motion by way of Order to Show Cause seeking to cap the amount of general average security required to be posted in order to receive their cargoes, which then were subject to maritime liens by Conti and the salvors. (ECF Doc. No. 19). Following consideration of opposition and replies, Judge Griesa issued an Order dated March 5, 2013, capping the amount of general average and salvage security at 100% of the value of the cargoes, to be apportioned at 65% for salvage and 35% for general average. In the event the salvage claims were resolved for less than 65% of cargo value, the remainder of any security would be credited to general average. (ECF Doc. No. 31). Thereafter, Judge Griesa denied Plaintiffs' Motion for Reconsideration on April 12, 2013 (ECF Doc. No. 86).

At a subsequent conference, Judge Griesa invited the parties to submit proposed forms for general average and salvage security, to which the parties responded by letter (not filed on ECF). In response to Cargo Claimants' submission of a proposed form for security, Judge Griesa issued an order dated April 22, 2013, directing Plaintiff Conti to "Instruct its General Average Adjusters to accept security in the form of the Average Bond and Guarantee appended hereto in order to release it possessory lien on Claimants' cargo, as previously ordered by this Court on March 5, 2013". (ECF Doc. No. 92 at 1). Cargo Claimants now seek similar relief as previously granted by Judge Griesa in this matter.

Counsel for Cargo Claimants and Stolt worked diligently together over the course of the summer and early fall of 2017 to resolve all issues regarding the settlement values of each cargo for purposes of the settlement payments. Agreed values eventually were reached for each of the more than 2,000 separate cargo claims included in the case, and Stolt duly made the settlement payments to consummate the first principal component of the settlement agreement.

Even before the settlement valuation and payment process was complete, counsel for Cargo Claimants and for Stolt began working with the general average adjusters retained by Conti to determine which cargoes would remain subject to the general average adjustment (versus cargoes that were total losses, for example), and the basis for determining the amount of security that the average adjusters would continue to require for those cargoes. The parties' work continued through this year, and was completed earlier this summer, with agreement among the average adjusters, Stolt and Cargo Claimants regarding each container of cargo for which security continues to be required,



The Honorable Katherine B. Forrest
September 6, 2018
-Page 3-

and the contributory value of each of those cargoes for purposes of the general average adjustment.

The only remaining issue is the posting of substitute security by Stolt and its insurers to replace and discharge the earlier general average bonds and guarantees posted by Cargo Claimants.  As early as August 15, 2017, Stolt circulated a proposed model for substitute security, in the form of a letter of undertaking (LOU) previously accepted by Conti and/or the average adjusters on behalf of another party.  Counsel for Stolt, Conti and Cargo Claimants eventually met on October 5, 2017, to discuss the form of security to be recommended to our respective clients.  Counsel mutually agreed on that date to recommend substitute security in the form of an LOU to be executed by Stolt's liability insurers.  Thereafter, on December 22, 2017, after consultation with Cargo Claimants, counsel for Stolt circulated a full draft of a proposed LOU to counsel for Conti.  Counsel for Conti advised on January 2, 2018, that he had passed the proposed LOU onto his "clients and the GA adjuster for their review and comment".  Following completion of the discussions with the GA adjusters on the cargoes subject to security, on July 16, 2018, Cargo Claimants sent the draft of the proposed LOU, along with a schedule of cargoes to be secured, to Conti's counsel and insurers, with a copy to the GA adjusters, for final approval.  To date, no reply has been received beyond a comment from Conti's P&I insurer that it had not seen the draft LOU and schedule "until now".

Attached as Exhibit 1 hereto is the final draft of the proposed substitute LOU that Stolt and its insurers are willing to execute.  Once the substitute LOU is issued in favor of Conti "and other parties to the adventure as their interests may appear", the GA bonds and guarantees previously issued on behalf of Cargo Claimants can be cancelled, and Cargo Claimants finally can be dismissed from this action and close out their own files.  However, the delays from Conti in accepting and/or otherwise approving the proposed substitute LOU needlessly has delayed Cargo Claimants' conclusion of their involvement in this matter.

As previously determined by Judge Griesa, the Court has jurisdiction to adjudicate issues regarding the posting of GA security, including the form and amount thereof.  Judge Griesa issued his prior orders regarding GA security over the extensive arguments Conti had offered (see ECF Doc. No. 27), and concluded that reasonable security should issue in the form proposed by Cargo Claimants.  (ECF Doc. No. 92).  Judge Griesa's conclusions regarding the Court's jurisdiction to determine the reasonable amount and form of general average security should be deemed the law of the case.  *S.E.C. v. Toure*, 2013 WL 2407172, at *9 n.11 (S.D.N.Y. June 4, 2013) ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation", quoting *In re PCH Associates*, 949 F.2d 585, 592 (2d Cir. 1991)).  Accordingly, Cargo Claimants respectfully submit that this Court should exercise its sound discretion to



The Honorable Katherine B. Forrest
September 6, 2018
-Page 4-

adjudicate Cargo Claimants' application, including the extent to which the proposed substitute LOU is reasonable in the circumstances of this case.

Cargo Claimants also respectfully submit that the proposed LOU to be issued on behalf of Stolt's insurers provides reasonable security to Conti and the other interested parties of Stolt's financial responsibility for any GA obligations assessed against Cargo Claimants. *See Frederick H. Leggett & Co. v. 500 Cases of Tomatoes*, 15 F.2d 270, 272 (2d Cir. 1926) (holding that a vessel owner's refusal to accept the cargo owner's tender of "reasonable" general average security is "unreasonable"). The terms and conditions of the LOU essentially mirror the language of the GA bonds and guarantees that Judge Griesa previously had approved and that the LOU would replace. For example, the first full paragraph on the second page of the proposed LOU sets forth the commitment of Stolt's insurers to

> pay to Conti or to the average adjusters on behalf of the various parties to the adventure as their interests may appear, its respective proportionate share, as noted below, of any contribution to general average that may hereafter be ascertained to be reasonably, legally and properly due from each of the Hill Rivkins' Cargoes, or any of them, under an adjustment prepared in accordance with the provisions of the contract(s) of affreightment governing the carriage of the subject goods and which is payable in respect of said goods by the shippers or owners thereof, reserving all rights as may be relevant under the controlling charter party(ies), bill(s) of lading, sea waybill(s) or other contract(s) of carriage.

This language is drawn directly from the court-sanctioned GA bond and guarantee form, which stated that the Cargo Claimants would "pay the proper proportion of any [] general average [] that may hereafter be ascertained to be reasonably, legally and properly due … under an adjustment prepared in accordance with the contract of affreightment governing the carriage of the goods and which is payable in respect of the goods…" (ECF Doc. No. 92 at 2). The additional commitments by Stolt's insurers numbered i, ii, and iii replicate the virtually identical conditions in conditions i, ii, and iii in the court-approved bond/guarantee form.

The proposed LOU contains all the terms and conditions necessary to provide the reasonable financial security to Conti for the collection of any sums assessed against Cargo Claimants as part of the general average adjustment for the casualty. Accordingly, the Cargo Claimants respectfully submit that Conti should be ordered to direct the GA adjusters to accept the LOU as security and terminate the existing bonds and guarantees set out in the attached schedule.



The Honorable Katherine B. Forrest
September 6, 2018
-Page 5-

       We again thank the Court in advance for its courtesies in this matter, and we remain available to address any questions the Court may have.

                   Respectfully submitted,

                   HILL RIVKINS LLP

                   John J. Sullivan

CC: ALL PARTIES by ECF

