**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

IN RE M/V MSC FLAMINIA

_____

THIS DOCUMENT RELATES TO:
ALL ACTIONS

_____

**MASTER FILE**:
**12 Civ. 8892 (GBD) (SLC)**

**JOINT ELECTRONIC**
**DISCOVERY SUBMISSION**
**AND ESI ORDER**

WHEREAS, on July 19, 2019, Stolt-Nielsen USA Inc., Stolt Tank Containers B.V., Deltech Corporation, and MSC Mediterranean Shipping Company, S.A. (the "Defending Interests") served joint requests for production of documents upon Plaintiffs Conti 11 Container Schiffahrts-GmbH & Co. KG MS "MSC FLAMINIA" and NSB Niederelbe Schiffahrts Gesellschaft mbH & Co. KG ("Plaintiffs") seeking production of documents and electronically stored information ("ESI") in the possession, custody, or control of Plaintiffs, including, but not limited to documents and ESI in the possession, custody, or control of Sveriges Ångfartygs Assurans Förening / The Swedish Club ("TSC");

WHEREAS, Plaintiffs stipulated that TSC would be considered subject to discovery as if it was a named party to these proceedings, and have provided some responses to the joint requests for production of documents, and agreed to produce documents and ESI responsive to those requests, including, but not limited to, documents and ESI in the possession, custody, or control of TSC.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, that this Joint Submission and Proposed ESI Order shall be the governing document by which the parties and the Court manage the electronic discovery process in this action relevant to production of documents and ESI from TSC. The parties and the Court recognize that this Joint Electronic Discovery Submission Proposed Order is based on facts and circumstances as they are currently known to each party, that an appeal is pending, that the electronic discovery process is iterative, and that additions and modifications to this Submission and ESI Order may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action:**

   This matter arises out of the July 14, 2012 explosion and fire aboard a containership, the MV MSC FLAMINIA. Liability and damages were bifurcated, such that liability was determined by bench trial and the issue of the extent of Plaintiffs' recoverable damages is now all that remains to be litigated.

2. **Competence:**

   Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **The Court's Direction on Unresolved Issues:**

a.      **Source of Production**

Plaintiffs shall conduct a search of TSC's information storage system(s); and the file and email archive systems maintained by TSC for Mr. Johansson, Mr. Malm, Mr. Rhodin, Mr. Kahlmeter, Mr. Leissner, and Ms. Berndtsson for documents and ESI responsive to the joint requests for production of documents.  Should this search reveal additional custodians, the Defending Interests may petition the court for the addition of custodians at that time.

b.      **Search and Review**

Plaintiffs shall use the following keyword list with stemming enabled, in conducting the search of TSC's information storage systems and file and email archive systems for responsive documents and ESI:

> FLAMINIA
>
> MSFL
>
> 20120925
>
> 20120926
>
> 21020927
>
> 20100928
>
> 20120949
>
> 20120960
>
> 20121131
>
> 20121274
>
> 1498993

1328426

30234/12

To the extent such keyword terms  result in excessive unresponsive material presenting an inordinate burden, Plaintiffs shall provide a "hit report" to Defending Interests for each search keyword utilized and the parties shall meet and confer regarding a proposed solution.

As set forth below, to date, the parties have addressed the following issues:

**4.      Timing of Production:**

The parties have agreed that Plaintiffs will produce all responsive documents and ESI no later than June 26, 2020, with production to be made in batches delivered by 5 p.m. each Wednesday, together with a report regarding: (i) the amount of

materials reviewed and produced that week, (ii) the total amount of materials remaining to be reviewed, and (iii) the amount of materials estimated to be reviewed and produced in the upcoming week.

5.    **Form of Production:**

The parties have agreed that Plaintiffs will produce the TSC materials in PDF format with Bates stamps, but with spreadsheets, Powerpoint presentations, databases, video files, and other file formats not conducive to conversion to PDF to be produced in native form.

6.    **Privileged Materials:**

The parties have agreed that for all documents which are withheld from production and/or redacted for any reasons, a privilege log shall be produced disclosing the following information (to the extent applicable):

Bates number;

Date the document was created;

The author of the document;

All recipients to the document;

Attachments to the document;

The privileges that are claimed to apply; and

Sufficient description of the document to support the basis for the application of the claimed privilege.

7.    **Cost Allocation:**

The parties have agreed that each party shall bear the costs associated with its own production obligation, with no cost-shifting or cost-sharing to be applied.

The preceding constitutes the agreement(s reached, and disputes existing, (if any between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Dated: May 6, 2020


  /s Eugene J. O'Connor
Eugene J. O'Connor, Esq.
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
*Attorneys for Plaintiffs Conti 11. Container Schiffahrts-GMBH & Co. KG MS "MSC FLAMINIA", as owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & CO. KG, as operator, of the vessel MSC FLAMINIA*

  /s Lawrence K. DeMeo
Lawrence K. DeMeo, Esq.
HUNTON ANDREWS KURTH LLP
*Attorneys for Defendant Deltech Corporation*

  /s Joseph J. Perrone
Joseph J. Perrone, Esq.
GIULIANO, MCDONELL & PERRONE, LLP
*Attorneys for Claimants/Defendants Deltech Corporation and National Union Fire Insurance Company of Pittsburgh, PA*

  /s Charles E. Schmidt
Charles E. Schmidt, Esq.
KENNEDY LILLIS SCHMIDT & ENGLISH
*Attorneys for Claimants/Defendants Deltech Corporation and National Union Fire Insurance Company of Pittsburgh, PA*

  /s John A. V. Nicoletti
John A. V. Nicoletti, Esq.
NICOLETTI HORNIG & SWEENEY
*Attorneys for Claimants/Defendants Stolt Tank Containers BV and Stolt Nielsen USA, Inc.*

 /s Stephen V. Rible_____
Stephen V. Rible, Esq.
MENDES & MOUNT LLP
*Attorneys for Claimants Stolt Nielsen USA, Inc., Stolt Tank Containers BV, Stolt Tank Containers Germany GMBH, Stolt Tank Containers France SAS, and National Union Fire Insurance Company of Pittsburgh, PA*

 /s Edward P. Flood_____
Edward P. Flood, Esq.
LYONS & FLOOD, LLP
*Attorneys for Claimant/Defendant MSC MEDITERRANEAN SHIPPING COMPANY, S.A.*


Additional conferences, or written status reports, shall be set every 4 weeks. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by  letter-motion filed 48 hours in advance of a scheduled conference, if the parties agree  that there are no issues requiring Court intervention.

May 7, 2020.


SO ORDERED:

_____
Honorable Sarah L. Cave
United States Magistrate Judge