

**Attorneys At Law**

LYONS & FLOOD LLP
THE TOWERS, SUITE 206
111 GREAT NECK ROAD
GREAT NECK, NY 11021
TEL  (212) 594-2400
FAX  (212) 594-4589
www.lyons-flood.com

EDWARD P. FLOOD
E-Mail: eflood@lyons-flood.com

ADMITTED IN NEW YORK

July 6, 2023

**VIA CM/ECF**

The Honorable George B. Daniels
Senior United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:    *In re M/V MSC Flaminia*
       Docket No. 1:12-cv-08892-GBD-SLC (and consolidated actions)
       Our File No.:   2549201

Dear Judge Daniels,

We represent MSC Mediterranean Shipping Company S.A. ("MSC") in this action, and this letter concerns the next pre-trial conference, which is scheduled for July 25.

As the docket shows (ECF No. 1729), the Second Circuit last week affirmed in large part the Court's decision of September 2018 (ECF No. 1619). In brief, the appellate court upheld the trial court's determination that (1) Deltech Corporation and the Stolt parties are solely responsible for the explosion on the *Flaminia*, and (2) the ship's owner (Conti), operator (NSB), and charterer (MSC) are all entitled to full indemnification from Deltech and Stolt.

While the appeal was pending, the arbitration in London between Conti and MSC was concluded, with the arbitral panel holding MSC liable to Conti for sums in excess of $200 million. Satellite litigation on the permissible scope of damages from the explosion is presently on appeal in London.

Based on this London arbitration award, Conti obtained a judgment in the Eastern District of Louisiana against MSC. That judgment is presently on appeal in the Fifth Circuit on jurisdictional issues.

During the London arbitration, MSC, on several occasions, tendered the defense of Conti's claim to Deltech and Stolt; but they rejected the offer. MSC contends that the London award consequently binds both Deltech and Stolt. *See e.g., SCAC Transp. (USA) Inc. v. S.S. Danaos*, 845 F.2d 1157 (2d Cir. 1988).

Because the arbitral panel's determinations bind Deltech and Stolt as to Conti's damages from the explosion, the issues before Your Honor have been, we submit, greatly simplified. For example, there is no longer any need for expert discovery on vessel damage.

      Of course, we do not expect Deltech and Stolt to agree with this view. Consequently, the July 25 conference is an opportunity to discuss with Your Honor further proceedings in this matter. Before then, we will seek common ground with counsel.

      If Your Honor has any questions or needs any information concerning this letter or the forthcoming conference, we would be happy to provide Chambers with whatever might be helpful.

      Respectfully Yours,

      **Lyons & Flood, LLP**

      By:  Edward P. Flood
            Jon Werner

**VIA CM/ECF and EMAIL**

cc:    All Counsel of Record