**MONTGOMERY McCRACKEN**
ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Timothy Semenoro**<br>Admitted in New York, New Jersey | 437 Madison Avenue<br>New York, NY 10022<br>Tel: 212-867-9500 | Direct Dial: 212-551-7793<br>Fax: 212-599-5085<br>Email: tsemenoro@mmwr.com |

October 13, 2023

**_By ECF_**

Hon. George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re M/V MSC FLAMINIA* – Master File: SDNY No. 12 Civ. 8892 (GBD)(SLC)

Dear Judge Daniels,

     We are the attorneys representing plaintiffs Conti 11. Container Schiffahrts-GMBH & Co. KG MSC "FLAMINIA" ("Conti") and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG ("NSB"), the owner and operator of the M/V MSC FLAMINIA, respectively in the above referenced Limitation action. We write in response to the October 6, 2023 letter [ECF no. 1742] submitted by counsel for Stolt Tank Containers B.V. and Stolt Nielsen USA, Inc. ("Stolt") as it pertains to Conti and NSB. We note that MSC Mediterranean Shipping Company S.A. ("MSC") has already written [ECF no. 1747] in response to the same October 6th letter submitted by Stolt.

**Stolt's mischaracterizes Conti and NSB's remaining indemnity claim**

     We agree that after the trial in Phase 2 trial in 2018, the District Judge found Stolt (45%) and Deltech (55%) responsible for the casualty and further found that, pursuant to the MSC Sea Way Bill contract, Stolt and Deltech were obligated to indemnify MSC and Conti. We also agree that, while the Phase 2 order was under appeal by Stolt and Deltech, MSC and Conti engaged in arbitration in the United Kingdom under the terms of the MSC/Conti charter party.

     However, there was no "downside" for Stolt and Deltech due to the issuance of a final arbitration award. First, MSC invited Stolt and Deltech to participate. And, even though the arbitration award is in favor of Conti, Stolt and Deltech were already liable to Conti by virtue of the SDNY Phase 2 order. In short, the arbitration did not "add" indemnity claims for Conti and NSB. Instead, some of Conti's original claims against Stolt and Deltech have since been paid in part by MSC as per the arbitration award.

Montgomery McCracken Walker & Rhoads LLP

October 13, 2023
Page 2

Moreover, the arbitration panel awarded Conti certain sums in foreign currencies and pre-award interest of 5% per annum compounded quarterly. The corresponding Reasons to the arbitration award, after the submission of papers by each party, devoted 8 pages to explaining the basis for the award of 5% compounded quarterly. As indicated by MSC, some of these awarded amounts and corresponding interest have been paid to Conti by MSC's insurer.

Moreover, the District Judge in the subject actions held that New York state law applied. The New York statutory rate for prejudgment interest is simple interest at 9% per annum. Presumably, Stolt's reference to 9% per month is a mistake.

Like MSC, Conti and NSB do not agree with Stolt's positions on pre-judgment interest. As already explained by MSC, the issue of prejudgment interest was discussed during the recent conference call with Judge Cave. The parties have agreed to, and Judge Cave has already ordered, a schedule for a motion on prejudgment interest. As such, we respectfully submit that Your Honor does not need to rule on the issue of prejudgment interest on the basis of these recent letters from the parties.

**Conti and NSB have confirmed the identities of their subrogated underwriters**

Conti and NSB can recover damages on their own behalf and the behalf of their insurers. *See Ocean Ships, Inc. v. Stiles,* 315 F3d. 111, 116-117 (2nd Cir 2002).

On August 23, 2023, Conti and NSB provided to Stolt ratification letters confirming that Conti and NSB can claim on behalf of their underwriters and these same underwriters would be bound by the result. Conti and NSB again confirmed the identities of their underwriters to Stolt on September 19, 2023. In its letter to this Court, Stolt even acknowledged that the damages are claimed by "Conti and ratified by their respective insurers." So, Stolt cannot now argue that Conti and NSB have failed to identify which "ratifying insurer" is entitled to future payments.

Conti and NSB are unaware of any obligation, custom, or practice that requires Stolt to pay any of Conti and NSB's insurers directly. Instead, the Second Circuit has recognized that how a recovery is distributed is a matter for the policyholder and the insurer to determine. *See Ocean Ships*, 315 F3d. at 117.

In fact, MSC's insurer has already paid in excess of $100 million in partial payments under the UK arbitration award to Conti's English solicitors. By direction of Conti and the Swedish Club[1], these English solicitors further distributed the funds. Ultimately, portions of these funds were transferred by agreement to Conti, Junge[2], following Hull and Machinery

---

[1] The Swedish Club is Conti and NSB's Protection and Indemnity insurer and lead Hull and Machinery insurer.

[2] Junge is Conti and NSB's insurance broker and, at times, acted as a paying agent for Hull and Machinery insurers.

Montgomery McCracken Walker & Rhoads LLP

October 13, 2023
Page 3

insurers, and the Loss of Hire insurer. Thus, there is no need for Stolt to break with this established practice by paying underwriters directly.

**Conti and NSB have already provided proof of payment of underlying invoices**

Contrary to Stolt's assertions, on September 25, 2023, Conti and NSB explained to Stolt the balance still due to Conti under the UK arbitration award and Conti and NSB's remaining US claims. Updated claim summaries were also included along with additional invoices and proofs of payment.

Moreover, in terms of proofs of payment, Conti and NSB provided Stolt with a summary of the various productions of Conti, NSB, Swedish Club, and Junge proofs of payments over the years. In addition to the updated claim summaries, Conti and NBS also provided another copy of their April 14, 2022 summary of claims to further assist Stolt.

Using these summaries of claims, by Bates number, Conti and NSB has provided:

> a. the identity of the party paying as Conti, NSB, Swedish Club, or Junge;
> b. the identity of the recipient, usually a vendor or service provider;
> c. the amount of each payment in the currency used; and
> d. the date of each payment.

Having already provided Stolt with the information and documents on the identity of underwriters and proofs of payment, we respectfully submit that there is no need for the Court to order Conti and NSB to provide this information again.

**Payment of funds to the Court Registry does not stop the running of prejudgment interest**

Stolt contends in its letter that the amount to be deposited will only address the amounts awarded by the UK arbitrators. This amount will not address accrued prejudgment interest. This amount will also not address the balance of the claimed amounts that could be awarded by this Court. As such, the nearly $155 million Stolt intends to deposit with the Court Registry will be tens of millions of dollars short of the amount to which Conti and NSB believe they will be awarded. Since Conti and NSB will still not have use of the money and the amount deposited will be insufficient, prejudgment interest must continue to run.

Accordingly, like MSC, Conti and NSB reserve all of their rights and defenses as to whether or not prejudgment interest stops running on any of their claimed damages. Moreover, this issue may also be the subject of the motion that was scheduled with the assistance of Judge Cave. Therefore, we respectfully repeat that Your Honor does not need to rule on prejudgment interest issues on the basis of these recent letters from the parties.

Montgomery McCracken Walker & Rhoads LLP

October 13, 2023
Page 4

      We thank Your Honor in advance for your consideration. If there are any questions or concerns, please do not hesitate to contact the undersigned.

                                            Respectfully submitted,

                                            Montgomery McCracken
                                            Walker & Rhoads, LLP

                                            *Attorneys for Plaintiffs Conti and NSB*

                                            */s/ Timothy Semenoro*
                                            Eugene J. O'Connor
                                            Timothy Semenoro

CC by ECF to all counsel of record