UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE M/V MSC FLAMINIA

CIVIL ACTION NO.: 12 Civ. 8892 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the letter-motion of Stolt Tank Containers B.V. and Stolt Nielsen USA, Inc. (together "Stolt") for reconsideration of the Court's December 6, 2023 Order (ECF No. 1783 (the "Dec. 6 Order")), which deemed unnecessary a reply brief from Stolt in further support of its cross-motion (the "Cross-Motion") regarding Plaintiffs' entitlement to, and the law applicable to determining the amount of, prejudgment interest (the "PJI Issues"), given the identical nature of the Cross-Motion and Stolt's opposition to Plaintiffs' motion regarding the PJI Issues. (ECF No. 1785 (the "Reconsideration Request")).  Stolt argues that "depriving Stolt of the opportunity to file a separate cross-motion would seem to needlessly create another reversible error that will ultimately only further delay the resolution of this case[,]" and asks the Court "to reconsider its [Dec. 6] Order and allow Stolt to proceed with its cross-motion and so as to preserve those issues for appeal."  (Id. at 2).

As an initial matter, the Dec. 6 Order did not prevent Stolt from filing the Cross-Motion. Stolt filed the Cross-Motion, which stands.  (ECF No. 1777).  The Dec. 6 Order deemed only that a further reply from Stolt was unnecessary.

The Court presumes that Stolt did not mean any offense when it suggested that the Court is "bias[ed] toward Stolt," (ECF No. 1785 at 1), and notes that the three conferences the Court has held to address Stolt's discovery requests and three orders the Court has issued facilitating

that discovery (see ECF Nos. 1738; 1739; 1745; 1749; 1767; 1770). Nonetheless, contrary to Stolt's claims of bias, in issuing the Dec. 6 Order, the Court was mindful of the urgency Stolt had expressed about the need to resolve the PJI Issues, hence the conclusion that a further reply did not seem necessary. Allowing Stolt a further reply will of course delay the ultimate resolution of the PJI Issues, but if Stolt feels it is important to have an opportunity for a further reply, the Court will oblige, in the interest of minimizing issues for appellate review, Stolt's preference for pages over promptness. Accordingly, the Reconsideration Request is GRANTED to the extent that Stolt may file a reply by **December 29, 2023**.

Dated:      New York, New York
            December 11, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge